**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------x
ROGER BASILE,

                Plaintiff/Petitioner,

   - against -                         Index No. 600265/2020

COUNTY OF NASSAU, ETAL,

                Defendant/Respondent.
------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits** of participating in e-filing include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 01/07/2020

HEATHER STEPANEK, ESQ.
Name
NASS ROPER & LEVIN, P.C.
Firm Name

266 W37TH STEET, SUITE 801
NEW YORK, NY 10018
Address

718-775-3246
Phone

E-Mail

To: _____

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
ROGER BASILE,

                Plaintiff,

    -against-


COUNTY OF NASSAU, DET. JESSE PERKINS, PO
DANIEL MINERVINI (Serial No. 9946), PO
THOMAS GARITOTTO (Serial No. 8876), DET.
ROBERT LASHINSKY (Serial No. 7436), POLICE
OFFICER JOHN/JANE(S) *(police officers whose
identity is currently unknown)*,

                Defendant.
-----------------------------------------------------------------X

Index No.:

SUMMONS

Plaintiff designates NASSAU
COUNTY as the place of trial.

Basis of venue: CPLR 504(3)

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
              January 7, 2020

                                            NASS, ROPER & LEVIN, P.C.
                                            By: */s/ Heather Stepanek*
                                            Heather Stepanek, Esq.
                                            Attorneys for Plaintiff
                                            266 W 37th St. Ste 801
                                            New York, NY 10018
                                            718-775-3246

**Defendants' Addresses:**
Nassau County
Office of the County Attorney
1 West Street
Mineola, NY 11501

DET. JESSE PERKINS
NASSAU COUNTY POLICE DEPARTMENT
7TH PRECINCT
1490 Franklin Avenue
Mineola, NY 11501

PO DANIEL MINERVINI (Serial No. 9946)
NASSAU COUNTY POLICE DEPARTMENT
7TH PRECINCT
1490 Franklin Avenue
Mineola, NY 11501

PO THOMAS GARITOTTO (Serial No. 8876)
NASSAU COUNTY POLICE DEPARTMENT
7TH PRECINCT
1490 Franklin Avenue
Mineola, NY 11501

DET. ROBERT LASHINSKY (Serial No. 7436)
NASSAU COUNTY POLICE DEPARTMENT
7TH PRECINCT
1490 Franklin Avenue
Mineola, NY 11501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
ROGER BASILE,

                      Plaintiff,

      -against-

COUNTY OF NASSAU, DET. JESSE PERKINS, PO
DANIEL MINERVINI (Serial No. 9946), PO THOMAS
GARITOTTO (Serial No. 8876), DET. ROBERT
LASHINSKY (Serial No. 7436), POLICE OFFICER
JOHN/JANE(S) *(police officers whose identity is
currently unknown)*,
                      Defendant.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

      Plaintiff, ROGER BASILE, ("Mr. Basile" or "Plaintiff") by his attorneys, NASS ROPER & LEVIN, P.C. complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## PARTIES

    1.    Plaintiff, Mr. Basile is a resident of the State of New York.

    2.    Defendant, COUNTY OF NASSAU, (hereinafter "NASSAU COUNTY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the Nassau County Police Department, and as such is the employer of the Defendant officers herein.

    3.    Defendants DETECTIVE JESSE PERKINS, PO DANIEL MINERVINI (Serial No. 9946, PO THOMAS GARITOTTO (Serial No. 8876), DET. ROBERT LASHINSKY (Serial No. 7436), and POLICE OFFICER JOHN/JANE(S) *(police officers whose identity is currently unknown)*, (collectively "Individual Defendants") were at all relevant times hereto, officers of the

1

NASSAU COUNTY POLICE DEPARTMENT, and acted in that capacity as agents, servants, and/or employees of the NASSAU COUNTY and within the scope of their employment.

4. At all relevant times hereto, Individual Defendants were acting under the color of state and local law. Individual Defendants are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

5. On or about October 11, 2018, Mr. Basile was arrested by members of the Nassau County Police Department, including by Individual Defendants.

6. Defendants did not have probable cause to arrest Mr. Basile.

7. Defendants transported Mr. Basile to the 7th Precinct. There Mr. Basile was held in an interrogation room where he was hand cuffed to a bench.

8. While in the room Mr. Basile was threatened, beaten and struck several times by DET. JESSE PERKINS. As a result, Mr. Basile suffered a loss of consciousness, among other injuries. Other Individual Defendants did not intervene to stop DET. JESSE PERKINS. Mr. Basile was subsequently transported to Nassau University Medical Center.

9. Mr. Basile was formally charged with Grand Larceny in the 4th degree, under docket number 2018CR336070.

10. There was no probable cause to proceed with criminal proceedings. The criminal charges were eventually dismissed.

11. Plaintiff in furtherance of the stated cause of action timely filed a Notice of Claim against NASSAU COUNTY, in compliance with the Municipal Law Section 50. The Notice of Claim was timely filed.

2

12. At least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to NASSAU COUNTY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

13. A 50-h hearing pursuant to GML § 50-h was held on October 3, 2019 at 1 West Street Mineola, NY by the Nassau County Attorney.

## FIRST CAUSE OF ACTION
**EXCESSIVE FORCE Pursuant to 42 USC §1983 and State Law**

14. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

15. Defendants used excessive force against Mr. Basile.

16. Defendants had had no legal cause or reason to use excessive force against Basile.

17. Defendants violated Basile's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

18. At the time of the excessive force, Basile did not pose a threat to the safety of the officers.

19. Basile was not actively resisting custody or attempting to evade custody.

20. Basile suffered serious permanent physical injuries from Defendants' use of excessive force.

21. Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

22. That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Basile's rights, subjected

3

Basile to excessive force while he was in custody, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## SECOND CAUSE OF ACTION
### CRUEL AND UNUSUAL PUNISHMENT Pursuant to 42 USC §1983

23. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

24. That the attack on Basile by Defendants, were both sadistic in nature and the cause of serious permanent physical injuries upon Basile.

25. That Defendants had no good-faith belief that their use of force was used to maintain or restore discipline against Basile, but maliciously intended to cause grievous bodily injury to him.

26. That Defendants use of force to punish Basile was objectively harmful enough to cause a serious physical injury to Basile.

27. That Defendants violated Basile's Eighth Amendment right to be free from cruel and unusual punishments.

## THIRD CAUSE OF ACTION
### Pursuant to 42 USC §1983 and New York State Law (FALSE ARREST)

28. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

29. That Defendants no probable cause to the arrest of Plaintiff

30. That in detaining Plaintiff for approximately 24 hours, and without a fair and reliable determination of probable cause, Defendant NASSAU COUNTY abused its power and

authority as a policymaker of the NASSAU COUNTY Police Department under the color of State and/or local law.

31. By reason of Defendants acts and omissions, Defendant NASSAU COUNTY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## FOURTH CAUSE OF ACTION
**Pursuant to 42 USC §1983 and New York State Law (MALICIOUS PROSECUTION)**

33. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

34. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

35. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed.

36. That there was no probable cause to initiate and proceed with criminal proceedings.

37. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

5

Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted his and subjected his to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

38. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

39. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### FIFTH CAUSE OF ACTION
### FAILURE TO INTERVENE Pursuant to 42 USC §1983

40. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

41. Defendants are liable for preventable harm to Plaintiff because they knew excessive force was being used; knew a Constitutional violation was being committed through the use of that force; and had a reasonable opportunity to intervene and prevent the harm from occurring and failed to do so.

### SIXTH CAUSE OF ACTION
### EXCESSIVE PRE-ARRAIGNMENT DETENTION Pursuant to 42 USC §1983

42. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

6

43. That Defendants detained Basile for a prolonged and unreasonable period prior to arraignment, having had no legal cause nor excuse to do so.

44. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

45. That Defendants should have expeditiously investigated this matter and released Plaintiff.

46. By reason of Defendants' acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

47. That NASSAU COUNTY and Defendants, through its officers, agents and employees, unlawfully incarcerated Plaintiffs for an excessive period of time prior to arraignment.

48. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### SEVENTH CAUSE OF ACTION
**MUNICIPAL LIABILITY pursuant to § 1983**

49. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

50. That upon information and belief it was the policy and /or custom of Defendant NASSAU COUNTY to inadequately hire, train, supervise, discipline and /or terminate their

7

officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51. That as a result of the above described policies and customs, Defendant NASSAU COUNTY, its staff, agents and employees of Defendant NASSAU COUNTY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NASSAU COUNTY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

53. That in so acting, Defendant NASSAU COUNTY abused its power and authority as policymaker of the NASSAU COUNTY POLICE DEPARTMENT and DOC under the color of State and/or local law.

54. By reason of Defendants acts and omissions, Defendant NASSAU COUNTY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

### EIGHTH CAUSE OF ACTION
### ASSAULT and BATTERY Pursuant to State Law

55. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

8

56. Upon information and belief, Defendants intended to cause harmful bodily contact to Plaintiff.

57. Upon information and belief, Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

58. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

59. That as a result of the foregoing acts of the Defendants, Plaintiff, suffered severe emotional and/or mental distress, all of which may be permanent in nature, and that as a result of the foregoing, the Plaintiff, has sustained damages, which exceed the jurisdictional limit of this Court.

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

61. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Defendants, employees of the New York NASSAU COUNTY Police Department, and defendant NASSAU COUNTY, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

62. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff, suffered severe emotional and/or mental distress, all of which may be permanent in nature, and that as a result of the foregoing, the Plaintiff, has sustained damages, which exceed the jurisdictional limit of this Court.

9

## TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.     Plaintiff incorporates herein by reference the allegations set forth in the proceeding paragraphs.

64.     That as a result of the aforementioned incidents negligently caused by Defendants, Plaintiff suffered severe emotional distress and physical injuries.

65.     That as a result of the aforementioned extreme and outrageous conduct negligently inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and physical injuries, all of which are permanent in nature.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING & TRAINING Pursuant to State Law

66.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

67.     Upon information and belief, the NASSAU COUNTY did not exercise reasonable care and diligence in the selection, engagement, employment and training of its servants, agents and/or employees, including Defendants as to cause injuries to Basile.

68.     Upon information and belief, the NASSAU COUNTY, had prior knowledge of the inappropriate, unlawful, and improper conduct of servants, agents and/or employees including Defendants, and continued to employ them and allowed them to be in contact with inmates and in control of their safety.

69. By reason of the foregoing, Basile, demands judgment for negligent hiring and retention against the NASSAU COUNTY, in a sum exceeding the jurisdictional limits of all the lower courts.

## TWELFTH CAUSE OF ACTION
### *RESPONDEAT SUPERIOR* Pursuant to State Law

70. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

71. That at all times, Individual Defendants were acting within the scope of their employment.

72. That Defendant NASSAU COUNTY was able to exercise control over Defendants' activities.

73. That Defendant NASSAU COUNTY is liable for Individual Defendants' actions under the doctrine of *respondeat superior*.

## CPLR 1602 STATEMENT

74. That this action falls within one or more of the exceptions set forth in the C.P.L.R. §1602.

1. CPLR Section 1602, Subdivision 7, relating to "the defendants' having acted with reckless disregard for the safety of others".

2. CPLR Section 1602, Subdivision 11, relating to "the defendants' having acted knowingly or intentionally and in concert to cause the act or failures".

## JURY DEMAND

75. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

11

## CONCLUSION

**WHEREFORE**, Plaintiff, ROGER BASILE, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts against Defendants, punitive damages against Individual Defendants in an amount exceeding the jurisdictional limits of all lower Courts, reasonable attorneys' fee and the costs and disbursements of this action, and any such other and further relief as the Court may deem appropriate.

Dated: New York, NY
      January 7, 2020

Respectfully submitted,

NASS, ROPER & LEVIN, PC

*/s/ Heather Stepanek*
Heather Stepanek
266 W 37th Street, Suite 801
New York, New York 10018
(718) 775-3246

## ATTORNEY'S VERIFICATION

HEATHER STEPANEK, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS ROPER & LEVIN, P.C., attorneys for Plaintiff ROGER BASILE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED: New York, New York
January 7, 2020

_____
Heather Stepanek, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ROGER BASILE,

                **Plaintiff,**

– against –

COUNTY OF NASSAU, DET. JESSE PERKINS, PO DANIEL MINERVINI (Serial No. 9946, PO THOMAS GARITOTTO (Serial No. 8876), DET. ROBERT LASHINSKY (Serial No. 7436), POLICE OFFICER JOHN/JANE(S) (police officers whose identity is currently unknown)

                **Defendants.**

## SUMMONS & VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Signature: *[signature]*
Heather Stepanek, Esq.

**NASS ROPER & LEVIN, P.C.**
Attorneys for Plaintiff
266 W. 37th Street
Suite 801
New York, New York 10018
(718) 775-3246



Received By

PBA Curi

SWMB
RECORDS BUREAU
20 JAN 13 AM 10
POLICE DEPARTMENT
COUNTY OF NASSAU
NEW YORK