UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

ROGER BASILE,

Plaintiff,

-against-

COUNTY OF NASSAU, DET. JESSE PERKINS, PO DANIEL MINERVINI (Serial No. 9946), PO THOMAS GARITOTTO (Serial No. 8876), DET. ROBERT LASHINSKY (Serial No. 7436), POLICE OFFICER JOHN/JANE(S) (police officers whose identity is currently unknown),

Defendants.
---------------------------------------------------------------------- X

**20-CV-00576 (EK)(RLM)**

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants COUNTY OF NASSAU, DET. JESSE PERKINS, PO DANIEL MINERVINI (Serial No. 9946), PO THOMAS GARIBOTTO, s/h/a PO THOMAS GARITOTTO, (Serial No. 8876), and DET. ROBERT LASHINSKY (Serial No. 7436) (hereinafter collectively referred to as "County Defendants"), by their attorney JARED A. KASSCHAU, Nassau County Attorney, by Stephen Carlin, Deputy County Attorney, as and for their Answer to Plaintiff's Verified Complaint, set forth as follows:

## ANSWERING: PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Deny the allegations contained in paragraph 2 of the Complaint except to aver that the County of Nassau is a Municipal Corporation organized and existing pursuant to the laws of the State of New York and to aver that the Nassau County Police Department ("NCPD") is a department within the County of Nassau.

3. Deny the allegations contained in paragraph 3 of the Complaint except to aver that Det. Jesse Perkins, PO Daniel Minervini (Shield No. 9946), PO Thomas Garibotto, s/h/a Thomas Garitotto (Shield No. 8876), and Det. Robert Lashinsky (Serial No. 7436) were employed by the County of Nassau on the date at issue.

4. Deny the allegations contained in paragraph 4 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: FACTUAL ALLEGATIONS**

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint and respectfully refer questions of law to the Court.

7. Deny the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint and respectfully refer questions of law to the Court.

11. Deny the allegations contained in paragraph 11 of the Complaint and respectfully refer questions of law to the Court.

12. Deny the allegations contained in paragraph 12 of the Complaint and respectfully refer questions of law to the Court.

13. Deny the allegations contained in paragraph 13 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: FIRST CAUSE OF ACTION**
**EXCESSIVE FORCE Pursuant to 42 USC § 1983 and State Law**

14. In response to paragraph 14 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 13, above, as if the same were more fully set forth at length herein.

15. Deny the allegations contained in paragraph 15 of the Complaint and respectfully refer questions of law to the Court.

16. Deny the allegations contained in paragraph 16 of the Complaint and respectfully refer questions of law to the Court.

17. Deny the allegations contained in paragraph 17 of the Complaint and respectfully refer questions of law to the Court.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint and respectfully refer questions of law to the Court.

20. Deny the allegations contained in paragraph 20 of the Complaint and respectfully refer questions of law to the Court.

21. Deny the allegations contained in paragraph 21 of the Complaint and respectfully refer questions of law to the Court.

22. Deny the allegations contained in paragraph 22 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: SECOND CAUSE OF ACTION**
**CRUEL AND UNUSUAL PUNISHMENT Pursuant to 42 USC § 1983**

23. In response to paragraph 23 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 22, above, as if the same were more fully set forth at length herein.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint and respectfully refer questions of law to the Court.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: THIRD CAUSE OF ACTION**
**Pursuant to 42 USC § 1983 and New York State Law (FALSE ARREST)**

28. In response to paragraph 28 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 27, above, as if the same were more fully set forth at length herein.

29. Deny the allegations contained in paragraph 29 of the Complaint and respectfully refer questions of law to the Court.

30. Deny the allegations contained in paragraph 30 of the Complaint and respectfully refer questions of law to the Court.

31. Deny the allegations contained in paragraph 31 of the Complaint and respectfully refer questions of law to the Court.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

**ANSWERING: FOURTH CAUSE OF ACTION**
**Pursuant to 42 USC § 1983 and New York State Law (MALICIOUS PROSECUTION)**

33. In response to paragraph 33 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 32, above, as if the same were more fully set forth at length herein.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint and respectfully refer questions of law to the Court.

37. Deny the allegations contained in paragraph 37 of the Complaint and respectfully refer questions of law to the Court.

38. Deny the allegations contained in paragraph 38 of the Complaint and respectfully refer questions of law to the Court.

39. Deny the allegations contained in paragraph 39 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: FIFTH CAUSE OF ACTION**
**FAILURE TO INTERVENE Pursuant to 42 USC § 1983**

40. In response to paragraph 40 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 39, above, as if the same were more fully set forth at length herein.

41. Deny the allegations contained in paragraph 41 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: FIFTH CAUSE OF ACTION**
**EXCESSIVE PRE-ARRAIGNMENT DETENTION Pursuant to 42 USC § 1983**

42. In response to paragraph 42 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 41, above, as if the same were more fully set forth at length herein.

43. Deny the allegations contained in paragraph 43 of the Complaint and respectfully refer questions of law to the Court.

44. Deny the allegations contained in paragraph 44 of the Complaint and respectfully refer questions of law to the Court.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint and respectfully refer questions of law to the Court.

47. Deny the allegations contained in paragraph 47 of the Complaint and respectfully refer questions of law to the Court.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

**ANSWERING: SEVENTH CAUSE OF ACTION**
**MUNICIPAL LIABILITY pursuant to § 1983**

49. In response to paragraph 49 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 48, above, as if the same were more fully set forth at length herein.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint and respectfully refer questions of law to the Court.

53. Deny the allegations contained in paragraph 53 of the Complaint and respectfully refer questions of law to the Court.

54. Deny the allegations contained in paragraph 54 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: EIGHTH CAUSE OF ACTION**
**ASSAULT and BATTERY Pursuant to State Law**

55. In response to paragraph 55 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 54, above, as if the same were more fully set forth at length herein.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint and respectfully refer questions of law to the Court.

59. Deny the allegations contained in paragraph 59 of the Complaint.

**ANSWERING: NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

60. In response to paragraph 60 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 59, above, as if the same were more fully set forth at length herein.

61. Deny the allegations contained in paragraph 61 of the Complaint and respectfully refer questions of law to the Court.

62. Deny the allegations contained in paragraph 62 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: TENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

63. In response to paragraph 63 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 62, above, as if the same were more fully set forth at length herein.

64. Deny the allegations contained in paragraph 64 of the Complaint and respectfully refer questions of law to the Court.

65. Deny the allegations contained in paragraph 65 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: ELEVENTH CAUSE OF ACTION**
**NEGLIGENT HIRING & TRAINING Pursuant to State Law**

66. In response to paragraph 66 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 65, above, as if the same were more fully set forth at length herein.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint and respectfully refer questions of law to the Court.

69. Deny the allegations contained in paragraph 69 of the Complaint.

**ANSWERING: TWELFTH CAUSE OF ACTION**
***RESPONDEAT SUPERIOR* Pursuant to State Law**

70. In response to paragraph 70 of the Complaint, County Defendants repeat and reassert the responses contained in paragraphs 1 through 69, above, as if the same were more fully set forth at length herein.

71. Deny the allegations contained in paragraph 71 of the Complaint and respectfully refer questions of law to the Court.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint and respectfully refer questions of law to the Court.

**ANSWERING: 1602 STATEMENT**

74. Deny the allegations contained in paragraph 74 of the Complaint and each of the subsections therein and respectfully refer questions of law to the Court.

**ANSWERING: JURY DEMAND**

75. The County Defendants hereby demand a trial by jury.

**AFFIRMATIVE DEFENSES**

76. Plaintiff fails to state a cause of action upon which relief can be granted.

77. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

78. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

79. Plaintiff has failed to mitigate his damages in this matter.

80. That at all times herein mentioned and mentioned in the Complaint, the police officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each police officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with Plaintiff were performed in good faith, without malice, and with reasonable and

proper cause in the ordinary course of their duties as such police officers, and/or agents, servants or employees of the Defendant County of Nassau, and as police officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and Plaintiff's arrest and confinement.

81. Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees solely on the basis of *respondeat superior* in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

82. The actions complained of were in full accord with the applicable law.

83. Plaintiff's constitutional and statutory rights have not been violated by the County Defendants herein.

84. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

85. The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff. Any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

86. Punitive damages may not be recovered against the County of Nassau as a matter of law.

87. Plaintiff has failed to extinguish all available state remedies and, therefore is not entitled to institute the within claim.

88. Pursuant to the New York Civil Procedure Law and Rules ("CPLR") Section 1603, the Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

89. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of the Defendants contributing thereto.

90. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent and/or wrongful conduct of the Plaintiff, without any negligence or wrongdoing on the part of the Defendants contributing thereto.

91. Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence and/or wrongdoing of plaintiff in contributing to such damages.

92. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

93. Plaintiff failed to meet conditions precedent under the PLRA [42 USC §1997e(a)] prior to commencing the instant suit.

**WHEREFORE,** County Defendants respectfully demand that Plaintiff's Verified Complaint be dismissed in its entirety with prejudice, and for such other relief that this Court deems just and proper.

Dated: Mineola, New York
February 3, 2020

JARED A. KASSCHAU
Nassau County Attorney

By: */S Stephen Carlin*
Stephen Carlin
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-6074

TO:

NASS, ROPER & LEVIN, P.C.
Heather Stempanek
266 W. 37th Street, Suite 801
New York, New York 10018
(718) 775-3246