UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X

ROGER BASILE,

                                         Plaintiff,

                  - against -

COUNTY OF NASSAU, DET. JESSE PERKINS, PO DANIEL
MINERVINI (Serial No. 9946), PO THOMAS GARIBOTTO,
(Serial No. 8876), DET. ROBERT LASHINSKY (Serial No. 7436),
POLICE OFFICER JOHN/JANE(S) (police officers whose identity
is currently unknown),

                                   Defendants.
-----------------------------------------------------------------------------------X

**PROPOSED JOINT
PRETRIAL ORDER**

**20-CV-00576 (EK)(RLM)**

       In accordance with the Court's November 15, 2021 order, the parties jointly submit this

Proposed Joint Pretrial Order ("JPTO").  This order is in compliance with section (6) of the

individual rules of the Honorable Eric R. Komitee.

**i.**    **The full caption of the action is set forth above.**

    The full caption of the action is set forth above.

**ii.**    **The names, addresses (including firm names), email addresses, and telephone and
fax numbers of trial counsel.**

| | |
|---|---|
| JUSTIN M. ROPER, ESQ. | THOMAS A. ADAMS |
| Nass Roper & Levin, P.C. | Acting Nassau County Attorney |
| *Attorneys for the Plaintiff* | One West Street |
| 38 Railroad Avenue, 2nd Floor | Mineola, New York 11501 |
| Valley Stream, NY 11580 | By: |
| P: (718) 775-3246 | Stephen Carlin, Esq. |
| F: (646) 257-4226 | P: (516) 571-6074 |
| E:JRoper@NassRoperLevin.com | E: SCarlin@nassaucountyny.gov |

**<u>iii.</u>**   **<u>A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements should include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount</u>**

<u>Plaintiff's Statement:</u>

This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983. This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Section 1343. Each and all of the acts of defendants alleged herein were done by defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, and the County of Nassau, and under the authority of their office as police officers of the Nassau County Police Department. All parties are citizens of the United States of America.

<u>Defendants' Statement:</u>

In his Complaint, Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983, including Excessive Force, Cruel and Unusual Punishment, False Arrest, Malicious Prosecution, Failure to Intervene, Excessive Pre-Arraignment Detention, Municipal Liability. The Complaint also alleges state law causes of action for Assault and Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligent Hiring and Training, and Respondeat Superior.

Specifically, Plaintiff alleges Defendants violated Plaintiff's "Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him." *Compl. at ¶*17. Plaintiff also alleges the Defendants "subjected Plaintiff to an unlawful

detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York." *Id* at ¶31, 54.

It is evident from a plain reading of the Complaint that allegations contained in it arise under the laws of the United States and involve federal questions of law in which the "district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States."  *See* 28 U.S.C. § 1441(b).

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this proceeding because of the claims that arise under the Constitution and laws of the United States.


**iv.**    **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  The parties should also identify all claims and defenses previously asserted that are not to be tried.**

**Plaintiff's Statement:**

**Claims to be Tried:**

Plaintiff claims that defendant police officers and the County of Nassau violated plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 when, on October 11th, 2018, defendants, Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau, falsely arrested Plaintiff, subjected him to excessive force, assaulted and battered him, subjected him to cruel and unusual punishment, maliciously pursued claims against him with malice, excessively detained him prior to bringing him before the Judge, and intentionally and negligently inflicted emotional distress.

**Defendants' Statement:**

Defendants County of Nassau, Det. Jesse Perkins, PO Daniel Minervini, PO Thomas Garibotto, and Det. Lashinsky (hereinafter collectively referred to as the "County Defendants") deny each and every allegation. Specifically, the County Defendants assert that during the underlying arrest of Plaintiff, they complied with all New York State and Federal laws, including but not limited to the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

**Claims to be Tried:**

1.     §1983 Claim for Excessive Force against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶14-22).  That Defendants intentionally applied physical force to Plaintiff, that the force was unreasonable and that there was no legal cause or reason to use excessive force;

2.     §1983 Claim for Cruel and Unusual against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶23-27).  That the attack on plaintiff by defendants was both sadistic in nature and the cause of serious permanent injury, that defendants had no good-faith belief that their use of force was used to maintain or restore discipline, that they maliciously intended to cause grievous bodily injury and that it was objectively harmful enough to cause a serious physical injury;

3.     §1983 Claim for False Arrest against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and

the County of Nassau (Complaint, ¶¶28-32). That defendants had no probable cause to arrest plaintiff;

4.     §1983 Claim for Malicious Prosecution against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶33-39). That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime, that the criminal matter against Plaintiff was terminated in his favor, that there was no probable cause cause for the arrest and criminal proceeding and that Plaintiff suffered a deprivation of liberty.

5.     §1983 Claim for Failure to Intervene against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶40-41). That defendants failed to intercede where that defendant observed or had reason to know that excessive force was being used.

6.     §1983 Claim for Excessive Pre-Arraignment Detention against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶42-48). That there was an unreasonable delay in violation of the 14th Amendment, and (1) that the Defendant officer(s) was personally involved in the constitutional deprivation and that (2) that the defendant caused the deprivation;

7.     §1983 Claim for Municipal Liability against the County of Nassau (Complaint, ¶¶49-54). That there was a policy and/or custom of defendant to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees;

8.    New York State Law Claim for Assault and Battery against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶55-59).    That Defendants, in a hostile manner, intentionally caused harmful bodily contact to Plaintiff;

9.    New York State Law Claim for Intentional Infliction of Emotional Distress against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶60-62).  That plaintiff's intentional conduct was extreme and outrageous and led to plaintiff suffering severe emotional and/or mental distress;

10.    New York State Law Claim for Negligent Infliction of Emotional Distress against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶63-65).  That plaintiff's negligent conduct was extreme and outrageous and led to plaintiff suffering severe emotional and/or mental distress;

11.    New York State Law Claim for Negligent Hiring & Training against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (Complaint, ¶¶66-69).  That defendants did not exercise reasonable care and diligence in the selection, engagement, employment and training of its servants, agents and/or employees, including Defendants as to cause injuries to Basile

12. New York State Law Claim for *Respondeat Superior* against Detective Jesse Perkins, Detective Robert Lashinsky, Police Officer Daniel Minervini, Police Officer Thomas Garibotto and the County of Nassau (¶70-73). That at all times, individual defendants were acting with the scope of their employment, and that defendant NASSAU was able to exercise control over defendants' activities.

13. Plaintiff reserves his right to amend or supplement portions of this list as trial approaches.

**Affirmative Defenses Raised by Defendants:**

1. The alleged acts or omissions of the named County Defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of respondeat superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

2. The County Defendants, at all applicable times herein, are entitled to full, partial or qualified immunity from civil suit.

3. Plaintiffs' constitutional and statutory rights have not been violated by the County Defendants.

4. The actions complained of herein were in full accord with the applicable law.

5. At all times herein mentioned and mentioned in the Complaint, the County Defendants, having anything to do with the Plaintiff, were acting in the performance of their respective duties as police officers, agents, servants and/or employees of the County of Nassau; that all of the acts of each police officer, agent, servant and/or employee of the County of Nassau

including, but not limited to County of Nassau, Det. Jesse Perkins, PO Daniel Minervini, PO Thomas Garibotto, and Det. Robert Lashinsky, in connection with the Plaintiffs were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as police officers, agents, servants and/or employees of the County of Nassau.

6.      That at all times herein mentioned and mentioned in the Complaint, all agents, servants and/or employees of the defendant County of Nassau having anything to do with the Plaintiffs were in the performance of their respective duties as agents, servants, and/or employees of the defendant County of Nassau; that all of the acts of such persons in connection with the Plaintiffs were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties.

7.      That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent and/or wrongful conduct of the Plaintiff without any negligence or wrongdoing by the County Defendants.

8.      That should Plaintiff recover damages as a result of a finding of liability in whole or in part against the County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence and/or culpability and/or wrongdoing of Plaintiff in contributing to such damage.

9.      That should Plaintiff recover for liability it would be due to conduct of individuals who are not employees, agents or servants of the County of Nassau, and/or third-parties.

10.     Punitive damages may not be recovered against the County of Nassau as a matter of law.

11.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

12.     Plaintiff has failed to mitigate damages in this matter.

**Claims Previously Asserted which are Not to be Tried:**

  a.  Plaintiff reserves his right to amend or supplement portions of this list as trial approaches.

**Defenses Previously Asserted which are Not to be Tried**:

  a.  County Defendants reserve their right to amend or supplement portions of this list as trial approaches.

**v.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The parties agree that this matter is to be tried before a jury and estimate that the trial will last three days.  The parties request that this case is to be tried by a jury of eight (8) jurors.  The parties request, consistent with the Federal Rules of Civil Procedure, that the jury verdict must be unanimous.

**vi.   A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties have not consented to trial of the case by a Magistrate Judge.

**vii.   Any stipulations or agreed statements of fact or law.**

The parties herein agree and stipulate that plaintiff, Roger Basile, and his son, Brandon Basile, were driving in a vehicle around the vicinity of Merrick Road in Merrick, New York on or around October 11th, 2018.  Plaintiff was placed under arrest and brought to the 7th precinct.[1]

**viii.   A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her**

---

[1] The parties reserve the right to amend or supplement portions of this statement as trial approaches.

9

**anticipated testimony, and a statement as to whether any other party objects to the witness.**

**Plaintiff's Witnesses:**

2. Plaintiff's Fact Witnesses:

     a.  Detective Jesse Perkins (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

     b.  Police Officer Daniel Minervini (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

     c.  Police Officer Thomas Garibotto (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

     d.  Detective Seargant Semyon Shnayderman (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

e.   Detective Matt Scott (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

f.   Detective Lieutenant Arnold Rothenberg (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

g.   Detective Robert Lashinsky (1490 Franklin Avenue, Mineola, NY 11501): will testify as to the facts and circumstances surrounding plaintiff's arrest, his observations at the scene of the arrest, the injuries suffered by plaintiff in this case, the manner in which he furthered prosecution of the charges levied against Plaintiff, the paperwork he filed and completed in the process of the arrest and prosecution.

h.   Roger Basile (3385 Jason Court, Bellmore, NY 11710): will testify to the facts and circumstances surrounding his arrest, the facts and circumstances surround the assault and excessive force used by defendants, the course taken in fighting the prosecution of the charges against him, and the nature and extent of the damages he sustained as a result of defendants' conduct.

i.   Regina M. Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's wife, regarding the facts and circumstances surrounding Plaintiff's arrest.

j.   Brandon Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's wife, regarding the facts and circumstances surrounding Plaintiff's arrest.

k.   Logan Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's wife, regarding the facts and circumstances surrounding Plaintiff's arrest.

l.   Doctor Mehrdad Golzad (9131 Queens Blvd, Elmhurst, NY 11373): will testify to his treatment of Roger Basile for injuries suffered as a result of his case, his opinion in regards to damages caused to plaintiff, his review of any and all medical records relevant the facts at issue in this case, his opinion in regards to long-term health of plaintiff and his own expertise in treating injuries similar to those suffered by plaintiff.

m.   Doctor Berrios (2201 Hempstead Turnpike, East Meadow, NY 11554): will testify to his treatment of Roger Basile for injuries suffered as a result of this case.

n.   Doctor Caiola (2201 Hempstead Turnpike, East Meadow, NY 11554): will testify to his treatment of Roger Basile for injuries suffered as a result of this case.

o.   Doctor Jay Eneman (2201 Hempstead Turnpike, East Meadow, NY 11554): will testify to his examination of Roger Basile for injuries suffered as a result of this case.

p.   Plaintiff reserves his right to call any individual listed in the Defendant's Witness list.

q.   Plaintiff reserves his right to amend or supplement portions of this list as trial approaches.

**Defendant's Witnesses**

County Defendants reserve the right to call any of the witnesses identified by Plaintiff in addition to the following:

(1) Regina M. Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's wife, regarding the facts and circumstances surrounding Plaintiff's arrest.

(2) Brandon Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's son, regarding the facts and circumstances surrounding Plaintiff's arrest.

(3) Logan Basile (3385 Jason Court, Bellmore, NY 11710), Plaintiff's daughter, regarding the facts and circumstances surrounding Plaintiff's arrest.

(4) Dr. Jay Eneman, M.D. (718 Long Island Avenue, Deer Park, NY 11729). Dr. Eneman will testify about the independent medical examination ("IME") performed on Plaintiff and provide expert testimony.

(5) County Defendants reserve their right to amend or supplement portions of this list as trial approaches.

**A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

**Plaintiff's Designation:**

a. Plaintiff does not intend to offer any deposition testimony in its case in chief unless a witness is unavailable.

b. The deposition transcripts of Detective Jesse Perkins, Police Officer Daniel Minervini, Police Officer Thomas Garibotto, Detective Seargant Semyon Shnayderman, Detective Matt Scott, Detective Lieutenant Arnold Rothenberg  may be used for impeachment purposes.

c.  There is no objection to the use of any deposition taken in connection with the case for impeachment purposes.  The plaintiff objects to the use of deposition testimony of any witness who will offer live testimony.

**Defendants' Designation:**

a.  County Defendants intend to offer the deposition testimony of Plaintiff Roger Basile, page numbers 38 through 43, and 73.

ix.  **A list by each party of exhibits to be offered in its case in chief, with an indication of whether any party objects to the exhibit and a *brief* statement of the nature of the objection (e.g., "relevance," "authenticity," "hearsay").**

x.

**Plaintiff's List of Exhibits:[2]**

| # | Description: | Bates Stamp # | Objections: |
|---|---|---|---|
| 1 | Medical records from Nassau University Medical Center, P.C. | | **Subject to proper authentication** |
| 2 | Medical records from Gary Moskowitz, D.O. | | **Subject to proper authentication** |
| 3 | Lab results report from Sameera Hussain | | **Subject to proper authentication** |
| 4 | Pathology report from Matthias J. Szaboios | | **Subject to proper authentication** |
| 5 | Medical records from Dr. Mehrdad Golzad | | **Subject to proper authentication** |
| 6 | Photographs of Scene | | **Subject to proper authentication** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

[2] Plaintiff reserves the right to use any document listed by Defendant and reserves the right to supplement and/or amend this list as trial approaches.

|   |   |   |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

### Defendant's List of Exhibits:[3]

| A | NCPD Case Summary Report | NCAO 000001-000007 | **Subject to proper authentication** |
|---|---|---|---|
| B | NCPD District Attorney's Summary | NCAO 000019-000022 | **Subject to proper authentication** |
| C | NCPD Arrest Report – Defense Notification | NCAO 000025-000026 | **Subject to proper authentication** |
| D | NCPD Medical Questionnaire | NCAO 000028 | **Subject to proper authentication** |
| E | NCPD Supporting Deposition – Regina Basile | NCAO 000033 | **Subject to proper authentication** |
| F | Medical Examination Report of Dr. Jay Eneman, M.D. |  | **Subject to proper authentication** |

**xi.**     **Motions in _Limine_**

Plaintiff anticipates moving _in limine_ on the following grounds[4]:

> 1.      Any reference to plaintiff's arrest/conviction record

Defendants anticipate filing the following motions in _limine_:

> 1.  Any reference or testimony as to the disciplinary records of the individually named police officers and/or detectives.

**xii.     A statement of damages claimed, itemizing each component or element of the damages sought with respect to each claim, including the manner and method used to calculate the claimed damages.**

### Plaintiff's Statement:

---

[3] Defendants reserve the right to use any document listed by plaintiff and reserve the right to supplement this list.

[4] Plaintiff reserves the right to supplement his motions _in limine_ upon drafting his memorandum of law in support of his motions _in limine._

Plaintiff seeks punitive damages and compensatory damages as a result of a false arrest on October 11th, 2018.  Plaintiff was falsely arrested by defendants and assaulted by defendants at the police precinct.  Defendants failed to intervene in the attack on plaintiff and covered up the facts of the assault in interviews and paperwork.  Plaintiff endured a malicious prosecution for approximately one year before all charges would be dismissed.  Plaintiff continues to suffer from the concussion he suffered and expects to have permanent damages from the attack.  Plaintiff also has a permanent blood spot in his eye from the attack.  Plaintiff has psychological damages from the incident as well that will likely also be permanent.

**General Damages:**
A.  Physical Injuries: $1,500,000.00
B.  Emotional Injuries: $850,000.00
    a.  Emotional Distress: $500,000.00
    b.  Loss of Liberty: $250,000.00
    c.  Damage to Reputation: $100,000.00
**Special Damages:**
C.  Legal Expenses: $15,000.00

**xiii.     A statement as to whether the parties consent to a less than unanimous verdict.**

The parties have not consented to a less than unanimous verdict.