**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

## COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

June 20, 2023

Via ECF
Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Basile v,. County of Nassau, et al.
             20-CV-00576 (EK)(LB)

Your Honor:

      This office represents defendants, County of Nassau, two Nassau County Detectives, and two Nassau County Police Officers in the above referenced civil rights action filed by plaintiff Roger Basile ("plaintiff"). The purpose of this letter is to respond to plaintiff's motion to amend the Complaint.

      Following the court conference conducted May 31, 2023 Your Honor directed plaintiff's attorney, Justin M. Roper, Esq., to re-evaluate all of plaintiff's claims asserted in the original Complaint, and to file a motion to amend the Complaint in light of the Court's evaluation of the Complaint. On June 12, 2023 Mr. Roper did file a motion to amend the Complaint [DE 44] and included a proposed Amended Complaint [DE 44-2].

      In the Amended Complaint plaintiff deleted two individual defendants, Police Officer Daniel Minervini and Detective Thomas Garitotto, leaving only municipal defendant County of Nassau and individual defendants Detective Jesse Perkins and Detective Robert Lashinsky. The only remining causes of action are first, for excessive force against Detectives Perkins and Lashinsky pursuant to 42 U.S.C. § 1983 and state law, plus a claim for liability against County of Nassau under the "doctrine of *respondeat superior*," Am. Comp. ¶ 23. The second cause of action is for assault and battery under state law against Detectives Perkins and Lashinsky and, again, against County of Nassau under the "doctrine of *respondeat superior*." Am. Comp. ¶ 31. Mr. Roper deleted all other claims contained in the original Complaint.

      The remaining defendants object to the first cause of action insofar as it asserts a claim against County of Nassau for *respondeat superior* under § 1983 for the alleged actions of Detectives Perkins and Lashinsky. In *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 658 (1978) the Supreme Court ruled for the first time that municipalities were liable under § 1983 to be sued as "persons" within the meaning of that statute, when the alleged unlawful action implemented or was executed pursuant to a governmental policy or custom. 436 U.S. at 691, 694; see also *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989).

Section 1983 provides in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Under well settled case law, plaintiff's theory of *respondeat superior* against County of Nassau under § 1983 in the first cause of action is invalid. As the Second Circuit explained in *Reynolds v. Giuliani*, 506 F.3d 183, 190 (2d Cir. 2007: "In light of the statute's legislative history and language, *Monell* reasoned that § 1983 rejects the imposition of vicarious liability on a municipality for the torts of its employees as incompatible with § 1983's causation requirement. 436 U.S. at 691-94; see also *City of Canton*, 489 U.S. at 385 ("*Respondeat superior* or vicarious liability will not attach under § 1983."); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1987); *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 125 (2d Cir. 2004)." Therefore, defendants object to plaintiff's inclusion of a *respondeat superior* claim against County of Nassau in the first cause of action.

Defendants have no objection to the second cause of action in the Amended Complaint since, without conceding the validity of plaintiff's allegations, a claim of *respondeat superior* is recognizable under New York state law. *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999) ("The doctrine of *respondeat superior* renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment (*Riviello v Waldron,* 47 NY2d 297, 304). If, however, an employee 'for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable' (*Jones v Weigand,* 134 App Div 644, 645, quoted in *Baker v Allen & Arnink Auto Renting Co.,* 231 NY 8, 13)." Insofar as plaintiff claims Detective Perkins struck him in the head, as plaintiff testified at his deposition, which Detective Perkins denies, there is an issue of fact as to whether Detective Perkins acted within the scope of his employment vis-à-vis plaintiff. Detective Lashinsky also denies striking plaintiff in any manner.

With respect to the Court's inquiry as to why defendants did not previously file a motion to dismiss parts of the Complaint, or a motion for partial summary judgment, I spoke with the predecessor Deputy County Attorney who handled this case. He told me that in his opinion, since the gravamen of the case is plaintiff's claim that he was struck in the head by Detective Perkins and/or Detective Lashinsky, which both Detective deny, there is an issue of fact for the jury to decide as to creditability.

If Your Honor grants plaintiff's motion to amend the Complaint as proposed in DE 44-2, defendants intend to move to dismiss the *respondeat superior* claim in the first cause of action against County of Nassau since, as demonstrated above, § 1983 does not permit a claim of *respondeat superior* against a municipality.

Defendants thank Your Honor for your attention and consideration in this matter.

>Respectfully submitted,
>
>/s/  Ralph J. Reissman
>RALPH J. REISSMAN

cc:  All counsel of record (via ECF)