**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

**COUNTY OF NASSAU**
OFFICE OF THE COUNTY ATTORNEY

September 22, 2023

Via ECF
Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Basile v. County of Nassau (20-CV-00576 (EK)(LB)

Your Honor:

This office represents defendants, County of Nassau and Detectives Jesse Perkins ("Perkins") and Robert Lashinsky ("Lashinsky") in the above captioned action, in which plaintiff Roger Basile ("plaintiff") claims that on October 11, 2018, while in an interrogation room in the Seventh Precinct, he "was threatened, beaten and struck several times by Detective Jesse Perkins and Detective Robert Lashinsky." Amended Complaint [DE 47], ¶ 7. However, based on plaintiff's clear deposition testimony that only Perkins assaulted him, and that plaintiff never saw Lashinsky that day, and in fact does not know Lashinsky ("No, I don't know Detective Lashinsky")[1] defendants moved for partial summary judgment dismissing Lashinsky from the action on the ground that no genuine issue of material fact exists under which a reasonable jury could find liability against him. Plaintiff opposed the motion by contending that he is entitled to proceed to trial against both Perkins and Lashinsky on alternate theories of liability.

On Sept 18, 2023, following oral argument of defendants' motion, the Court directed the parties to submit additional briefing on two questions. The Court advised that the parties may include legal precedent and court decisions outside of the Second Circuit. The first question is whether the Court may grant partial summary judgment dismissing Lashinsky despite plaintiff's assertion of alternate theories of liability, *i.e.*, that either Perkins, or Lashinsky, or both, assaulted him. The second question is whether Perkins and Lashinsky can be represented by one Deputy County Attorney from the Nassau County Attorney's Office, namely the undersigned, or does a single attorney for both Perkins and Lashinsky constitute a conflict because, as the Court posited, Perkins and Lashinsky may have adverse interests.

In addition, defendants will comment on the sufficiency of plaintiff's deposition testimony as providing sufficient ground for the Court to grant defendants' motion.

---

[1] *See* defendants' Exhibit "A", p. 73 line 4 of plaintiff's deposition transcript.

**Plaintiff's deposition testimony is sufficient
for the Court to grant defendants' motion.**

As an initial matter, plaintiff's testimony that only Perkins struck him, opposed by plaintiff only by the hearsay statement made by plaintiff to Deputy Inspector Arnold Rothenberg ("Rothenberg") that Lashinsky hit him, is sufficient for the Court to grant defendants' motion. Upon summary judgment, deposition testimony is admissible, provided the testimony can be presented in a form admissible in evidence. Fed. R. Civ. P. 56(c)(1)(A), (c)(2). "Deposition testimony may be sufficient to support a motion for summary judgment and to require a plaintiff to set forth evidence or specific facts demonstrating a genuine issue of material fact." *Medina v. Valentin*, 2017 Conn. Super. LEXIS 3486 at *5 (Conn. Super. June 9, 2017) (granting defendant's motion for summary judgment based on defendant's deposition testimony opposed only by plaintiff's reliance on inadmissible hearsay ("In summary, the plaintiff's evidence linking Valentin's vehicle to the alleged accident is premised on inadmissible hearsay. Valentin's affidavit and deposition testimony show that neither she nor her vehicle were involved in the accident. The plaintiffs' evidence is insufficient to demonstrate a genuine issue of material fact."

Similarly, in *Hughes v. Olive Garden Italian Restaurant*, 1999 La. App. LEXIS 1297 (La. Court of Appeals May 5, 1999) the appellate court affirmed a lower court's grant of summary judgment to the defendant based on the plaintiff's own unrebutted deposition testimony. *See also Quinones v. Caballero*, 802 N.Y.S.2d 831 (N.Y. Sup. Bronx Cnty. 2005 (plaintiff's sworn deposition testimony that defendants had not undertaken snow removal or treatment at the site of her fall after the snow began falling was a sufficient basis for granting summary judgment in defendants' favor).

In this case, plaintiff's only opposition to defendants' motion is Rothenberg's deposition testimony that plaintiff said to him that Lashinsky hit plaintiff, which is clearly inadmissible hearsay This fails to create an issue of fact for the jury. Thus, defendants' motion should be granted to dismiss Lashinsky from this action.

**Defendants' motion for partial summary judgment should
be granted even though plaintiff asserts alternate theories.**

In cases where plaintiffs assert alternate theories of liability, including against multiple defendants, courts have routinely granted summary judgment dismissing a plaintiff's claim against one or more defendants while denying summary judgment as to different defendants or theories. For example, in *Vernon v. City & County of San Francisco*, 2008 U.S. Dist. LEXIS 65359 (N.D. Cal. Aug. 25, 2008) plaintiff Vernon was arrested by police officers for being intoxicated and threatening patrons at a restaurant. He was handcuffed and transported to Central Station, where he complained of a broken arm, and was then transported to a hospital. Plaintiff brought a § 1983 action asserting *inter alia* a claim of excessive force. Plaintiff testified at deposition that he did not remember going to Central Station. The court granted summary judgment dismissing this claim, stating:

> Defendants anticipate that Vernon will forward two alternate
> theories of excessive force at trial, one based on Officer Perez's

2

> assault in the van and one based on Vernon's fall at Central Station. *** Because Vernon testified that he did not remember going to Central Station, the evidence is unrebutted that Vernon fell of his own accord and Officer Perez was simply unable to catch the fall. Given those facts, no reasonable juror could conclude that Officer Perez used excessive force.

2008 U.S. Dist. LEXIS at *17. The court therefore granted partial summary judgment dismissing Vernon's alternate theories of liability. The *Vernon* holding is equally applicable to plaintiff Basile's case before this Court, in that plaintiff's testimony that only Perkins assaulted him, and that plaintiff never saw Lashinsky in the precinct that day, unrebutted save for Rothenberg's inadmissible hearsay, establishes as a matter of law that no reasonable juror could conclude that Lashinsky assaulted plaintiff.

In *Automobile Protection Corp. v. NBA Automotive, Inc.*, the court addressed certification of alternate theories of a single claim of contractual liability. 2021 U.S. Dist. LEXIS 260592 (N.D. Ga. Aug. 16, 2021, *aff'd* 2022 U.S. App. LEXIS 22735 (11th Cir. Aug. 16, 2022). The court recognized that a single theory of multiple theories of liability in a single claim generally cannot be certified for appeal. *Id.* However, the court had granted summary judgment on one of two theories of liability, which mooted the alternate theory. *Id.* As such, the court found its case was distinguishable in certifying appeal as, after its finding on summary judgment, and the alternate theory mooted, "[t]here [was] nothing left for the Court to do on that claim." *Id.*

In *Dillon v. Murray*, 853 F. Supp. 199, 1994 U.S. Dist. LEXIS 7107 at *20 (W.D. Va. 1994) plaintiff inmate filed suit under 42 U.S.C. § 1983 against defendants, a prison investigator (Dury) and two supervisors (Huffman and Murray). Defendants moved for summary judgment for the alleged acts of retaliation by Dury, and the alleged failure by Huffman and Murray for the alleged failure to protect plaintiff from the allegedly retaliatory actions of Dury. Plaintiff asserted alternate theories of liability against Huffman and Murray. The court denied defendants' motion as to Dury on the retaliation claim, finding that triable issues of material fact existed, but granted Huffman and Murray's motion stating:

> The court cannot discern, however, any disputed issues relating to Plaintiff's claim against the supervisory Defendants, Huffman and Murray. Finding no basis in the record upon which liability may be imposed against the VDOC Director or the ACC warden for the alleged acts of retaliation by Dury against Plaintiff, the court shall grant the Motion for Summary Judgment as to Defendants Huffman and Murray.

Thus, the court granted partial summary judgment to two defendants, dismissing claims based on alternate theories of liability, but allowed the action to continue against the third defendant.

In *Jones v. Alfa Mut. Ins. Co.*, 2008 Ala. LEXIS 109 (Supreme. Court Ala. June 13, 2008) appellant insureds (the Joneses) appealed a decision of the Coffee County Circuit Court (Alabama) which entered partial summary judgment in favor of the appellee insurer (Alfa) on

3

the insureds' alternate theories of liability of "normal" and "abnormal" bad faith and breach of contract in denying their claim under their farm owner's policy for wind damage associated with Hurricane Opal, and in refusing to renew their policy due to prior claims. The court affirmed the partial summary judgment on the insureds' "normal" bad faith claim but reversed the partial summary judgment on the "abnormal" bad faith claim, stating,

> We conclude that a question of material fact exists as to when the statutory limitations period began to run and prohibits the trial court from entering a partial summary judgment on the Joneses' bad-faith claims based on Alfa's argument that the Joneses failed to file their action before the expiration of the statutory limitations period. Thus, the Joneses' bad-faith claims were not barred by the statute of limitations.

The court then continued, "However, the trial court's summary judgment was proper as to the Joneses' 'normal' bad-faith claim." 2008 Ala. LEXIS at *38. Here, defendants' motion for partial summary judgment is analogous to the *Jones* case, in that while plaintiff Basile asserts alternative theories of liability, the facts presented in this motion, *i.e.*, plaintiff's unambiguous identification of only Perkins as his assailant, permits the Court to dismiss Lashinsky as a defendant while allowing plaintiff's claim against Perkins to continue to trial.

In the case of *In re Wyoming Tight Sands Antitrust Cases*, 1990 U.S. Dist. LEXIS 12165 (D. Kan. 1990), plaintiffs brought claims grounded on alternate theories of recovery. Defendant natural gas producers moved for summary judgment on plaintiffs' public utilities and two states' complaint for violation of the Sherman Antitrust Act, Racketeer Influenced and Corrupt Organizations Act (RICO), state antitrust law, fraud, conspiracy, breach of contract, and tortious interference with contract. Two utilities moved to amend, and the defendant natural gas producers moved for partial summary judgment.

Although the court denied summary judgment on some of the claims, it granted partial summary judgment on one of the alternate theories, stating, "Although plaintiffs are clearly entitled to bring claims grounded on alternate theories of recovery, the court agrees with defendants that here, plaintiffs have raised no issues of material fact which would support an inference that [plaintiff] Pipeline was the 'victim' of tortious action by the other defendants." 1990 U.S. Dist. LEXIS 12165 at *20.

So too, in plaintiff Basile's case, wherein he asserts alternate theories of liability, the evidence before this Court, *i.e.*, plaintiff's deposition testimony that only Perkins assaulted him, unrebutted save for one inadmissible hearsay statement, there are no genuine issues of material fact for trial regarding Lashinsky No reasonable juror could find that Lashinsky assaulted plaintiff. Therefore, defendants' motion for partial summary judgment dismissing Lashinsky should be granted.

**Due to New York General Municipal Law § 50-l,
there is no conflict in defendants Perkins and
Lashinsky being represented by one attorney.**

The second question posed by the Court is whether there is any conflict in Perkins and Lashinsky being represented by one Deputy County Attorney ("DCA") because, as the Court posited, these defendants may have adverse interests. The answer is, there is no conflict.

On June 6, 2023 all three defendants, Nassau County, Perkins and Lashinsky filed one Answer [DE 48] to the Amended Complaint [DE 47]. In responding to the Amended Complaint, all three defendants jointly asserted one set of responses to each allegation, and one set of affirmative defenses. All three defendants have been, throughout this action, equally and jointly represented by the Nassau County Attorney's Office and Deputy County Attorneys, first former DCA Pablo Fernandez, followed by former DCA Stephen Carlin, and now DCA Ralph J. Reissman. The Police Department's Indemnification Board voted to indemnify both Perkins and Lashinsky for any compensatory and punitive damages arising out of this action, finding that both Detectives acted at all times within the scope of their duties as members of the Police Department in their interactions, if any, with plaintiff (*see* Appendix "A" annexed hereto).

Upon being so indemnified, Perkins and Lashinsky, both retired from service with the Police Department, chose to be represented by the Nassau County Attorney's Office. Since both former Detectives are fully indemnified, neither one can be subject to financial consequences from an adverse jury verdict. Similarly, since both former Detectives are retired, they cannot suffer any negative career consequences from an adverse jury verdict. Both Detectives jointly asserted the same responses and defenses in their Answer to the Amended Complaint, and neither defendant has ever sought to be represented by separate counsel. Neither defendant can suffer any negative consequences, either financial or in their careers, from an adverse jury verdict.

In sum, for Perkins and Lashinsky, there is no conflict in both defendants being represented by one attorney, the attorney of their choice, because they are united in interest. "Parties are united in interest if their interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other," *Sanders v. Guida*, 213 A.D.3d 712, 714 (N.Y. App. Div. 2023), quoting *Mileski v. MSC Indus. Direct Co, Inc.* (138 A.D.3d 797, 800 (N.Y. App. Div. 2016). In this action Perkins and Lashinsky stand or fall together and judgment, and judgment against one will similarly affect the other, since neither defendant will be affected in the least by an adverse jury verdict. Both defendants re fully indemnified from any liability a jury could assess. Simply put, a verdict against only Perkins will not affect Lashinsky's interests, and a verdict only against Lashinsky will not affect Perkins's interests. Thus, there is no conflict in Perkins and Lashinsky being represented by a single Deputy County Attorney.

In addition, statutory authority for Perkins and Lashinsky being represented by one Deputy County Attorney is found in New York General Municipal Law § 50-l, entitled "Civil actions against employees of the Nassau County Police Department," which provides:

> Notwithstanding the provisions of any other law, code or charter, the county of Nassau shall provide for the defense of any civil action or proceeding brought against a duly appointed police officer of the Nassau county police department and shall indemnify and save harmless such police officer from any judgment of a court of competent jurisdiction whenever such action, proceeding or judgment is for damages, including punitive or exemplary damages, arising out of a negligent act or other tort of such police officer committed while in the proper discharge of his duties and within the scope of his employment. Such proper discharge and scope shall be determined by a majority vote of a panel consisting of one member appointed by the Nassau county board of supervisors, one member appointed by the Nassau county executive, and the third member being the Nassau county police commissioner or a deputy police commissioner.

As stated by the New York State Court of Appeals in *Matter of Lemma v. Police Indem. Bd.*, 31 N.Y.3d 523, 529 (2018), "The statute declares that such proper discharge and scope shall be determined by a majority vote of a panel appointed by various Nassau County officials. The legislature, thus, left the determination of whether the statutory prerequisites are met to the discretion of the Nassau County Police Officer Indemnification Board."

In this case, as stated above and attached at Appendix "A," on April 13, 2021 the Police Officer Indemnification Board issued its determination that both Perkins and Lashinsky acted within the scope of their duties with respect to the facts alleged in plaintiff's original Complaint, thereby indemnifying the Detectives from any and all liability, compensatory damages and punitive damages from any and all claims alleged by plaintiff Basile. The Amended Complaint [DE 47] did not add any new allegations against Perkins or Lashinsky, rather, it simply withdrew most of plaintiff's original claims and dismissed Police Officers Daniel Minervini and Thomas Garibotto as defendants.

Accordingly, since both Perkins and Lashinsky are fully indemnified from any liability, and since both are retired from service with the Police Department, there is no conflict in both defendants being represented by one Deputy County Attorney. Perkins's interests will not be affected by, *arguendo*, Lashinsky testifying that Perkins hit plaintiff and, Lashinsky's interests will not be affected by, *arguendo*, Perkins testifying that Lashinsky hit plaintiff.

For decades, the Nassau County Attorney's Office has represented multiple police officer defendants in the same case, including cases where plaintiffs allege wrongdoing against multiple individual defendants under the same theories of liability. For example, in a case tried in the United States District Court for the Eastern District of New York before the Hon. LaShann DeArcy Hall entitled *Shuayb Greenaway v. County of Nassau et al.*, 11-CV-02024 (LDH), plaintiff, his father and mother brought a civil rights action against Nassau County and four (4) Nassau County Police Officers, as well as the Village of Hempstead,

alleging multiple theories of liability, including excessive force against all four Nassau County Police Officers for using excessive force in placing plaintiff into custody. The Police Indemnification Board indemnified all four defendant officers. All four defendant officers chose to be represented throughout discovery and trial by the Nassau County Attorney's Office. At trial all four officers were represented by one team of Deputy County Attorneys, DCA David McAndrews and the undersigned. Judge Hall never raised the issue of a conflict in all four defendants being represented by one team of Deputy County Attorneys, and no defendant ever requested that he be represented by separate counsel.

The jury returned a verdict [DE 131 in that action] as follows: against all four Nassau County Police Officers for false imprisonment; against only two officers for excessive force; against all four officers for trespass; and against all four officers for failure to intervene. Since all four defendants were fully indemnified by Nassau County, including punitive damages, no defendant was personally liable to pay plaintiffs any amount of damages. There was no apparent or actual conflict by all four officers being represented at trial by one team of Deputy County Attorneys. The same holds true in this case, where plaintiff asserts identical claims against both Perkins and Lashinsky. Defendants therefore respectfully request that the Court permit both Perkins and Lashinsky to be represented at trial by the counsel of their choice, the Nassau County Attorney's Office by Deputy County Attorney Ralph J. Reissman.

**Conclusion**

For all the foregoing reasons, and for the reasons set forth in defendants' motion papers, defendants respectfully request (1) that defendants' motion for partial summary judgment dismissing Lashinsky from this case be granted and (2) that in the event the Court denies defendants' motion to dismiss Lashinsky, the Court permit Perkins and Lashinsky to be represented at trial by the attorney of their choice, the Nassau County Attorney's Office, by Deputy County Attorney Ralph J. Reissman.

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: Via ECF
Nass Roper & Levin, P.C.
Attorneys for Plaintiff

# APPENDIX A

## DETERMINATION OF POLICE INDEMNIFICATION BOARD

Roger Basile v. County of Nassau, et al.
Docket No. 20 CV-0576

Indemnification of:  Detective Jesse Perkins
Police Officer Daniel Minervini
Police Officer Thomas Garibotto
Detective Robert Lashinsky

The Police Officer Indemnification Board does hereby determine this 13 day of April, 2021 as follows:

The acts alleged were committed while in the proper discharge of said officers(s)' duties and within the scope of his/her employment ✓

The acts alleged were not committed while in the proper discharge of said officer(s)' duties and were not within the scope of his/her employment _____

**PRESENT**

(signature) _____
Patrick Ryder, Commissioner of Police

(signature) _____
John Chiara, County Executive Appointee

(signature) _____
Daniel J. McCloy, Esq., Legislative Appointee

The signature of each Board member participating in the decision attest only to the final decision of the Board and should not be construed as being necessarily reflective of the individual's vote on the final decision.