UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ROGER BASILE,**

Plaintiff,

-against-

**COUNTY OF NASSAU, DET. JESSE PERKINS and DET. ROBERT LASHINKSY,**

Defendants.

20-CV-00576 (EK)(LB)

**PARTIES' PROPOSED JURY INSTRUCTIONS**

The following proposed jury instructions are submitted in accordance with this Court's Individual Rules and Practices, Rule V.B.3. The parties have not included standard instructions, such as instructions on preponderance of the evidence, or juror conduct, pursuant to this Court's Rule V.B.3. If additional instructions are needed, however, counsel will promptly provide them.

**I. TESTIMONY OF OFFICERS**

In this case you heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.[1]

[1] Adapted from the New York Criminal Jury Instructions, Credibility, available at http://www.nycourts.gov/judges/cji/1-General/cjigc.shtml

## II. ELEMENTS OF THE TWO CLAIMS FOR RELIEF

Plaintiff Roger Basile has brought two sets of claims in this action. The first is under federal law for unconstitutional excessive force against Detective Jesse Perkins, and Detective Robert Lashinsky. The second is a common law claim for assault and battery, against the County of Nassau.[2] The elements of each claim are as follows.

## III. SECTION 1983: THE STATUTE, ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

Plaintiff Roger Basile has brought claims under 42 U.S.C. § 1983.[3] This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law. Section 1983 provides in part that:

> Every person who, under color of state law, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any of the rights, privileges, or immunities secured by the United States Constitution and federal laws, shall be liable to the party injured for damages.

Section 1983 creates a remedy for violations of constitutional and federal rights. The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a claim under Section 1983, plaintiff must prove by a preponderance of the evidence, the following three elements: first, that the conduct of the defendants was under color of state law; second, that this conduct deprived plaintiff of a right protected by the Constitution of the United States; and third, the conduct of the defendants caused the injuries and damages claimed by plaintiff.

---

[2] Technically, the common law claim is also against the two individual Detectives, but framing it this way adds clarity.

[3] Adapted from *Greenaway, et al. v. County of Nassau, et al.*, 11-cv-02024 (LDH), ECF No. 124.

I will explain each of these elements to you.

As to the First element, there is no dispute in this case that, at all relevant times, that defendants Det. Perkins and Det. Lashinsky were acting under color of state law. That is to say, the first element of the claim is not in dispute since the defendants, Nassau County, Det. Perkins and Det. Lashinsky admit that they were acting under color of state law regarding the claims in this action.

The Second element requires that plaintiff proves that the defendants' conduct deprived plaintiff of a federal right.

The Third element that Mr. Basile must prove is that the defendants' acts were a proximate cause of the injuries sustained by him. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendants' actions.

**A. Excessive Force**[4]

Now, I want to provide you with some additional instructions about the depravation of constitutional rights that Mr. Basile is alleging here. First, deprivation of constitutional right through use of excessive force. The Fourth Amendment protects individuals from excessive force. In this case, the Mr. Basile claims that he was subjected to excessive force by a Detective while he was detained and handcuffed at a Nassau County police precinct. Because he alleges that only one of the Detectives used excessive force against him, you may find, at most, that only one of these two Detectives used excessive force against Mr. Basile. Or you may find that none of the Detectives used excessive force against the plaintiff.

---

[4] Adapted from *Martinez. v. The City of New York, et al.* 16-CV-79(NRM), the transcript for which is appended to this submission.

Accordingly, you must first determine for each Detective accused of using excessive force whether Mr. Basile has proven by a preponderance of the evidence that the Detective used force against him. If your answer is no, then your deliberations are over for that Detective as to this claim and you must bring back a verdict for that particular Detective on the excessive force claim.

If you find that one of the Detectives did use force against Mr. Basile, while he was handcuffed, then you must decide whether the amount of force that that Detective used was objectively reasonable in light of the facts and circumstances confronting that Detective. To make that decision, you must determine the degree of force that a reasonable and prudent officer would have applied under the circumstances shown from the evidence received in this case.

This reasonableness inquiry is an objective one. The question is whether a defendant officer's actions are objectively reasonable in light of the facts and circumstances confronting that defendant without regard to that defendant's underlying intent or motivation. That means that allegations about an officer's bad intentions will not make the use of objectively reasonable force unconstitutional. Similarly, an officer's good intentions will not make the use of objectively unreasonable force constitutional. In other words, the plaintiff need not prove that a defendant intended to violate his rights.

If you find that Mr. Basile has proven by a preponderance of the evidence that one of the Detectives' use of force against her was unreasonable, then you will return a verdict for the Mr. Basile on this claim with respect to that Detective. If you find that the plaintiff has not proven by a preponderance of the evidence that the Detective's use of force against her was unreasonable, then you will return a verdict for defendant on this claim.

As a general matter, whether or not the force used was unreasonable is a question to be answered by you in light of all of the evidence a described above. I further instruct you that it would be an unreasonable use of force for an officer to slap, punch or otherwise strike an individual who is retained in handcuffs in a police precinct. Therefore, if you find by a preponderance of the evidence that one of the Detectives in this case used force in that way, you must find that the Detective in question used force that was excessive.

## IV. COMMON LAW ASSAULT AND BATTERY[5]

Mr. Basile's second is that one or more Nassau County Police Officers subjected him to assault and battery. The elements of this claim are substantially identical to the excessive force claim. However, this claim is brought against Nassau County, not the two Detectives. Therefore, you do not need to analyze this claim as to each Detecitve as you will do when you consider the Mr. Basile's excessive force claim. Instead, if you find that the plaintiff has proven by a preponderance of the evidence that either of the Detectives used excessive force against him, or if you find that Mr. Basile has proven by a preponderance of the evidence that any other Nassau County police officer or detective used excessive force against him, you must find for the plaintiff on his claim for assault and battery.

## V. DAMAGES[6]

If you determine that none of the defendants are liable, then you must not consider damages. But if Plaintiff Roger Basile has proven by a preponderance of the evidence that any of the defendants is liable, then you must determine the damages to which Mr. Basile is entitled. However, you should not infer that Mr. Basile is entitled to recover damages merely because I

---

[5] [5]Adapted from *Martinez. v. The City of New York, et al.* 16-CV-79(NRM)*,* the transcript for which is appended to this submission.

[6] Adapted from *Greenaway, et al. v. County of Nassau, et al.*, 11-cv-02024 (LDH), ECF No. 124.

am instructing you on the elements of damages. It is exclusively your function to decide liability, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Basile is entitled to recover.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. In making a decision about damages, you are to consider this case and this case only. The law does not require that Mr. Basile prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**A. Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole, that is, to compensate him or him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort that he or he suffered because of a defendant's conduct. In addition, Mr. Basile is seeking damages for the loss of his liberty. Loss of liberty damages compensate an individual for, among other things, the loss of time, the loss of free movement and the loss of dignity resulting from an unlawful detention. Being wrongfully prosecuted is, in itself, a loss of liberty.[7]

---

[7] *See Barnes v. City of New York*, 68 F.4th 123, 129 (2d Cir. 2023) (citing *Basile*).

I remind you that you may award compensatory damages only for injuries that Mr. Basile proved were caused by a Defendants' wrongful conduct. He may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of the rights at issue here. You may, however, compensate Mr. Basile to the extent that you find that he was furthered injured one of the Defendants. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Basile has actually suffered resulting from a Defendant's actions or failure to act. However, should you find a Defendant violated Mr. Basile's rights, or committed the tort of assault and battery, he is entitled to compensatory damages for his injuries. In all instances, as I stated previously, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**B. Punitive Damages**

Whether or not you award Mr. Basile actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, if any, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award punitive damages if you find that the acts or omissions of either Detective Perkins, Detective Lashinsky, or another Passau County police officer or detective, were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. A plaintiff has the burden of

proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to a plaintiff's rights.

If you find by a preponderance of the evidence that the detective who used force acted with malicious intent to violate Mr. Basile's federal rights or unlawfully injure them, or if you find that he acted with a callous or reckless disregard of Mr. Basile's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent a detective or police officer from similarly wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that may have been committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant should be

punished for the wrongful conduct, and the degree to which an award of one sum or another will deter him, or persons like him, from committing wrongful acts in the future.

**C. No Double Recovery**

I have said that, if you return a verdict for Mr. Basile, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe they actually sustained as a direct result of the conduct of the defendants. In this case, the plaintiff has two claims: a federal Section 1983 claim, and a state law claim for assault and battery. If you find that the plaintiff has proven more than one of his claims, you must remember, in calculating the damages, that he is entitled to be compensated only once for the injuries he actually suffered.

In this case, if you find injuries and damages would be the same from more than one claim, then you must compensate the plaintiff only once. Therefore, if you find such violations, you can only compensate the plaintiff once for all the injuries and damages you find he sustained for such violations as you may find.