```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  ROGER BASILE,

                     Plaintiff,           MEMORANDUM & ORDER
                                          20-CV-00576(EK)(RLM)
             -against-

  COUNTY of NASSAU, DET. JESSE PERKINS,
  and DET. ROBERT LASHINSKY,

                     Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Roger Basile has sued Nassau County and two detectives, Jesse Perkins and Robert Lashinsky. His short amended complaint alleges that after being arrested for larceny, he was taken to a Nassau County police precinct. There, he was "threatened, beaten and struck" while handcuffed to a bench in an interrogation room, causing him to lose consciousness. The complaint alleges that this assault was carried out "by" both Perkins and Lashinsky, Am. Compl. ¶ 7, ECF No. 47, and Basile names them both as defendants to both his claims (Section 1983 excessive force and state-law battery).

        At his deposition, however, Basile testified that Detective Perkins carried out the assault alone. *See* Defs.' Ex. A at 40:8-10, ECF No. 52-2 (Q: Did anybody accompany Detective Perkins into that [interrogation] room? A: No.). He went on to

testify that he does not "know Detective Lashinsky," nor of "any direct involvement from that day" by Lashinsky.  *Id.* at 73:4-19.

Lashinsky now moves for summary judgment on the claims against him.  For the reasons that follow, that motion is denied.

## I. Discussion

This motion presents the question: can a plaintiff survive summary judgment on an assault claim against a defendant when he has expressly denied being assaulted by that person?  He can, in certain circumstances.  As discussed below, these are such circumstances.

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  "A fact is material for these purposes if it might affect the outcome of the suit under the governing law.  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001).[1]

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The moving party has the burden of demonstrating the absence of a dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant carries that burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). If the non-moving party fails to do so, the Court should grant summary judgment. In performing this analysis, the Court must resolve all ambiguities and draw all inferences in favor of the non-moving party (here, Basile). *E.g.*, *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

Notably, courts "may not weigh evidence or assess the credibility of witnesses at the summary judgment stage." *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005). Where the evidence presents "a question of 'he said, she said,'" the court "cannot . . . take a side at the summary judgment stage." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010).

Lashinsky argues that based on the record adduced in discovery, no reasonable factfinder could conclude that he assaulted Basile. *See* Defs.' Mem. of L. in Supp. Mot. for Partial Summary J. ("Defs.' Mem.") 13, ECF No. 52-4; Defs.'

Letter, ECF No. 56. Lashinsky reasons that there is no witness who will testify that he assaulted Basile; Basile testified that Perkins — alone — did, while both Perkins and Lashinsky testified that nobody did. *See* Defs.' Mem. 13. Thus, Lashinsky asserts, there is no genuine issue of material fact as to whether Lashinsky assaulted Basile. *See id.*

The law of summary judgment does not support Lashinsky's position. Among other things, a defendant seeking summary judgment "must meet the difficult burden of demonstrating that there is *no evidence* in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor." *Jeffreys*, 426 F.3d at 554 (emphasis added). Lashinksy has not carried that burden here.

Resolving all ambiguities and drawing all inferences in favor of Basile, a reasonable factfinder could find that Lashinsky assaulted Basile, even though Basile testified at his deposition that Lashinsky was not present. At a deposition, Lashinsky testified that he was alone in an interrogation room with Basile on the day Basile suffered the injuries at issue, within "three feet" of Basile. Defs.' Ex. B. at 41:12-20, ECF No. 52-3. Though Perkins and Lashinsky are of different races,

4

they bear many other similarities of appearance.[2] Lashinsky described himself as "pretty much bald," six feet tall, and weighing 220 pounds when he met Basile. Defs.' Ex. B. at 33:20-24; Pl.'s Ex. 3 at 81:7-11, ECF No. 53-4. Basile, in turn, testified that a detective, "a big guy, six foot . . . and change, built, muscular, . . . [with a] shaved head," was alone with him in an interrogation room, no more than three feet away from him — and assaulted him. Defs.' Ex. A. at 38:7-10, 40:6-13, 41:9-11, 43:16, 44:17, 45:3-5. Another officer in the precinct testified that he "had pictures taken of Mr. Basile and of Detective Lashinsky" because Basile accused Detective Lashinsky of attacking him. Pl.'s Ex. 2 at 16:4-17, ECF No. 53-3. And medical evidence supports that Basile suffered the injuries he claims. *See* Pl.'s Ex. 1, ECF No. 53-2 (report of Basile's physician). On this record, a reasonable factfinder could find that Basile was assaulted by a detective in an interrogation room, and that this detective was Lashinsky — the "big guy" who says he was there, and who had his photo taken because Basile accused him.

---

[2] Basile states in his Rule 56.1 statement that "[d]espite being different races, the two detectives resemble each other." Pl.'s Local Rule 56.1 Counterstatement of Facts ¶ 16, ECF No. 53-8. Basile has submitted photographs of Perkins and Lashinsky that Basile contends demonstrate this similarity. *See* Pls. Exs. 5-6, ECF Nos. 53-6, 53-7.

5

Of course, there is also evidence in the record weighing against that conclusion — for example, Basile testified that the assailant was Perkins, *e.g.*, Defs.' Ex. A at 37:24-38:6, and Lashinsky denied touching Basile. Defs.' Ex. B at 42:25-43:4. But a factfinder is entitled "to credit or discredit all or part of the testimony" of a given witness. *Moore v. Chesapeake & O. Ry. Co.*, 340 U.S. 573, 576 (1951). And because a court at summary judgment may not, generally speaking, "resolve [a] factual clash," *Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 535 (S.D.N.Y. 2017), Lashinsky cannot obtain summary judgment by pointing to countervailing evidence that a reasonable factfinder could choose to disregard.

This is true here despite the fact that Basile is not just a witness, but a party. Concessions like the one Basile made in deposition testimony do not rise to the level of "judicial admissions" — "intentional, clear, and unambiguous" statements "by a party or its counsel which ha[ve] the effect of withdrawing a fact from contention and which bind[] the party making [them] throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360-61 (2d Cir. 2020). Judicial admissions are often found in pleadings and responses to requests for admission. *See generally* 8B Charles A. Wright & Arthur T. Miller, *Federal Practice and Procedure* § 2264 (3d ed. 2017) ("Use and Effect of Admissions"). Deposition testimony

instead constitutes at most "an evidentiary admission," generally speaking, and "may be controverted or explained by the party" in question. *Guadagno v. Wallack Ader Levithan Assocs.*, 950 F. Supp. 1258, 1261 (S.D.N.Y.) (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995)), *aff'd*, 125 F.3d 844 (2d Cir. 1997). Even at trial, "a party that admits on the witness stand a fact damaging to his case is ordinarily free to contradict that fact through the testimony of other witnesses and argue that their testimony should be believed over his own." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016).

Here, Basile's attorney may do just that. Federal Rule of Evidence 607 empowers parties to impeach their own witnesses — including themselves. For example, in *Wiseman v. Tastefully Better*, No. 19-CV-1441, 2023 WL 3200229, at *4 (N.D. Ill. May 2, 2023), the plaintiff's counsel impeached the wage-and-hour plaintiff with her deposition testimony, where she had testified that she had no unpaid wages, anticipating that she would otherwise be cross-examined on the contradiction. *See id.* The *Wiseman* court deemed this proper impeachment of one's own witness and denied the defendants a new trial. *See id.* at *1, *4.

## IV. Conclusion

For the foregoing reasons, the motion for partial summary judgment is denied in its entirety.

SO ORDERED.

                                     /s/ Eric Komitee
                                     ERIC KOMITEE
                                     United States District Judge

Dated:     October 19, 2023
             Brooklyn, New York