UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROGER BASILE,

                     Plaintiff,                    20-CV-00576 (EK)(LB)

      -against-                         **DEFENDANTS'**
                                          **ADDITIONAL**
COUNTY OF NASSAU,                     **<u>JURY INSTRUCTIONS</u>**
DETECTIVE JESSE PERKINS,
DETECTIVE ROBERT LASHINSKY,

                   Defendants.
--------------------------------------------------------X

Defendants, County of Nassau, Detective Jesse Perkins and Detective Robert Lashinsky (collectively, the "County Defendants"), by their attorney, Thomas A. Adams, Nassau County Attorney, by Ralph J. Reissman, Deputy County Attorney, respectfully submit additional jury instructions as directed by the Court on October 30, 2023.

1

4 Modern Federal Jury Instructions

¶ 73.01Burden of Proof

Instruction 73-1 Burden of Proof-General Instruction

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence).

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

¶ 74.01 General Evidence Instructions

Instruction 74-1 What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.
To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

¶ 75.01 Inferences

Instruction 75-1 Inference Defined

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.
So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

¶ 75.02 Presumptions

Instruction 75-8 Presumptions—Rebuttable Presumption Defined

You have heard arguments by counsel which call on you to make certain presumptions. What is a presumption? A presumption requires you to find one fact from the existence of another fact.

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact has been proved. Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact also was proved.

One word of caution. The mere existence of a presumption never shifts the burden of proof. In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff (*or* defendant) to prove all the elements of his claim. The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability.

¶ 76.01. Witness Credibility.

Instruction 76 1 Witness Credibility

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

¶ 77.01 Damages

Instruction 77-1 Consider Damages Only If Necessary

If the plaintiff has proven by a preponderance of the credible evidence that defendants are liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

¶ 87.0342 U.S.C. § 1983

[1] General Instructions

Instruction 87-65 The Statute

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional (*or* statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

   Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

   To establish a claim under Section 1983, plaintiff must prove by a preponderance of the evidence, the following three elements: first, that the conduct of the defendants was under color of state law; second, that this conduct deprived plaintiff of a right protected by the Constitution of the United States; and third, the conduct of the defendants caused the injuries and damages claimed by plaintiff.

   I will explain each of these elements to you.

   First, there is no dispute in this case that, at all relevant times, that defendant McGarrigle was acting under color of state law.  That is to say, the first element of the claim is not in dispute since the defendants, Nassau County, Detective Perkins and Detective Lashinsky admit that they were acting under color of state law regarding the claim in issue.

   The Second element requires that plaintiffs prove that the defendant's conduct deprived plaintiff of a federal right.

**Plaintiff's Fourth and Fourteenth Amendment Claim**

In his Amended Complaint, plaintiff claims that Detective Perkins and Detective Lashinsky used excessive force in the holding cell of the Seventh Precinct on October 11, 2018 in violation of the Fourth and Fourteenth Amendments.

The Fourth Amendment to the United States Constitution provides as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourteenth Amendment to the United States Constitution provides as follows in relevant part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## EXCESSIVE FORCE

As to the claim for the Constitutional violation of excessive force, when being arrested under the Fourth Amendment to the United States Constitution, a person has a constitutional right to be free of excessive force when arrested.

With regard to the claim of excessive force, you are instructed that every person has the right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.  Whether or not the force used in making the arrest was unnecessary or unreasonable is an issue to be determined in light of all the surrounding circumstances, on the basis of that degree of force a <u>reasonable police officer</u> would have applied in effecting the arrest, under the circumstances disclosed in this case.

In this case, where the parties' factual contentions are disputed, you must consider the question of what events actually occurred, and whose version of the events you will accept. You must first determine, on the basis of your findings as to the events that occurred, whether any force was used. If you do find that force was used, in order to find for the plaintiff, you must find that the force used was that kind and degree of force that was unreasonable in the circumstances.

In answering this question, namely, whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including such factors as the nature of the offense that the police officer believed plaintiff had committed, whether the plaintiff posed an immediate threat to the safety of the defendant police officer, himself or others and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied. In the course of their duty police officers making an arrest may use only reasonable force – not excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Excessive force claims are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred.[1]

In sum, if you find that the plaintiff has established, by a preponderance of the credible evidence, that the defendants used excessive force while plaintiff was located in the holding cell of the Seventh Precinct on October 11, 2018, then the plaintiff is entitled to recover from the defendants for the injuries and damages caused by such excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the credible evidence, that the defendants used excessive force while plaintiff was located in the

---

[1] *Tennessee v. Garner*, 471 U.S. 1, 8 (1985); *Graham v. Conner*, 490 U.S. 386, 395 (1989); *Saucier v. Katz,* 533 U.S. 194, 207 (2001)

holding cell of the Seventh Precinct on October 11, 2018, then your verdict will be in favor of the defendants on the plaintiff's Section 1983 claim alleging excessive force.[2]

---

[2] Section 1983 Litigation, Second Edition, Aspen Publishers, § 3.01, § 7.01

## STATE LAW CLAIM OF ASSAULT AND BATTERY

Plaintiff also asserts a New York state law claim for assault and battery.

To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the claimant in imminent apprehension of harmful contact.[3] An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.[4]

The plaintiff claims that the defendants caused plaintiff to believe that offensive bodily contact was about to occur and placed plaintiff in apprehension of imminent offensive contact. The defendants deny that they did so.

If you find that the defendants intentionally caused plaintiff to believe that offensive bodily contact was about to occur and that the defendant had the real or apparent ability to carry out the

---

[3] *Gould v Rempel*, 99 AD3d 759 (2d Dept. 2012).
[4] *Doe v. Alsaud*, 224 F. Supp.3d 286, 294 (S.D.N.Y. 2016)

threat, and that the plaintiff had such apprehension, you will find that the defendants committed an assault.

A valid claim for battery exists where a person intentionally touches another without that person's consent. The plaintiff must prove that there was bodily contact and that the contact was offensive and wrongful under all circumstances. However, an action for battery may be sustained without a showing that the actor intended to cause an injury as a result of the offensive contact; but it is necessary to show that the intended contact was offensive. There must be an intent to make contact. Lack of consent is an indicia but not conclusive of offensive contact. Offensive contact may offend a reasonable sense of personal dignity.[5]

If you find that defendants intentionally touched plaintiff without his consent, and that there was bodily contact and that the contact was offensive and wrongful under all circumstances, then you will find that the defendants are liable for battery.. "

"

---

[5] (PJI 3:3 *citing* Restatement, [Second] of Torts §19; Prosser and Keeton, Torts [5th Ed] 39, 41-42 §9; 1 Harper and James, The Law of Torts 213, §3.2).

<u>**Plaintiff's Claim Against Nassau County for Assault and Battery**</u>

A municipality may be vicariously liable on a state law assault and battery claim for torts committed by a police officer under a theory of respondeat superior.[6]

A municipal employer cannot be vicariously liable in the absence of unlawful conduct. *Triolo v. Nassau Cnty.*, 24 F. 4th 98, 111 (2d Cir. 2022).

If you find that Detective Perkins or Detective Lashinsky is liable for assault and battery, you may find that Nassau County is vicariously liable for assault and battery.

If you find that Detective Perkins and Detective Lashinsky are not liable for assault and battery, you may not find that Nassau County is vicariously liable for assault and battery.

---

[6] *See Williams v City of White Plains*, 718 F. Supp. 2d 374, 381 (S.D.N.Y 2010); *see also Merritt v Village of Mamaroneck*, 233 A.D.2d 303, 304 (2d Dept. 1996)/

¶ 78.01Jury Deliberations

Instruction 78-1 Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.