

Rob Rickner | rob@ricknerpllc.com

October 30, 2023

**Via ECF**

Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Basile v. County of Nassau, et al.*, 20-CV-00576 (EK)(LB)

Your Honor:

We represent the Plaintiff Roger Basile and we write to provide additional briefing regarding use of adverse questions when questioning a non-party aligned with one of the Defendants, general jury instructions, jury instructions as to common law battery, and jury instructions as to the liability of the County of Nassau.

## I.    Counsel should be permitted to examine the non-party officers using leading questions.

Federal Rule of Evidence 611 has a preference for non-leading questions during an examination. As Judge Weinstein has noted, there are three reasons that, generally, this is the correct approach: "First, that the witness is presumed to have a bias in favor of the party calling him; secondly, that the party calling a witness, knowing what that witness may prove, might by leading bring out only that portion of the witness' story favorable to his own case; and thirdly, that a witness, intending to be entirely fair and honest might assent to a leading question which did not express his real meaning." Weinstein's Federal Evidence § 611.06, at 4-611 (citation and footnote omitted).

When a witness is the employee of an adverse party, or otherwise identifies with a defendant, the logic behind this rule does not apply. Consequently, Rule 611 allows leading questions on direct exam, "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Following this exception, a non-party police officer who has previously testified in support of a fellow officer, particularly one who was previously a defendant in the civil case, is a witness who has identified with an adverse party, and can be examined using leading questions. *See McLeod v. Llano*, No. 17-CV-6062 (ARR) (RLM), 2021 WL 1669732, at *8 (E.D.N.Y. Apr. 28, 2021); *see also Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) ("[T]he district court should have permitted leading questions during plaintiffs' direct examinations of [the non-party officers]. These police officers were employees of defendant City of Chicago at all times during the litigation and were each present during portions of the incident which gave rise to this lawsuit.").

Rickner PLLC

Here, the non-party officers are former defendants, provided statements to internal affairs claiming that Plaintiff had not been assaulted, provided favorable deposition testimony to the Defendants, or some combination of the three. And they all are, or were, employees of Defendant the County of Nassau. They are not your typical, disinterested non-party witnesses. And none of Judge Weinstein's three concerns apply; none of these witnesses are going to do Plaintiff any favors. So using leading questions in appropriate and will speed the progress of the trial.

## II.      Plaintiff requests the following instructions from Modern Federal Jury Instructions.

In general, Plaintiff proposes the following jury instructions from Modern Federal Jury Instructions, sometimes called Sands, after the judge who first wrote it. By proposing these, Plaintiff does not waive any argument that these may need adjustments to better it this case, or may need portions deleted because they do not apply to the facts here.

Instruction 71–2 Role of the Court

Instruction 71–3 Role of the Jury

Instruction 73-1 Burden of Proof-General Instruction

Instruction 73-2 Preponderance of the Evidence

Instruction 74-1 What Is and Is Not Evidence

Instruction 74-2 Direct and Circumstantial Evidence

Instruction 76-1 Witness Credibility

Instruction 76-2 Bias

Instruction 76-5 Impeachment by Prior Inconsistent Statements

Instruction 77-3 Compensatory Damages

Instruction 77-5 Punitive Damages

Instruction 78-1 Right To See Exhibits and Hear Testimony; Communications with Court

Instruction 78-3 Duty To Deliberate/Unanimous Verdict

Instruction 87-74C Excessive Force – *with modifications*

The Second Circuit has ruled that almost any use of force while someone is in handcuffs, and not resisting, is prohibited: "[Plaintiff] testified that he did not exert any force to resist arrest and his objections were purely verbal. … If [plaintiff's] version of events is credited, a reasonable jury

Rickner PLLC

could find that the force was 'beyond that which was warranted by the objective circumstances of the arrest.' …[defendant] used unnecessary force to restrain an unresisting individual and deliberately attempted to harm [plaintiff] when he was already in handcuffs." *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 149–50 (2d Cir. 2021). The Fourth Amendment claim was allowed to go forward even though the plaintiff only suffered *de minimus* injury. *Id.*

Given this law, we submit that the following addition is necessary:

> I further instruct you that it would be an unreasonable use of force for an officer to slap, punch or otherwise strike an individual who is retained in handcuffs in a police precinct. Therefore, if you find by a preponderance of the evidence that one of the Detectives in this case used force in that way, you must find that the Detective in question used force that was excessive.

### III.   The elements of the tort of battery are essentially the same as the Fourth Amendment standard for excessive force.

There is no practical need for separate excessive force and common law battery jury instructions. "Federal excessive force claims and state law assault and battery claims against police officers are nearly identical." *Graham v. City of New York*, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013) (citing *Humphrey v. Landers*, 344 Fed.Appx. 686, 688 (2d Cir.2009) ("[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical." (alteration in original) (quoting *Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir.1991))). If anything, separate instructions could be confusing to the jury. It is sufficient to say that the elements are essentially the same, except that under the common law the County of Nassau is also liable.

### IV.   The County of Nassau is liable even if the jury does not agree on, or finds the evidence in sufficient to prove, which Detective assaulted Plaintiff.

At the outset, it should be noted, the County of Nassau has conceded that Detectives Lashinsky and Perkins were acting within the scope of their employment, because if they claimed otherwise, there would be an unwaivable conflict of interest in the joint representation: "The Police Officer Indemnification Board does hereby determine this 13 day of April, 2021 as follows: The acts alleged were committed while in the proper discharge of said officer(s); duties and within the scope of his/her employment." Dkt. No. 56 at 9.

Thus, there should be no question, as a matter of law, that the County is liable under the doctrine of *respondeat superior* for the actions of the two Detectives. And the jury should not be permitted to consider any other position, because this formal finding, submitted as part of a brief on the very conflict that would be created if they took an adverse position, is a binding judicial admission. *See In re Motors Liquidation Co.*, 957 F.3d 357, 361 (2d Cir. 2020) (explaining that clear and unambiguous statement of fact, in litigation, is a binding judicial admission).

The question, therefore, is whether the County can be liable even if the jury does not find there is liability against an individual officer. It can be. It is very possible that the jury could find that a

Rickner PLLC

Nassau County Police Department Detective assaulted Plaintiff, but that Plaintiff had not proven which of the two Detectives was responsible. Plaintiff can meet his burden of proving an officer did it, without proving by a preponderance of the evidence which specific officer did it.

For Plaintiff's New York state law claims, as long as there has been a violation of state law by employees of a municipality acting within the scope of their employment, there is no need for any of the individual officers to ever be joined as defendants, or even identified. *See Universal Calvary Church v. City of New York*, No. 96-CV-4606 (RPP), 2000 WL 1538019, at *23 (S.D.N.Y. Oct. 17, 2000) ("The police officers on the scene were the authorized agents of the City of New York. [Plaintiff's] testimony supports a claim of assault and battery. A principal is generally liable for the acts of its agents acting within the scope of their authority. Therefore, [plaintiff] may proceed with his common law claim of assault and battery against unidentified police officers."); *Alli v. Steward-Bowden*, 2013 WL 5229995, at *2 (S.D.N.Y. 2013) ("It is true that a state law claim may proceed on a *respondeat superior* theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified").

Similarly, at least one court has upheld a verdict against a municipality where the plaintiff may have been mistaken as to which officer was responsible: "The jury reasonably could have believed that [plaintiff] was testifying truthfully and accurately concerning the events but was simply mistaken as to the identity of the officer." *Hurt v. City of New York*, No. 15-CV-7612 (PKC), 2019 WL 5781990, at *7 (S.D.N.Y. Nov. 6, 2019).

In sum, the Detectives need not have even been sued, or even known. So even if the jury finds that the Plaintiff failed to prove who exactly assaulted him, the jury could still find that Plaintiff has proven that a Nassau County employee sued him, and thus the County will be liable for the damages Plaintiff suffered.

Respectfully,

    /s/

Rob Rickner