**FINAL INSTRUCTIONS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**COURT EXHIBIT**
20CV0576
#1

-------------------------------------x

ROGER BASILE,

                Plaintiff,

            -against-

COUNTY of NASSAU, DET. JESSE PERKINS,
and DET. ROBERT LASHINSKY,

               Defendants.

-------------------------------------x

**JURY INSTRUCTIONS**
20-CV-00576(EK)(LB)

ERIC KOMITEE, United States District Judge:

        Pursuant to Federal Rule of Civil Procedure 51(b)(1),

the Court informs the parties of its proposed instructions and

proposed actions on the parties' requests to charge, as follows:

# FINAL INSTRUCTIONS

## Table of Instructions

Table of Instructions .......................................... ii

Jury Instruction No. 1 Role of the Court ...................... 1

Jury Instruction No. 2 Role of the Jury ....................... 2

Jury Instruction No. 3 Right To See Exhibits and Hear Testimony;
      Communications with Court ............................... 4

Jury Instruction No. 4 Duty to Deliberate; Unanimous Verdict ... 5

Jury Instruction No. 5 Selection of Foreperson ................ 7

Jury Instruction No. 6 Return of Verdict ...................... 8

Jury Instruction No. 7 Burden of Proof and Preponderance of the
      Evidence ................................................ 9

Jury Instruction No. 8 What Is and Is Not Evidence ........... 11

Jury Instruction No. 9 Direct and Circumstantial Evidence ..... 13

Jury Instruction No. 10 Inference Defined ..................... 14

Jury Instruction No. 11 Witness Credibility; Testimony of
      Officers ............................................... 16

Jury Instruction No. 12 Bias ................................. 19

Jury Instruction No. 13 Impeachment by Prior Inconsistent
      Statements ............................................. 20

Jury Instruction No. 14 Overview of Substantive Claims ....... 22

Jury Instruction No. 15 42 U.S.C. § 1983 – The Statute ....... 23

Jury Instruction No. 16  Excessive Force ..................... 25

Jury Instruction No. 17 New York Battery Claim ............... 28

Jury Instruction No. 18 Damages Generally .................... 30

## FINAL INSTRUCTIONS

Jury Instruction No. 19 Compensatory Damages .................. 31

Jury Instruction No. 20 Punitive Damages ..................... 34

## FINAL INSTRUCTIONS

### Jury Instruction No. 1
### Role of the Court

You have now heard all of the evidence in the case, as well as the final arguments from the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**FINAL INSTRUCTIONS**

### Jury Instruction No. 2
### Role of the Jury

As members of the jury, you are the sole judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve any conflicts that may have arisen in the testimony.  You draw whatever reasonable inferences you decide from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is anything I may have said during this trial, or anything that I may say in these instructions.  In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence.  But you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision

2

**FINAL INSTRUCTIONS**

should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion about the facts at all on my part, let alone any opinion as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court — that is, the judge — has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice toward any party.

FINAL INSTRUCTIONS

### Jury Instruction No. 3
### Right To See Exhibits and Hear Testimony; Communications with Court

So: you are about to go into the jury room and begin your deliberations.  If you want any of the testimony read back to you, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  During the trial, several items were received into evidence, and they will be sent into the jury room with you when you begin to deliberate.  Examine the exhibits if you think doing so would help you in your deliberations.

Any request for testimony — in fact any communication with the Court — should be made to me in a written note, signed by your foreperson and given to one of the marshals.  In any event, **do not tell me or anyone else** how the jury stands on any issue until after a unanimous verdict is reached.

4

**FINAL INSTRUCTIONS**

### Jury Instruction No. 4
### Duty to Deliberate; Unanimous Verdict

To prevail, Plaintiff must sustain his burden of proof as I have explained it to you with respect to each element of each claim. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff and for the defendant or defendants named in that claim.

It is your solemn duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion if you become convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusions that, in your good conscience, appear to be in accordance with the truth.

**FINAL INSTRUCTIONS**

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**FINAL INSTRUCTIONS**

## Jury Instruction No. 5
## Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.  Traditionally, juror number one acts as foreperson.  You must have a foreperson so that your deliberations may proceed in an orderly fashion.  But, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

**FINAL INSTRUCTIONS**

## Jury Instruction No. 6
### Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you.  He or she will then sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**FINAL INSTRUCTIONS**

### Jury Instruction No. 7
### Burden of Proof and Preponderance of the Evidence

Plaintiff has the burden of proving every disputed element of his claims to you by a preponderance of the evidence. As I instructed you at the beginning of this case, to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the plaintiff. That is because the party bearing this burden must prove more than simple equality of evidence — he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the plaintiff — that it is more likely

9

## FINAL INSTRUCTIONS

true than not true that an element of the plaintiff's claim is satisfied — then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. As I said out the outset, that requirement does not apply to a civil case such as this, and you should put it out of your mind.

So, in summary, if after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

**FINAL INSTRUCTIONS**

**<u>Jury Instruction No. 8</u>**
**<u>What Is and Is Not Evidence</u>**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

By contrast, the questions of the lawyers are not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness's credibility — you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if

**FINAL INSTRUCTIONS**

your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence that the jury may consider, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**FINAL INSTRUCTIONS**

## Jury Instruction No. 9
### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses — something he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence.  This is evidence which tends to prove a disputed fact by proof of other facts.

That is all there is to circumstantial evidence.  You infer, on the basis of reason, experience and common sense, the existence or non-existence of some fact from another established fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance all the evidence presented.

13

FINAL INSTRUCTIONS

## Jury Instruction No. 10
## Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw — but not required to draw — from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find

**FINAL INSTRUCTIONS**

to be proven, such reasonable inferences as would be justified

in light of your experience.

FINAL INSTRUCTIONS

### Jury Instruction No. 11
### Witness Credibility; Testimony of Officers

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by the two sides.  It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor — that is, his or her carriage, behavior, bearing,

16

**FINAL INSTRUCTIONS**

manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.

In this case you heard the testimony of police officers.  The testimony of a witness should not be believed solely and simply because the witness is a police officer.  At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer.  You

17

**FINAL INSTRUCTIONS**

must evaluate a police officer's testimony in the same way you
would evaluate the testimony of any other witness.

**FINAL INSTRUCTIONS**

## Jury Instruction No. 12
### Bias

In deciding whether to believe a witness, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

If you find reason to believe that a witness may be biased, you should view his or her testimony with caution, weigh it with care, and subject it to close scrutiny.

FINAL INSTRUCTIONS

## Jury Instruction No. 13
## Impeachment by Prior Inconsistent Statements

You may have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight

**FINAL INSTRUCTIONS**

to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

FINAL INSTRUCTIONS

## Jury Instruction No. 14
### Overview of Substantive Claims

Plaintiff Roger Basile has brought two sets of claims in this action.  The first is under federal law for unconstitutionally excessive force.  This claim is brought against Detective Jesse Perkins and Detective Robert Lashinsky. The second is a New York state law claim for battery against all three defendants — Detective Perkins, Detective Lashinsky, and the County of Nassau.  The elements of each claim are as follows.

**FINAL INSTRUCTIONS**

## Jury Instruction No. 15
## 42 U.S.C. § 1983 — The Statute

The Plaintiff has brought claims under 42 U.S.C. § 1983.  This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law.  Section 1983 provides in part that:

> Every person who, under color of state law, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any of the rights, privileges, or immunities secured by the United States Constitution and federal laws, shall be liable to the party injured for damages.

Section 1983 creates a remedy for violations of constitutional and federal rights.  The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a claim under Section 1983, plaintiff must prove, by a preponderance of the evidence, the following three elements: first, that the conduct of the defendants was under color of state law; second, that this conduct deprived plaintiff of a right protected by the Constitution of the United States; and third, the conduct of the defendants caused the injuries and damages claimed by plaintiff.

23

**FINAL INSTRUCTIONS**

I will explain each of these elements to you.

As to the **First** element, there is no dispute in this case that, at all relevant times, defendants Det. Perkins and Det. Lashinsky were acting under color of state law. That is to say, the first element of the claim is not in dispute since the defendants, Det. Perkins and Det. Lashinsky, admit that they were acting under color of state law regarding the claims in this action.

The **Second** element requires Basile to prove that the defendants' conduct deprived plaintiff of a federal right — here, a right guaranteed by the Fourth Amendment to the Constitution, as I will explain in a moment.

The **Third** element that Mr. Basile must prove is that the defendants' acts were a proximate cause of the injuries sustained by him. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendants' actions.

24

**FINAL INSTRUCTIONS**

## Jury Instruction No. 16
### Excessive Force

Now, I want to provide you with some additional instructions about the deprivation of constitutional rights that Mr. Basile is alleging here.  Mr. Basile alleges that he was deprived of his constitutional rights because government employees used excessive force against him.  The Fourth Amendment of the United States Constitution protects individuals against the government's use of excessive force.  In this case, Mr. Basile claims that he was subjected to excessive force by a Detective while he was detained and handcuffed at a Nassau County police precinct.  Because he alleges that only one of the Detectives used excessive force against him, you may find, at most, that only one of these two Detectives used excessive force against Mr. Basile.  Or you may find that none of the Detectives used excessive force against the plaintiff.

Accordingly, you must first determine, for each Detective accused of using excessive force, whether Mr. Basile has proven by a preponderance of the evidence that the Detective used force against him.  If your answer is no, then your deliberations are over for that Detective as to this claim and you must bring back a verdict for that particular Detective on the excessive force claim.

25

## FINAL INSTRUCTIONS

If you find that one of the Detectives did use force against Mr. Basile while he was handcuffed, then you must decide whether the amount of force that that Detective used was objectively reasonable in light of the facts and circumstances confronting that Detective. To make that decision, you must determine the degree of force that a reasonable and prudent officer would have applied under the circumstances shown from the evidence received in this case.

This reasonableness inquiry is an objective one. The question is whether a defendant officer's actions are objectively reasonable in light of the facts and circumstances confronting that defendant without regard to that defendant's underlying intent or motivation. That means that allegations about an officer's bad intentions will not make the use of objectively reasonable force unconstitutional. Similarly, an officer's good intentions will not make the use of objectively unreasonable force constitutional. In other words, the plaintiff need not prove that a defendant intended to violate his rights.

If you find that Mr. Basile has proven by a preponderance of the evidence that one of the Detectives' use of force against him was unreasonable, then you will return a verdict for Mr. Basile on this claim with respect to that Detective. If you find that Mr. Basile has not proven by a

26

**FINAL INSTRUCTIONS**

preponderance of the evidence that the Detective's use of force against him was unreasonable, then you will return a verdict for defendant on this claim.

As a general matter, whether or not the force used was unreasonable is a question to be answered by you in light of all of the evidence as described above.  I instruct you that under the law of the Fourth Amendment, it would constitute an unreasonable use of force for an officer to punch or otherwise strike an unresisting individual who is detained in handcuffs in a police precinct and does not pose a threat.

FINAL INSTRUCTIONS

## Jury Instruction No. 17
### New York Battery Claim

Mr. Basile's second claim is that one or more Nassau County Police Officers subjected him to battery, as defined by the laws of the State of New York.  The elements of this claim — to the extent they are disputed — are substantially identical to the excessive force claim.  However, this claim, unlike the federal claim, is also brought against Nassau County.

Under New York State law, the County is liable for improper acts of its employees committed in furtherance of the employer's business and within the scope of the employees' authority.  Here, the parties agree that that includes the actions of the County's police officers and detectives, while they are on duty.  Therefore, if you find that the plaintiff has proven by a preponderance of the evidence that either of the Detectives used excessive force against him, you must find for the plaintiff on his claim for battery against that Defendant. You must also find Nassau County liable for that battery.

If you do not find by a preponderance of the evidence that Detective Lashinsky is liable on Mr. Basile's excessive force claim, or that Detective Perkins is liable on Mr. Basile's excessive force claim, you must consider whether Mr. Basile has demonstrated by a preponderance of the evidence that at least one of them used excessive force.  In that case, you must be

**FINAL INSTRUCTIONS**

unanimous in your determination that *an officer* used excessive

force against the plaintiff, even if you are not unanimous as to

*which officer* did.  If you make such a finding, you must find

Nassau County, alone, liable for battery.

FINAL INSTRUCTIONS

## Jury Instruction No. 18
### Damages Generally

I am now going to instruct you on damages.  If you determine that none of the defendants are liable, then you must not consider damages.  If Mr. Basile has proven by a preponderance of the evidence that a Defendant is liable on one or more of Plaintiff's claims, then you must determine the damages to which Plaintiff is entitled.  However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

**FINAL INSTRUCTIONS**

### Jury Instruction No. 19
### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights.  If you find that a defendant is liable on the claims, as I have explained them, then you must award Mr. Basile sufficient damages to compensate him for any injury proximately caused by that Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make Plaintiff whole — that is, to compensate him for the damage suffered.  Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that Mr. Basile proved were proximately caused by a Defendants' wrongful conduct.  He may not recover for any injury that existed prior to the incidents at issue, or for any injury that was not caused by the violation of the rights alleged here.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not

**FINAL INSTRUCTIONS**

award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

You should not award compensatory damages more than once for the same injury.  I have said that, if you return a verdict for Mr. Basile, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendants.  In this case, the plaintiff has two claims: a federal Section 1983 claim, and a state law claim for battery.  If you find that the plaintiff has proven his federal **and** state claims, you must remember, in calculating the damages,

**FINAL INSTRUCTIONS**

that he is entitled to be compensated only once for the injuries he actually suffered.

In this case, if you find injuries and damages would be the same from more than one claim, then you must compensate the plaintiff only once.  Therefore, if you find such violations, you can only compensate the plaintiff once for all the injuries and damages you find he sustained for such violations as you may find.

FINAL INSTRUCTIONS

## Jury Instruction No. 20
### Punitive Damages

If you find Detective Perkins or Detective Lashinsky liable to Mr. Basile, whether or not you award Mr. Basile actual damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages, if any, are awarded in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter similar conduct in the future. You may award punitive damages against Detective Perkins or Detective Lashinsky if you find that the acts or omissions of either detective were done maliciously or wantonly.  I will define those terms in just a moment.  But you may *not* award punitive damages against Nassau County — the applicable law does not permit recovery of punitive damages from a municipality, such as a county.

For purposes of determining whether to award punitive damages, an act or failure to act is **maliciously** done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is **wanton** if done with a reckless or callous disregard for the rights of the injured person.  A plaintiff has the burden of  proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to a plaintiff's rights.

34

## FINAL INSTRUCTIONS

If you find by a preponderance of the evidence that the detective who used force acted with malicious intent to violate Mr. Basile's federal rights or unlawfully injure him, or if you find that the detective acted with a callous or reckless disregard of Mr. Basile's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary.  That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them, based on the purposes I described just moments ago — punishing a defendant for outrageous conduct, and / or deterring him and others like him from engaging in similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent a detective or police officer from similarly wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter

FINAL INSTRUCTIONS

or prevent other persons from performing wrongful acts similar to those that may have been committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate *sum* of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant should be punished for the wrongful conduct, and the degree to which an award of one sum or another will deter him, or persons like him, from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.