UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ROGER BASILE,**

                                Plaintiff,

        -against-                                                    20-CV-00576 (EK)(LB)

**COUNTY OF NASSAU, DET. JESSE
PERKINS and DET. ROBERT
LASHINKSY,**

                                Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE DEFENDANTS' MOTIONS PURSUANT TO
FED. R. CIV. P. 59(e) AND FED. R. CIV. P. 60(b)**

Rickner PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

        Robert Rickner, Esq.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES ...............................................................................ii

PRELIMINARY STATEMENT ..........................................................................1

ARGUMENT.........................................................................................................3

   I.    THE VERDICT IS NOT INCONSISTENT, AND THE COUNTY HAS WAIVED ITS RIGHT TO A NEW TRIAL BY FAILING TO PROPERLY OBJECT. ....................................4

      a.    The County waived its right to seek a new trial by failing to object to the allegedly inconsistent verdict before the jury was discharged, and there was no fundamental error in the verdict........................................................................................................................4

      b.    The County also waived any inconsistency invited by the jury instructions or verdict sheet. ........................................................................................................................6

      c.    Even if this Court does consider whether there was an inconsistency in the verdict, it should deny the motion for a new trial. ................................................................8

   II.    THERE IS NO ERROR IN THE JURY CHARGES, AND EVEN IF THERE WAS, THE COUNTY WAIVED ANY OBJECTIONS. ...............................................................10

      a.    Because the County failed to object to the jury instruction, it must meet the difficult plain error standard. ................................................................................................10

      b.    The County cannot show there was plain error because the jury instructions accurately stated the law, and the County has not shown that clearly-established law holds otherwise. 12

   III.  THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT............15

   IV.  IF THIS COURT GRANTS A NEW TRIAL, IT SHOULD GRANT A NEW TRIAL ON ALL CLAIMS, INCLUDING THE ONES AGAINST PERKINS AND LASHINSKY..........17

CONCLUSION ...................................................................................................18

## TABLE OF AUTHORITIES

### CASES

*Ali v. Kipp*, 11-CV-5297 (NGG) (VMS), 2016 WL 7235719 (E.D.N.Y. Dec. 13, 2016),

    aff'd, 891 F.3d 59 (2d Cir. 2018) ................................................................9, 17

*Alli v. Steward-Bowden*, 2013 WL 5229995 (S.D.N.Y. 2013)......................................13

*Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34 (2d Cir. 2015) .....................5, 6, 11

*Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962)......................................9

*Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525 (2d Cir. 1992)....................................9

*Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414 (S.D.N.Y. 2014) ....................................12

*DeWitt v. New York State Hous. Fin. Agency*, 97-CV-4651 (SAS),

    1999 WL 672560 (S.D.N.Y. Aug. 26, 1999)..............................................................10

*Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416 (10th Cir.1986).....................4

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998) ......................................16

*Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109 (2d Cir. 2004).............................................6, 8, 11

*Ferreira v. City of Binghamton*, 975 F.3d 255 (2d Cir. 2020)..................................................13, 17

*Franco v. Gunsalus*, No. 22-339, 2023 WL 3590102 (2d Cir. May 23, 2023) ..............................7

*Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322 (9th Cir.1995)............................4

*Hurt v. City of New York*, 15-CV-7612 (PKC), 2019 WL 5781990

    (S.D.N.Y. Nov. 6, 2019) ....................................................................................14

*Jarvis v. Ford Motor Co.*, 283 F.3d 33 (2d Cir. 2002) ..................................................8

*Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932 (N.Y. 1999)..............................................12

*Kirkendoll v. Neustrom*, 379 F.2d 694 (10th Cir. 1967) ..................................................5

*Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74 (2d Cir. 2006) ..................................................4, 6, 7

*Lawton v. Alitalia-Linee Aeree Italiane-Societa*, 97-CV-4472 (THK),

    1999 WL 632846 (S.D.N.Y. Aug. 18, 1999) ...............................................................................15

*Leibovitz v. City of New York*, 14-CV-3297 (RA) (JCF), 2016 WL 3671232 (S.D.N.Y. Mar. 17,

    2016), report and recommendation adopted, 2016 WL 3661530 (S.D.N.Y. July 1, 2016).........14

*Lopez v. Tyson Foods, Inc.*, 690 F.3d 869 (8th Cir. 2012) ..............................................................7

*Motorola Credit Corp. v. Uzan*, 561 F.3d 123 (2d Cir.2009).........................................................12

*Munafo v. Metro. Transp. Auth.*, 381 F.3d 99 (2d Cir. 2004)..........................................................9

*Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215 (E.D.N.Y.),

    on reconsideration, 47 F. Supp. 3d 152 (E.D.N.Y. 2014).........................................................14

*Perks v. Town of Huntington*, 234 F. App'x 8 (2d Cir. 2007).........................................................5

*Raedle v. Credit Agricole Indosuez*, 670 F.3d 411 (2d Cir. 2012) .................................................16

*Rasanen v. Doe*, 723 F.3d 325 (2d Cir. 2013) ...............................................................................11

*Rock v. Cnty. of Suffolk*, 212 A.D.2d 587 (N.Y. 1995)...................................................................13

*Tolbert v. Queens Coll.*, 242 F.3d 58 (2d Cir.2001) ................................................................9, 18

*U.S. Football League v. Nat'l Football League*, 842 F.2d 1335 (2d Cir. 1988) ..............................5

*United States v. Olano*, 507 U.S. 725 (1993)................................................................................11

*Universal Calvary Church v. City of New York*, 96-CV-4606 (RPP), 2000 WL 1538019

    (S.D.N.Y. Oct. 17, 2000) ........................................................................................................13

*Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216 (2d Cir. 2020) .....................................................11

*Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 15-CV-6519 (KAM) (RLM), 2023 WL 3455057

    (E.D.N.Y. May 15, 2023) ........................................................................................................11

**STATUTES**

Federal Rule of Civil Procedure 51 ............................................................................... 7, 8, 11

Federal Rule of Civil Procedure 59 ..................................................................................... passim

Federal Rule of Civil Procedure 60 ........................................................................... 1, 5, 10, 11

Plaintiff Roger Basile ("Plaintiff") hereby submits this Opposition to the County of Nassau's ("County") motion under Federal Rule of Civil Procedure 59(e), and Federal Rule of Civil Procedure 60(b), challenging the jury's November 2, 2023 verdict in this matter, and the related judgment on November 28, 2023.

## PRELIMINARY STATEMENT

The County's motion is difficult to follow. The only challenge is to liability, likely a strategic attempt to secure a complete victory. But the arguments are not clear. Obviously, the County believes that because Detectives Jesse Perkins ("Perkins") and Detectives Robert Lashinksy ("Lashinky") were found not to be liable by the jury, and there is no other officer identified who may have battered Plaintiff, there is some problem with the jury's finding that the County is liable under the doctrine of respondeat superior. But aside from stating the standards under Rule 59 and Rule 60(b), the County does not explain, with any specificity, why specifically the verdict should be vacated, relying instead on general claims that it is a miscarriage of justice.

Consequently, Plaintiff addresses what appear to be the three most-likely legal doctrines that apply to the County's arguments. *First*, it appears that the County is claiming the verdict is inconsistent because the jury could not find that the County was liable without also finding that one of the detectives was also liable. But it is well-established that to challenge a jury verdict as inconsistent, or to challenge jury instructions or a verdict sheet as inviting an inconsistent verdict, there must be a timely objection, before the jury is discharged. The Court must be given a chance to give the jury new instructions, and try to get a verdict that resolves the inconsistency. The County never objected to the jury instructions, verdict sheet, or jury verdict (until this motion), so it waived these arguments. Now, the only way it can prevail is by showing that there was a fundamental error based on clearly-established law. And it cannot. No court has ever

1

adopted the County's view of the doctrine of respondeat superior. Finally, even if this Court does consider whether the verdict was inconsistent, under the Seventh Amendment, this Court cannot vacate the jury's verdict for being inconsistent if there is any consistent way to view the facts. Here, the jury could have found that Plaintiff proved he was battered by one of the detectives, but the Plaintiff failed to prove which one. This view of the evidence resolves any possible inconsistencies.

*Second*, the County's motion could be interpreted as a challenge to the law presented to the jury through the jury instructions. The County seems to argue that there should have been an additional instruction requiring the jury to agree on which of the detectives battered Plaintiff, and thus the respondeat superior charge was inaccurate. But the County also waived this argument by failing to object, so it must meet the exacting plain error standard to win its motion. It cannot. The law in question is, at best, somewhat novel and the County has not cited a single case, binding precedent, that says the jury instruction provided was wrong and its view of respondeat superior is plainly correct.

*Third*, the County may be challenging the sufficiency of the evidence. The County claims that it is not asking the Court to override the jury's verdict with its own credibility judgments. But it would be impossible to rule in the County's favor without doing so because the Plaintiff clearly testified that he was struck, three times, by one of the County's detectives. The jury did not agree on which detective was responsible, but they did agree that a detective was responsible, which is more than enough to support the verdict.

*Finally*, the County does not say what remedy it is seeking. It wants the verdict to be vacated, but never says what happens afterwards. And if there is a new trial, it appears that the County thinks that the verdict finding Perkins and Lashinsky not liable should stand, while the

2

verdict against County is vacated, effectively making it impossible for Plaintiff to win a retrial. This is not the law. If there is a new trial—and there should not be—it should be on all the claims. If the County is correct that the verdict is a serious miscarriage of justice, the entire verdict should be vacated, not just the parts the County does not like.

## ARGUMENT

In each of the four "Points" in its motion, the County argues, in short, that because the jury did not find Perkins or Lashinsky liable, the verdict against the County is somehow faulty. This, the County seems to argue, is grounds for this Court to deem it the winner, either right now or through a retrial where all the key issues have already been decided in the County's favor. These arguments badly muddle four distinct questions: (1) Was the verdict inconsistent, and did the County properly object to any inconsistencies; (2) Was the jury accurately instructed on the law, and if not, did the County properly object; (3) Was there sufficient evidence to support the jury's verdict; and (4) If there was a problem with the jury's liability finding, what is the proper remedy.

The County fails to squarely address any of these questions, or the controlling case law, instead making a generalized, vague challenge to the verdict, phrased in a few different ways. Consequently, it is not possible to respond point by point, with counterpoints matching each of the County's subheadings. Instead, these fours questions, Plaintiff's best interpretation of the legal arguments the County is trying to make, are addressed in order below. It may be that this Court discerns another argument by the County in this jumble, and if so, Plaintiff will certainly provide supplemental briefing.

3

I.   **THE VERDICT IS NOT INCONSISTENT, AND THE COUNTY HAS WAIVED ITS RIGHT TO A NEW TRIAL BY FAILING TO PROPERLY OBJECT.**

The gravamen of the County's arguments, particularly in Points I and II of its brief, is that: "The evidence showed, and the jury obviously agreed, that neither Det. Perkins nor Det. Lashinsky ever came into physical contact with plaintiff … Thus, there is absolutely no basis on which a reasonable jury could conclude that any police officer, detective, or employee of Nassau County had any physical contact with plaintiff at the time of the injury." Br. 6. And the County pointedly denies asking the Court to make any credibility determinations: "the Court need not be tasked with weighing the credibility of plaintiff, defendants, or any other witness at trial." Br 11. Thus, the best view of their argument is that they are claiming that the verdict is inconsistent. Perkins and Lashinsky were not found liable, but the County was, meaning that this verdict is so self-contradictory a new trial must be awarded. Not so. The County waived its right to a new trial by failing to object, at all, to the allegedly inconsistent verdict, jury instructions, and verdict sheet. And the jury's verdict is not inconsistent. They agreed that Plaintiff was battered by one of the detectives, they just did not think Plaintiff proved which one was responsible—which was exactly what the jury instructions and verdict sheet said they could do.

   a.   **The County waived its right to seek a new trial by failing to object to the allegedly inconsistent verdict before the jury was discharged, and there was no fundamental error in the verdict.**

The Second Circuit has held, repeatedly, that, "[i]t is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) (citing *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir.1995); *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1423 (10th Cir.1986); *Tennessee Consol. Coal Co. v. UMW*, 416 F.2d 1192, 1200–01 (6th Cir.1969); *Kirkendoll v. Neustrom*, 379

4

F.2d 694, 699 (10th Cir. 1967)); *see also Pouncy v. Danka Off. Imaging Co.*, 393 F. App'x 770, 772 (2d Cir. 2010) ("as [plaintiff] alleges an inconsistency in the jury verdict, because he did not raise this claim below before the jury was discharged, he is barred from doing so on appeal"); *Perks v. Town of Huntington*, 234 F. App'x 8, 10 (2d Cir. 2007) ("By failing to object to the verdict before the jury was discharged, however, [plaintiff] waived any challenge to the verdict.); *U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1367 (2d Cir. 1988) (finding waiver when "the jury returns an ambiguous verdict and counsel fails to seize the opportunity to raise an appropriate objection").[1]

Here, the County said nothing after the Court read the jury verdict. Tr. 670-71. There was certainly time to do so, given that the Court did not dismiss the jury immediately, taking time to thank them for their service. Tr. 671:6-673:12. In *Anderson Grp., LLC v. City of Saratoga Springs*, the Second Circuit held that a party could have objected, "after the district court finished reading the jury's verdict and before the jury was polled," or even, "as the jurors were exiting the courtroom," and explained that it appreciated thatinterposing an objection at this time may be awkward, but "counsel's duty to preserve issues trumps any discomfort counsel may experience in voicing a timely objection." 805 F.3d 34, 48 (2d Cir. 2015). The County needed to preserve their objection while the jury was still available to be given additional instructions, special interrogatories, or clarifications, so they could continue deliberations and reach a consistent verdict. *Id*. (finding that the district court, "properly alerted to a potential verdict inconsistency, may attempt to correct that error by resubmitting the matter to the jury after

---

[1] This analysis is limited to Rule 59, because Rule 60(b) requires an addition showing of extraordinary circumstances that prevented a timely objection, making the Rule 60(b) effectively impossible to meet in this specific instance. *See, e.g.*, *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 422 (S.D.N.Y. 2014).

providing 'some further instruction.'" quoting *Kosmynka*, 462 F.3d at 83–84). The County failed

to do so, and thus waived its right to a new trial based on any alleged inconsistency in the

verdict.

The one limited exception to this rule is where a party can show there was a

"fundamental error" in the verdict, "a standard that is more stringent than the plain error standard

… ." *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004). In *Fabri*, the Second

Circuit explained that courts typically will not find plain error, "where the operative legal

question is unsettled, including where there is no binding precedent from the Supreme Court or

this court," but found that, "we doubt that we could find fundamental error in a district court's

action on a state law claim in the absence of clear authority from the state's highest court." *Id*. at

122 (quotations omitted and cleaned up). Then, finding no such unequivocal law on the

challenged issue, the Circuit held there was no fundamental error. *Id*.; *see also Anderson Grp.,*

*LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) (finding that because prior case

law did not address the "precise question at issue," there was no fundamental error). The same

analysis applies here. There is no New York Court of Appeals ruling that supports the County's

view of respondeat superior, requiring the jury to agree on which detective battered him, so there

can be no fundamental error in the verdict.

**b.  The County also waived any inconsistency invited by the jury instructions or verdict sheet.**

Arguably, the alleged inconsistency in the verdict was created by the jury instructions and

verdict sheet themselves. In the jury instructions, the jurors were told: "You must be unanimous

in your determination that an officer used excessive force, even if you are not unanimous in your

understanding of which officer did." Tr. 651:20-24. Similarly, the verdict sheet, in Question 5,

asked: "Did Roger Basile prove by a preponderance of the evidence that any Nassau County

officer or detective subjected him to a battery?" Verdict Sheet pg. 2. Even framed this way, the analysis is the same, and the County waived its right to a new trial by failing to object. *See Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 84–85 (2d Cir. 2006) ("Waiver of an objection to an inconsistent verdict has been found in this Circuit when the inconsistency was caused by an improper jury instruction or verdict sheet and there was no objection to either the instruction or verdict sheet prior to submission of the case.").

Under Rule 51, a party must "stat[e] distinctly ... the grounds for the objection." Fed. R. Civ. P. 51(c)(1). "An objection must be specific, precise enough to allow the district court to address any problems and avoid a retrial. A general objection to a jury instruction, even when it encompasses a specific objection, is insufficient." *Franco v. Gunsalus*, No. 22-339, 2023 WL 3590102, at *1 (2d Cir. May 23, 2023) (quoting *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 876 (8th Cir. 2012)). So even a general objection, such as "Plaintiff does object to your omitting that charge," is not enough to preserve the objection. *Id.*

By this exacting standard, it is clear from the record that the County never properly objected to any of the jury instructions or the verdict sheet, which it now claims misstated the law. In fact, at the very beginning of the charge conference, the Defendants agreed with everything in the Court's proposed jury instructions: "THE COURT: I think the Defense has said they're signed off on everything. So -- MR. REISSMAN: That's correct, Judge." Tr. 539:24-540:1. The only notes and objections, after that moment, were from Plaintiff. Tr. 539-51. And after, while discussing the verdict sheet, which included language about when the County could be liable, even if Perkins and Lashinsky were not, the County also failed to object. Tr. 551-57. Finally, the next day, the Court made some additional edits to the respondeat superior instruction

and the Defendants not only failed to object, they agreed to the language: "Defense are fine with the instructions as amended." Tr. 580:9-10.

Again, a new trial can only be ordered if there is a fundamental error. In *Fabri*, the Second Circuit ruled that the defendants could have "avoided the procedural dilemma in which they now find themselves by asking the court to charge the jury" with the what they claimed on appeal was the correct law, and failure to do so was waiver that can only be overcome by showing there is a fundamental error. *Fabri*, 387 F.3d at 124. Given that the Circuit had already ruled there was no fundamental error in the verdict itself because there was no clear precedent on the question at issue, it also found no fundamental error in the jury instructions and verdict sheet. Similarly, in *Jarvis v. Ford Motor Co.*, the Circuit held that it "may review jury instructions and verdict sheets for fundamental error even when a litigant has not complied with the Fed.R.Civ.P. 51 objection requirements." 283 F.3d 33, 62 (2d Cir. 2002) (quotation omitted). And then the Circuit denied the request for a new trial because the legal issue was "unsettled under New York law," precluding any finding of fundamental error. *Id*. at 62-63.

The County waived any objections to the language in the jury instructions and the verdict sheet, and cannot show a fundamental error, so the jury verdict must stand.

**c.  Even if this Court does consider whether there was an inconsistency in the verdict, it should deny the motion for a new trial.**

Overturning a jury verdict, where the jury made clear findings that might conflict with other parts of the verdict, raises a serious constitutional issue. The Seventh Amendment states that, "no fact tried by a jury, shall be otherwise re-examined in any court of the United States," and asking a court to overturn an inconsistent jury verdict necessarily requires a court to re-examine, and disregard, at least part of the jury's verdict. Accordingly, "[a] ruling that invalidates or otherwise ignores any of a jury's finding thus 'results in a collision with the

Seventh Amendment.'" *Ali v. Kipp*, 11-CV-5297 (NGG) (VMS), 2016 WL 7235719, at *5

(E.D.N.Y. Dec. 13, 2016), aff'd, 891 F.3d 59 (2d Cir. 2018)  (quoting *Atl. & Gulf Stevedores,*

*Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962)); *see also Munafo v. Metro. Transp. Auth.*,

381 F.3d 99, 105 (2d Cir. 2004) ("proper deference to the parties' Seventh Amendment rights to

trial by jury precludes entry of a judgment that disregards any material jury finding," quoting

*Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir.2001)).

Given the Seventh Amendment deference to jury verdicts, a district court must work to

find, "a view of the case, if there is one, that resolves any seeming inconsistency." *Ali*, 2016 WL

7235719, at *5 (quoting *Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 529 (2d Cir. 1992)).

For example, in *Ali*, on appeal, the Second Circuit found that no new trial was warranted because

even though the jury found that the defendant used excessive force, there was no inconsistency in

finding that plaintiff was not injured as a result. *Ali v. Kipp*, 891 F.3d 59, 66 (2d Cir. 2018). The

jury was, in fact, free to adopt any set of facts or theories, even if no party had made that

argument. *Id*. As long as there was some possible way to harmonize the jury's findings, the

district court was right to deny the motion for a new trial. *Id*.

Here, the jury clearly found that a "Nassau County officer or detective subjected

[Plaintiff] to a battery," and awarded him damages. Verdict Sheet pg. 2-3. The County now asks

this Court to completely disregard this unequivocal, material finding by the jury. But the jury's

verdict is easy to harmonize. They found that Plaintiff had not met his burden of proving that

either Perkins or Lashinsky committed battery. But they did find that Plaintiff had proven that

one of them was responsible, and given that they are both County employees, the County is

liable. So even if this Court does reach this question, it should still deny the motion for a new

trial.

## II.   THERE IS NO ERROR IN THE JURY CHARGES, AND EVEN IF THERE WAS, THE COUNTY WAIVED ANY OBJECTIONS.

Although not styled as a challenge to the jury instructions, the County argues, largely in Point III of its brief, that it cannot be liable unless the jury also identified a specific officer who was responsible for the battery. Br. 13-18. Put another way, the County is arguing that the Court was wrong when it told the jury that: "You must be unanimous in your determination that an officer used excessive force, even if you are not unanimous in your understanding of which officer did. If you make such a finding, you must find Nassau County, alone, liable for battery." Tr. 651:20-24. Thus, this part of the County's arguments is best understood as a motion to set aside the verdict due to errors in the jury instructions, made under Rule 59(e) and Rule 60(b), and will be analyzed as such.

Because the County failed to object to the jury instructions—at all—and the County now claims the jury instructions created an inconsistent verdict, the proper standard is fundamental error, as explained above. But if this Court does interpret the County's challenge as one to the law presented in the jury instructions, the County still must show that there was a plain error in the instructions. It cannot. The jury instructions were accurate. And even if this Court finds some uncertainty in the law, the County's challenge still fails because, at best, the law was not clearly established at the time, meaning the error was not plain. The time to object to this unique legal issue was before deliberations, not in this motion.

### a.   Because the County failed to object to the jury instruction, it must meet the difficult plain error standard.

Under Rule 59(a)(1), a new trial may be granted, "for any reason for which a new trial has heretofore been granted in an action at law in federal court … ." Unsurprisingly, "substantial errors … in charging the jury," fits into this catch-all standard. *DeWitt v. New York State Hous. Fin. Agency*, 97-CV-4651 (SAS), 1999 WL 672560, at *1 (S.D.N.Y. Aug. 26, 1999) (quotation

omitted). A motion under Rule 59, challenging the jury instructions, incorporates the timely objection requirements under Rule 51. *See Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 15-CV-6519 (KAM) (RLM), 2023 WL 3455057, at *14 (E.D.N.Y. May 15, 2023). So if there was no specific objection to the jury instruction before deliberations, the verdict will stand unless there is "plain error" that "affects substantial rights." *Id.*; (quoting Fed. R. Civ. P. 51(d)(2)). As explained in Section I.b. above, the County entirely failed to object to the jury instructions, so the plain error standard applies.

Further, the Second Circuit has warned that plain error, "should only be invoked with extreme caution in the civil context." *Rasanen v. Doe*, 723 F.3d 325, 333 (2d Cir. 2013) (quoting *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir.1996)). "To constitute plain error, a court's action must contravene an established rule of law," and go to, "the very essence of the case." *Rasanen*, 723 F.3d at 333 (quoting *Lavin–McEleney v. Marist Coll.*, 239 F.3d 476, 483 (2d Cir.2001) and *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.1994)).

Consequently, there can be no plain error where the legal issue is novel; the plain error analysis is only available if, "the error is clear under current law." *Lavin-McEleney*, 239 F.3d at 483 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Courts typically will not find plain error, "where the operative legal question is unsettled, including where there is no binding precedent … ." *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 122 (2d Cir. 2004) (quotation omitted); *see also Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 239 (2d Cir. 2020) (finding there can be no plain error where the jury instructions reflected one of the two standards New York courts had applied).

Finally, under Rule 60(b), also invoked by the County, courts apply the same plain error analysis, but also require additional proof of "exceptional circumstances." *Delville v. Firmenich*

*Inc.*, 23 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (applying Rule 60(b) to a challenge to jury

instructions, and quoting *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir.2009)). If

the County cannot meet the Rule 59 standard, it certainly cannot meet the more difficult Rule

60(b) standard.

### b. The County cannot show there was plain error because the jury instructions accurately stated the law, and the County has not shown that clearly-established law holds otherwise.

The County needs to show that there was a substantial error in the jury instructions that

contravened an established, settled rule of law that goes to the very essence of the case.

Admittedly, this jury instruction does go to the essence of the case, because without it the County

would not have been found liable at all. But the County cannot show plain error because this is a

unique legal issue, certainly not settled the way the County claims it is—and because the Court

got this issue right in the jury instructions, after substantial research by the Court and Plaintiff,

and a discussion with the parties. Tr. 249:24-250:1 (defense counsel admitting it had no view on

the correct law: "I really don't know where to look. I can go back to my office and keep looking,

but I really wouldn't know where to start.").

The County wants this Court to add in an additional element into New York's respondeat

superior law. It claims that it can only be liable if the jury identifies a specific officer who

committed the battery. Br. 11, 18, 21. But this has never been the law. The doctrine is simple.

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed

by an employee acting within the scope of the employment." *Judith M. v. Sisters of Charity

Hosp.*, 93 N.Y.2d 932, 933 (N.Y. 1999) (noting that this includes intentional torts). The County

is an employer, and it waived the "scope of the employment" element to avoid the conflict of

interest it would create if it argued otherwise. Tr. 651:3-5; Dkt. Nos 56, 59. So the only

remaining question for the jury was whether the underlying tort, battery, was committed by one of the "County's police officers and detectives." Tr. 651:4-5.

No court has ever held that a jury must agree on which employee committed the tort. Indeed, the Second Circuit recently held that a jury can find that a municipality could be liable for the actions of its officers, even if the officer who actually shot the plaintiff was found not to be liable. *See Ferreira v. City of Binghamton*, 975 F.3d 255, 278 (2d Cir. 2020) (also certifying the question of whether there was a duty to the New York Court of Appeals). In fact, the individual officers are not even "necessary parties" in the case. *Rock v. Cnty. of Suffolk*, 212 A.D.2d 587, 587 (N.Y. 1995).

Consequently, courts have allowed respondeat superior claims against a municipality when the plaintiff has no idea who the officers are. *See Universal Calvary Church v. City of New York*, 96-CV-4606 (RPP), 2000 WL 1538019, at *23 (S.D.N.Y. Oct. 17, 2000) ("The police officers on the scene were the authorized agents of the City of New York. [Plaintiff's] testimony supports a claim of assault and battery. A principal is generally liable for the acts of its agents acting within the scope of their authority. Therefore, [plaintiff] may proceed with his common law claim of assault and battery against unidentified police officers."); *Alli v. Steward-Bowden*, 2013 WL 5229995, at *2 (S.D.N.Y. 2013) ("It is true that a state law claim may proceed on a respondeat superior theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified"). And at least one court has upheld a verdict against a municipality where the plaintiff may have been mistaken as to which officer was responsible: "The jury reasonably could have believed that [plaintiff] was testifying truthfully and accurately concerning the events but was simply mistaken as to the identity of the officer."

13

*Hurt v. City of New York*, 15-CV-7612 (PKC), 2019 WL 5781990, at *7 (S.D.N.Y. Nov. 6, 2019).

The handful of cases the County cites provide no support for its position. Most of them restate the well-established principle that if a plaintiff fails to properly allege any state law tort in its complaint, the municipality should be dismissed. In *Leibovitz v. City of New York*, the court found that none of the plaintiff's state law claims were viable, and in particular there was no allegation of excessive force. 14-CV-3297 (RA) (JCF), 2016 WL 3671232, at *8 (S.D.N.Y. Mar. 17, 2016), report and recommendation adopted, 2016 WL 3661530 (S.D.N.Y. July 1, 2016). This is unremarkable. If a plaintiff has not even alleged a use of force, obviously the municipality will not be liable for battery under any theory. Similarly, in *Norton v. Town of Brookhaven*, the plaintiff failed to properly plead malicious prosecution, so the claims against both the individuals and the municipality had to be dismissed. 33 F. Supp. 3d 215, 237 (E.D.N.Y.), on reconsideration, 47 F. Supp. 3d 152 (E.D.N.Y. 2014); *see also Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 338 (S.D.N.Y. 2017) (finding that the respondeat superior claims must be dismissed because the plaintiff failed to adequately plead an underlying tort); *Lederman v. Benepe*, 12-CV-6028 (PGG), 2016 WL 11588628, at *5 (S.D.N.Y. Mar. 11, 2016) (dismissing respondeat superior claims because all the state law torts against the individuals had previously been dismissed). Here, Plaintiff adequately pled a battery claim, so this line of cases does not apply. None of these cited cases hold that a jury must decide which of the County's employees committed the battery. Indeed, none of them are at all factually similar to this case. They are irrelevant.

The one case that the County cites that is even remotely relevant actually supports Plaintiff's position. In *Lawton v. Alitalia-Linee Aeree Italiane-Societa*, the plaintiff's battery and

negligence claims were dismissed because the plaintiff did not have any evidence that the person who pushed her was one of the defendant's employees. 97-CV-4472 (THK), 1999 WL 632846, at *6 (S.D.N.Y. Aug. 18, 1999). But it appears the court would have let the claim go forward to trial if there was evidence "any employee" was responsible. *Id*. This correctly states the law. As long there is evidence some employee was responsible, there is no need for a jury to decide who, specifically, it is.

The jury instructions accurately stated the law. All the County has done is tried, and failed, to show the law may be uncertain on this particular issue. But it has not shown the jury instructions were obviously, plainly wrong based on clearly-established law, so there is no plain error, and the challenge to the jury instructions—to the extent that the County is even making the argument—must be denied.

## III.   THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT.

Even though this the County is claiming that it is not asking this Court to weigh the credibility of evidence, Br. 11, it also appears to argue that the verdict was not supported by sufficient evidence, claiming there was " no evidence to support the jury's finding of vicarious liability," and "no evidence of unlawful conduct." Br. 6, 21. This is simply not true. Plaintiff testified that, "someone walked into the room, closed the door, and introduced themself. I -- I don't remember. He definitely introduced himself as a detective." Tr. 76:14-19. And then he testified that this detective, "headbutted me," "smacked me on my left side of my face," and then, "he hits me on the right side of my face with his left hand. … it was a fist … That was lights." Tr. 80:2-18. Plaintiff identified this detective as Perkins, after finding him on Facebook, and the defense witnesses testified that Lashinksy was the detective who went into the holding cell. Tr. 90:21-91:25. This evidence, along with many other places in the trial record, proves that Plaintiff was battered by one of these detectives.

The County never addresses this view of the evidence, even though the jury instructions themselves make it impossible to ignore, and instead claims that Plaintiff failed to prove that there was evidence "*any other* Nassau County police officer or detective subjected plaintiff to a battery." Br. 13. But there is. Plaintiff testified that a person who identified himself as a detective was the one who battered him, in a holding cell inside a police precinct, surrounded by the County's officers and detectives. Tr. 73:20-82:8. Two other detectives also went into the holding cell. Detective Semyon Shnayderman admitted to going into the cell, while Plaintiff was still conscious. Tr. 466:17-19, 468:4-25, 470:6-473:10. And another detective, Detective Michael Capozezielle, was also there. 164:16-18. He was assigned to investigate the underlying criminal allegations against Plaintiff. Tr. 157:10-21. While it seems less likely, the jury could have believed that one of those two detectives was at fault. They were both detectives, and they were both in the precinct at the relevant time.

On this record, overturning the verdict would require this Court to substitute its own findings on credibility with the jury's findings. Under Rule 59, "a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998). But, given the Seventh Amendment's prohibition on disregarding a jury's findings, "a verdict [] predicated almost entirely on the jury's assessments of credibility … should not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent a miscarriage of justice." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418–19 (2d Cir. 2012). In *Raedle*, the Second Circuit overturned the district court's grant of a new trial—and overturned the verdict in the unnecessary second trial—because the jury was free to accept and reject parts of the testimony, and make reasonable credibility determinations. *Id*. at 420. "None of this testimony was bizarre, far-

16

fetched, patently incredible or defiant of physical realities." *Id*. (quotation omitted and cleaned up). So the jury was allowed to accept it, and it was an abuse of discretion for the district court to hold otherwise. *Id*.

None of the testimony the jury relied on here is so far-fetched that it would be a miscarriage of justice to allow a verdict based on that testimony to stand. The jury did pick and choose which parts of the testimony it believed, like the jury in *Ali*, but none of the testimony they relied on puts this case in the exceedingly rare category of cases where a district court can disregard their findings. The verdict should stand and no new trial is warranted on this basis.

## IV. IF THIS COURT GRANTS A NEW TRIAL, IT SHOULD GRANT A NEW TRIAL ON ALL CLAIMS, INCLUDING THE ONES AGAINST PERKINS AND LASHINSKY.

The County repeatedly asks this Court to "vacate" the verdict. Br. 7, 18, 21. But the County never says what comes next, although implicitly it seems the County expects the Court to somehow find that they are the winners. In the Conclusion, the County asks this Court for "an order vacating, altering or amending the jury verdict rendered," without saying how the verdict should be altered or amended. Br. 21. The only concrete request is for a new trial, also in the Conclusion. Br. 21. But, elsewhere in the brief, the County argues that the jury's finding that Perkins and Lashinsky are not liable should stand, and that there can be no liability against the County without a finding of liability against them. Br. 11-18. Thus, this proposed new trial is a farce that Plaintiff cannot win because Plaintiff has already lost all the key issues. This is not supported by the law.

In *Ferreira v. City of Binghamton*, the Second Circuit explained that "the remedy for an inconsistent verdict is not, as the City urges, to selectively uphold that portion of the verdict that one party prefers." 975 F.3d 255, 277 (2d Cir. 2020). Instead, "proper deference to the parties' Seventh Amendment rights to trial by jury precludes entry of a judgment that disregards any

17

material jury finding." *Id*. (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir.2001). If there was an inconsistency, the Circuit reasoned, it goes both ways. *Id*. Finding the City liable under respondeat superior could mean that the jury was wrong in finding that the officer was not liable. *Id*. Thus, if anything, the entire verdict should be disregarded, rather than letting the defense keep the parts it likes. *Id*.

If the County prevails on its argument that the entire verdict is so problematic that it cannot stand, the only equitable remedy is a new trial on all issues. Plaintiff, of course, does not believe this is necessary. But if the Court disagrees, any new trial should be on all claims against all the Defendants.

## CONCLUSION

The County of Nassau's motion to set aside, vacate, alter, or amend the verdict should be denied, and the County's request for a new trial should also be denied. The verdict is consistent with the law, consistent with the facts, and the County failed to object to the jury instructions, verdict form, or the verdict, when it needed to. This Court should not disturb the jury's verdict.


Dated:  New York, New York
         December 28, 2023

Rickner PLLC

By:        /s/

    Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10279
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

18