UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROGER BASILE,

                              Plaintiff,                                                 <u>20-CV-00576 (EK)</u>

   -against-                                                             Date of Service:
                                                                            January 24, 2024

COUNTY OF NASSAU, DET. JESSE PERKINS
and DET. ROBERT LASHINKSY,

                              Defendants.
-------------------------------------------------------------X


**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTIONS PURSUANT
<u>TO FED. R. CIV. P. 59(e) AND FED. R. CIV. P. 60(b)</u>**


                                      **THOMAS A. ADAMS**
                                  **Nassau County Attorney**
                                 **Attorney for Defendants**
                                        **1 West Street**
                               **Mineola, New York 11501**
                                   **(516) 571-3046**


**RALPH J. REISSMAN**
**Deputy County Attorney**
 *Of Counsel*

1

**TABLE OF CONTENTS**

                                            **PAGE**

Preliminary Statement     1

ARGUMENT

POINT I
SINCE DEFENDANTS HAVE NEVER ARGUED THAT
THE JURY INSTRUCTIONS, THE VERDICT SHEET
OR VERDICT ITSELF ARE "INCONSISTENT,"
PLAINTFF'S CLAIM THAT DEFENDANTS WAIVED
THEIR RIGHT TO A NEW TRIAL MUST BE REJECTED.     1

POINT II
SINCE THE JURY FOUND THAT NEITHER PERKINS
NOR LASHINSKY WAS LIABLE FOR BATTERY,
AND SINCE THERE WAS INSUFFICENT EVIDENCE
TO SUPPORT THE JURY'S FINDING THAT SOME
UNIDENTIFED POLICE OFFICER OR DETECTIVE
COMMITTED A BATTERY, THE JURY'S FINDING OF
LIABILITY AGAINST NASSAU COUNTY FOR BATTERY
UNDER RESPONDEAT SUPERIOR MUST BE VACATED.     2

CONCLUSION     10

**Preliminary Statement**

Defendants, County of Nassau (the "County" or "Nassau County"), Det. Jesse Perkins ("Perkins") and Det. Robert Lashinsky ("Lashinsky") respectfully submit this Reply Memorandum of Law in further support of their motions pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) for an order:

(a) vacating, altering or amending the jury verdict rendered by the jury on November 2, 2023 [DE 76] or

(b) in the alternative, directing that a new trial be conducted,

(c) together with all such other and further relief as the Court deems just and proper.

This Reply Memorandum of Law is also submitted in response to Plaintiff's Memorandum of Law in Opposition to the Defendants' Motions Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) dated December 28, 2023 [DE 87], hereinafter referred to as "Pl. Mem." or ""Brief").

**POINT I**

**SINCE DEFENDANTS HAVE NEVER ARGUED THAT THE JURY INSTRUCTIONS, THE VERDICT SHEET OR VERDICT ITSELF ARE "INCONSISTENT," PLAINTFF'S CLAIM THAT DEFENDANTS WAIVED THEIR RIGHT TO A NEW TRIAL MUST BE REJECTED.**

In their moving Memorandum of Law, defendants proved that the jury reached a seriously erroneous result based on a clear error of law, that the verdict is an egregious miscarriage of justice, and that the verdict is against the weight of evidence. Curiously, in opposing defendants' motion, plaintiff falsely claims that defendants argued that the verdict was "inconsistent." In fact, the words "inconsistent," "inconsistency" and "inconsistencies" appear in plaintiff's Brief a total of *thirty-three (33)* times. However, the words "inconsistent," "inconsistency" and "inconsistencies" *never appear anywhere in the entirety of defendant's twenty-eight (28) page moving Brief.* Defendants

1

have never argued that the verdict was "inconsistent," but instead that under Rules 59(e) and 60(b) he verdict must be vacated, again, because it is seriously erroneous, based on a clear error of law, is an egregious miscarriage of justice, and against the weight of evidence.

Bootstrapping on this false premise, plaintiff argues at length that defendants waived their right to right to seek a new trial because, plaintiff claims, defendants failed to object to the "allegedly inconsistent verdict" (Pl. Mem. p. 4), the jury instructions or the verdict sheet itself (*id.*, p. 6) before the case was submitted to the jury, and because defendants never raised the argument of "inconsistency" before the jury was discharged. However, since defendants *never* raised the argument, either at trial or in their moving Brief that the jury instructions, verdict sheet or the verdict itself were inconsistent, the Court must disregard this branch of plaintiff's argument as utterly moot. Thus, defendants indeed preserved their right to seek a new trial.

## POINT II

**SINCE THE JURY FOUND THAT NEITHER PERKINS NOR LASHINSKY WAS LIABLE FOR BATTERY, AND SINCE THERE WAS INSUFFICENT EVIDENCE TO SUPPORT THE JURY'S FINDING THAT SOME UNIDENTIFED POLICE OFFICER OR DETECTIVE COMMITTED A BATTERY, THE JURY'S FINDING OF LIABILITY AGAINST NASSAU COUNTY FOR BATTERY UNDER RESPONDEAT SUPERIOR MUST BE VACATED.**

The jury found that neither Perkins nor Lashinsky committed a battery against plaintiff. However, despite the complete absence of evidence that any other Nassau County police officer or detective battered plaintiff, the verdict holding the County liable under respondeat superior was based on a clear error of law, is an egregious miscarriage of justice, and against the weight of evidence. The verdict must therefore be vacated.

In his Memorandum of Law plaintiff erroneously argues that the verdict against the County is correct, despite the fact that the jury failed to hold Perkins and Lashinsky liable for battery, when

2

the jury answered "Yes" to Verdict Sheet Question No. 5 asking if "any officer of detective subjected [plaintiff] to a battery," without any evidence sufficient to identify any such officer or detective. To support this argument, plaintiff relies on inapplicable and inapposite case law which utterly fail to support this baseless argument. Moreover, plaintiff fails to acknowledge that the jury completely misunderstood the Court's jury instruction on New York State battery in finding the County liable for an alleged battery committed by an anonymous officer or detective. A close reading of "Jury Instruction 17 – New York State Battery" clearly proves that the jury failed to comprehend the Court's instruction that the County could be liable if, and only if, either Perkins or Lashinsky battered plaintiff, and not some anonymous, unidentified officer or detective.

With respect to the state law claim of "battery" against defendant Nassau County, on November 1, 2023 the Court gave the following instruction to the jury (Exhibit "D", page 650, line 14 through page 651, line 24:

<u>Instruction 17 - New York State Battery</u>

Mr. Basile's second claim is that one or more Nassau County Police Officers subjected him to battery, as defined by the laws of the State of New York. The elements of this claim, to the extent they are disputed, are substantially identical to the excessive force claim. The elements of the New York State battery claim, to the extent they are disputed here, are substantially identical to the federal claim for excessive force. However, this state claim, unlike the federal claim, is also brought against Nassau County.

Under New York State law, the County is liable for improper acts of its employees committed in furtherance of the employer's business and within the scope of the employees' authority. Here, the parties agree that that includes the actions of the County's police officers and detectives, while they are on duty. Therefore, if you find that the Plaintiff has proven by a preponderance of the evidence that **either of the Detectives** used excessive force against him, then you must find for the Plaintiff on his claim for battery against that Defendant. And you must also find Nassau County liable for that battery.

If you do not find by a preponderance of the evidence that **Detective Lashinsky** is liable on Basile's excessive force claim, or **that Detective Perkins** is liable on Mr. Basile's excessive force claim, you must consider whether Mr. Basile has

3

> demonstrated by a preponderance of the evidence that **at least one of them** used excessive force.
>
> In that case, you must be unanimous in your determination that **an officer** used excessive force against the Plaintiff, **even if you are not unanimous as to which officer did.** You must be unanimous in your determination that **an officer used excessive force, even if you are not unanimous in your understanding of which officer did**. If you make such a finding, you must find Nassau County, alone, liable for battery. (Emphasis added.)

It is beyond doubt that in providing this instruction to the jury, the Court instructed the jury to base its determination of County liability solely and explicitly on a finding that either Perkins, Lashinsky, or both Perkins and Lashinsky, committed a battery against plaintiff. The highlighted phrases above in the instruction, "*either of the Detectives*," and "at least *one of them*," clearly limits the field of "any officer or detective" to Perkins and Lashinsky in case the jury was unable to unanimously find that only Perkins, or only Lashinsky, but not both, were liable. Since the jury unanimously held that neither Perkins nor Lashinsky committed battery, and since there was absolutely no evidence adduced at trial that any other officer or detective committed battery, the verdict holding the County liable under respondeat superior must be vacated.

By deliberately confining the jury's consideration only to Perkins and Lashinsky, it is clear that the Court intended the jury to limit its consideration only to Perkins and Lashinsky, and not some anonymous County officer or detective, or "any officer or detective," by giving this subsequent instruction:

> [Y]ou must consider whether Mr. Basile has demonstrated by a preponderance of the evidence that *at least one of them* used excessive force. In that case, you must be unanimous in your determination that an officer used excessive force against the Plaintiff, even if you are not unanimous as to *which officer* did. (Empasis added.)

The Court clearly did not intend to instruct the jury that "any officer or detective" other than Perkins or Lashinsky could be liable for battery without evidence of clear identification or at

4

least a description of "any officer or detective," which plaintiff Basile could not, and never did, testify to.

Therefore, Question No. 5 in the Verdict Sheet was intended to limit the jury's consideration *only to Perkins and Lashinsky* and not, as plaintiff argues, *any* officer or detective employed by Nassau County.

> Question 5, did Roger Basile prove by a preponderance of the evidence that any Nassau County officer or detective subjected him to a battery? Answer, yes.

That the Court and the attorneys intended to limit the jury's consideration only to Perkins and Lashinsky, and not to any anonymous County officer or detective, is made clear by the following exchange between the Court and the attorneys in the transcript of proceedings on October 31, 2023 in discussing the jury instructions and the verdict sheet (Exhibit "B" to the moving Declaration of Ralph J. Reissman [DE 82-3] (emphasis added).

[Page 383] We're drilling down. I have a preliminary review, as I've said, on the question of **whether jury unanimity is required on the identity of the officer who committed any assault**. That's question 1. I think we are getting close to an answer, but I want to hear the parties' considered answers.

[Pages 386-391] THE COURT: So hold on one second. Let me just look at the complaint for a moment here. Okay. So yeah. II is your assault and battery question on the verdict form. Did Roger Basile prove a preponderance of the evidence that any Nassau County officer or detective subjected him to assault and battery.

MR. RICKNER: That –

THE COURT: But he's sued –

MR. RICKNER: That's correct.

THE COURT: -- both officers individually for assault and battery, right?

MR. RICKNER: That's correct, and I can't remember if I put in a footnote or if it's in an email or if it's in my -- what I was trying to do was to explain that with respect to the constitutional violation and excessive force, I mean, either we combine them into one because it's **one rule of decision for each officer**, or we just call it one thing like section 1983.

5

THE COURT: No. I understand that. You have an allegation of liability. You have a claim against the County for assault and battery –

MR. RICKNER: And against the –

THE COURT: -- under the doctrine of respondeat superior, right?

MR. RICKNER: **And against the individual officers**, and the way I was trying to do the verdict sheet – and again, if this is confusing them, it's not the right way to do it -- is to essentially collapse that inquiry for the County because if they find that **either of the officers** have done it, it effectively forecloses the decision with the County. So if any officer, and that includes both of the Defendants, are found responsible for excessive force/battery, then the County is as well.

THE COURT: Yeah. I think there should be a place for the jury to **check a box for each count for each defendant**, even if that creates some risk that they will come up with answers that we think are logically or legally inconsistent, just because you've sued multiple defendants for multiple things, and we need to know what the verdict is on those things.

MR. RICKNER: Okay.

THE COURT: Especially on these facts. So I think we need a stronger tie in the verdict form between the punitive damages question and the **individual counts against the individual defendants on the state common law claim.**

MR. RICKNER: Well, if there's no -- a lot of time -- the way I've done it previously, if there's no question with respect to -- there's none of this alternate officer or anything or question that you won't be able to tell. It's just one or the other, logically just collapsed it in and the County pays without -- the respondeat happens automatically as a matter of law **once the state claims are against one of the individual officers.**

THE COURT: Okay. Yeah. It is. (Emphasis added.)

It is overwhelmingly clear from the foregoing passages that the Court and all counsel agreed that respondeat superior liability against the County for battery was restricted to a jury finding of liability *only against the two individual defendants, but not against some unidentified, anonymous County employee*.

The cases relied upon by plaintiff, far from supporting his theory, instead *actually support* defendants' position, i.e., that the County cannot as a matter of law be liable under respondeat superior, since the jury found that neither Perkins nor Lashinsky committed battery.

6

First, in Pl. Mem. p. 13 plaintiff cites *Universal Calvary Church v. City of New York*, (RPP), 90-CIV-4606 (S.D.N.Y. Oct. 13, 2000) for the proposition that "courts have allowed respondeat superior claims against a municipality when the plaintiff has no idea who the officers are. . . Therefore, [plaintiff] may proceed with his common law claim of assault and battery against unidentified police officers." However, a clear reading of the facts in *Universal* conclusively proves that this case fails to support plaintiff's argument. *Universal* was a class action encompassing numerous claims, including assault and battery, concerning events that occurred between over two hundred plaintiffs, all members of the Universal Calvary Church and defendants, twenty-two individually named police officers, officials of the City of New York, and a number of unidentified defendants.

Addressing plaintiff Michael Bennett's claim of assault and battery, the court found that the identity of the officers who attacked and apprehended Bennett was unknown to both plaintiff and defendants. The only physical description Bennett could give was that the people attacking Gordon were "four guys" in plainclothes, none in uniform. When asked, "Do you know who the four guys or any of them were that were holding Horace Gordon?" he answered no. When asked, "Do you know who it was that hit you from behind either by physical description or any other identifying characteristics?" Bennett answered no. Bennett was unable to identify any of the defendants by name, description, or in any other way. The court granted defendant City of New York's summary judgment motion seeking to dismiss the action against certain *identified* officers because the evidence proved that these particular officers never assaulted Bennett, but allowed Bennett to proceed to trial on his claim of assault and battery against other, unidentified officers stating, "The police officers on the scene were the authorized agents of the City of New York. Bennett's testimony supports a claim of assault and battery. A principal is generally liable for the

7

acts of its agents acting within the scope of their authority. Therefore, Bennett may proceed with his common law claim of assault and battery against unidentified police officers."

In *Universal* plaintiff Bennett was able to describe the unnamed officers as "four guys in plainclothes, none in uniform," and the court found that "Crediting Bennett's version of events, **there is sufficient evidence** that an assault and battery occurred." 2000 U.S. Dist. LEXIS at *78-9. (Emphasis added.) In stark contrast, plaintiff Basile first sued Perkins and Lashinsky, then at trial testified that Lashinsky never came in contact with him, and then testified that only Perkins attacked him. Obviously, the jury did not believe plaintiff was telling the truth and exonerated Perkins and Lashinsky of all liability both for federal excessive force and state law battery. Basile, aside from identifying and describing Perkins, who was absolved of all liability by the jury, never identified or described in any way the identity or appearance of any other officer or detective who allegedly assaulted him. Again, in stark contrast to *Universal*, there was absolutely no evidence that Perkins, Lashinsky or any other officer or detective ever assaulted him. Based on the jury exonerating Perkins and Lashinsky, there is no logical conclusion to be made between the fact that plaintiff was diagnosed with a concussion (which Lashinsky testified was caused by plaintiff banging his head against the wall) and the alleged actions of "any other officer or detective." The only testimony at as to the cause of plaintiff's concussion was his testimony that Perkins assaulted him. Again, the jury did not believe him at all. Despite the fact that in addition to Perkins and Lashinsky, Deputy Inspector Rothenberg, Officer Daniel Minervini, Officer Thomas, Garibotto, Det. Matthew Scott and Lt. Semyon Shnayderman all testified at trial, plaintiff never identified any of these witnesses as his assailant.

Plaintiff also mistakenly relies on *Ferreira v. City of Binghampton*, 975 F.3d 255 (2d Cir. 2020) for the proposition that the County can be held liable to Basile for battery under espondeat

superior, even where the jury held that neither Perkins nor Lashinsky committed battery. In that case, plaintiff while unarmed, was shot in the stomach by Officer Miller ("Miller") in the course of Miller's executing a no-knock search warrant together with other officers in the SWAT team. He brought an action under 42 U.S.C. § 1983 and New York state law. His federal claim alleged that Miller violated his constitutional rights by using excessive force. Under New York state law, he claimed that Miller was negligent, and that the City was liable under *respondeat superior* for Miller's negligence, as well as for the negligence of the police department in the planning of the raid. The Second Circuit upheld the jury's finding that although Miller was not negligent, Ferreira's **evidence was sufficient** to support a jury finding that certain failures on the part of the City in planning the raid violated acceptable police practice. On appeal, the City contended that the verdict against it must be set aside because the jury found that Miller was not negligent, so that the City cannot be held liable for Miller's actions based on a theory of *respondeat superior*. The Second Circuit rejected the City's argument, stating at 975 F.3d at 46:

> As the district court repeatedly recognized at trial, Ferreira argued that the City was liable under New York law in negligence on two separate theories: first, because of Miller's negligent shooting of Ferreira, and, second, because of the negligent planning of the raid by police personnel. With regard to the latter theory, **Ferreira catalogued a list of alleged deficiencies, including, as discussed above, failure to conduct adequate surveillance and failure to obtain (or attempt to obtain) a floor plan of the residence**. Allegedly negligent acts and omissions were committed by individuals responsible for planning the SWAT raid, within the scope of their employment. . . **Ferreira adduced evidence at trial** sufficient for the jury to conclude that City employees other than Miller were negligent in the planning of the raid. (Empasis added.)

The Second Circuit held that **based on the evidence adduced at trial**, "there was sufficient evidence at trial for the jury to reasonably conclude that *other* City employees were negligent." (Emphasis added.) *Id.*, 975 F.3d at 45. In stark contrast, in Basile's case, there was absolutely no evidence adduced in three days of trial to support the jury's answering "Yes" to Question No. 5,

9

that "any other Nassau County officer or detective" committed a battery against plaintiff. In the total absence of trial evidence to support the jury finding the County liable under respondeat superior for battery by an unidentified, anonymous officer of detective, the Court must vacate the verdict finding that the County was liable to plaintiff for battery under respondeat superior.

## CONCLUSION

For all the foregoing reasons, defendants County of Nassau, Det. Jesse Perkins and Det. Robert Lashinsky respectfully request that the Court grant their motions under Fed. R. Civ. P. 59(e) and 60(b) and issue an order vacating, altering or amending the jury verdict rendered November 2, 2023 or in the alternative, directing that a new trial be conducted, together with all such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
January 24, 2024

**THOMAS A. ADAMS**
Nassau County Attorney
Attorney for Defendants

By: /s/ Ralph J. Reissman
    RALPH J. REISSMAN
    Deputy County Attorney
1 West Street
Mineola, New York 11501
(516) 571-3046
rreissman@nassaucountyny.gov