UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

  ROGER BASILE,

                     Plaintiff,          **MEMORANDUM & ORDER**
                                         20-CV-00576(EK)(LB)

               -against-

 COUNTY of NASSAU, DET. JESSE PERKINS,
 and DET. ROBERT LASHINSKY,

                     Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        At oral argument on the defendants' motion for summary

judgment in September of 2023, the court observed that the

defendants' interests could potentially diverge and questioned

the propriety of them all being represented by the same counsel.

Following that, defense counsel filed conflict waivers from

defendants Perkins and Lashinsky.

        The case then proceeded to trial, with the same

attorney — an employee of the Nassau County Attorney's Office —

representing the two individuals and the County.  At the

conclusion of the trial, the jury returned a verdict finding the

County, but not Perkins or Lashinsky, liable.

        The attorney for the defendants has now filed a motion

on behalf of "defendants, County of Nassau, Det. Jesse Perkins

and Det. Robert Lashinsky."

The motions seeks entry of an order "(a) vacating, altering or amending the jury verdict rendered by the jury on November 2, 2023 [DE 76], or (b) in the alternative, directing that a new trial be conducted . . . ."  ECF No. 82 at 1.  If that motion were to be granted, Perkins and Lashinsky would face a new trial despite the jury's verdict in their favor.  The Second Circuit has stated, in a similar posture: "in bringing his motion for a new trial, defendants' counsel created a conflict of interest because two of his clients — the officers — had been found not liable," while their co-defendant — their municipal employer — and had been found liable.  *Tiffany v. Vill. of Briarcliff Manor*, 216 F.3d 1073, 2000 WL 900206, at *2 n.1 (2d Cir. 2000) (table opinion).[1]

By April 3, 2024, counsel for the defendants shall submit a letter, not to exceed three pages, stating whether and why counsel believes he may continue to represent all defendants here — with appropriate authority.

---

[1] When a jury finds a municipality liable by *respondeat superior* but finds no liability for that municipality's employee, the "correct course, if the answers [a]re ineluctably inconsistent," is not "to change the jury's reported verdict either into one finding liability against both" the employee and the municipality "or into one finding in favor of" them both.  *Ferreira v. City of Binghamton*, 975 F.3d 255, 277 (2d Cir. 2020).  It is, "rather[,] to order a new trial" of all claims.  *Id.; see also Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 530 (2d Cir. 1992).  The court expresses no opinion on the consistency of the verdict at this time.

The plaintiff may respond by April 10, 2024, if he chooses.  A status conference on this topic will be held on April 17, 2024, at 4:00 p.m., in person in Courtroom 6G North.


SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    March 22, 2024
          Brooklyn, New York