**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

### COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

April 3, 2024

<u>Via ECF</u>
Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Basile v,. County of Nassau, et al.
            20-CV-00576 (EK)(LB)

Your Honor:

    The Nassau County Attorney's Office represents defendants, County of Nassau, Det. Jesse Perkins and Det. Robert Lashinski in the above referenced action. This letter is written in response to the Court's Memorandum & Order filed March 22, 2014 [DE 93] directing defendants to state "whether and why counsel believes he may continue to represent all defendants here – with appropriate authority."

    **The Jury Verdict**. On November 2, 2023 the jury rendered a verdict finding that neither Perkins nor Lashinsky used excessive force against plaintiff Roger Basile ("plaintiff") on October 11, 2018 in violation of his Fourth and Fourteenth Amendment rights, thereby dismissing his federal § 1983 claim. The jury further held that neither Perkins nor Lashinsky committed a battery against plaintiff in violation of New York State law. Inexplicably, however, despite the fact that the jury could not identify by name any Nassau County officer of detective who battered plaintiff, the jury held defendant *Nassau County* liable for battery under the theory of *respondeat superior*. The jury then awarded plaintiff the grossly excessive amount of $4.5 million in compensatory damages for a concussion he testified at trial was caused by Perkins, and *only* Perkins.

    It is crystal clear that despite plaintiff's testimony under oath that it was Perkins, and *only* Perkins, who battered him, the jury simply found him to be untruthful and found no liability against Perkins. As to Det. Lashinsky, when asked on cross-examination why he never filed a civilian complaint against him, plaintiff testified, "Because it wasn't Detective Lashinsky who assaulted me." It is also clear that based on plaintiff's own testimony, the jury found no liability against Det. Lashinsky.

    **Defendants' Motion**. Following the verdict defendants filed a motion seeking entry of an order (a) vacating, altering or amending the jury verdict or, (b) in the alternative, directing that a new trial be conducted. ECF No. 82 at 1. In their moving and reply papers, defendants established that the cases plaintiff's counsel relied upon which held that a municipality can be held liable under *respondeat superior* despite the plaintiff's failure to identify by name the specific municipal employee who violated his federal or state law rights, were completely inapposite. In these cases, there was sufficient evidence in the record for the jury to find that

*some unnamed* municipal employee or employees actually caused harm to the plaintiff. For example, in *Ferreira v. City of Binghampton*, 975 F.3d 255, 277 (2d Cir, 2022), the plaintiff was shot in the stomach by Police Officer Kevin Miller in the course of executing a no-knock search warrant together with a SWAT team of multiple other officers. The jury gave a verdict in plaintiff's favor against the City, finding it liable for the police department's negligence regarding the raid. On the other hand, the jury gave a verdict in favor of Miller, finding neither negligence nor use of excessive force on his part. The City moved for judgment as a matter of law to set aside the verdict against it. The district court granted the City's motion to set aside the verdict against it because, the City argued, the jury found that Miller was not negligent, so that the City cannot be held liable for Miller's actions based on a theory of *respondeat superior*.

On appeal, the Second Circuit reversed the district court "because although the jury found that Miller was not negligent, the City may nonetheless be liable in *respondeat superior* for the negligence of *other* City employees." 975 F.3d at 276. The court continued, "because there was sufficient evidence at trial for the jury to reasonably conclude that *other* City employees were negligent, there is no inherent inconsistency." *Id.* (Emphasis in original.) The court held that the record established that although the jury exonerated Millar, trial evidence established the SWAT team executing the no-knock search warrant with Miller consisted of multiple other officers. "Each officer was assigned a particular position in the stack, with specific responsibilities and areas of focus upon entry to the residence. Defendant Miller was assigned the front position — to enter first once the door was breached." As a result, the court found there was sufficient trial evidence for the jury to find that some *other* officer besides Miller was negligent or used excessive force, and therefore the City was liable under *respondeat superior.*

In stark contrast, in plaintiff Basile's case, while the jury held that the only individual defendants, Perkins and Lashinsky, never battered plaintiff, the jury held that *some other, unidentified* County officer or detective battered him. The basic problem with this finding is that plaintiff specifically and repeatedly testified that Perkins, and *only* Perkins, was the detective who battered him. Plaintiff never testified that *any other* County officer or detective ever entered the cell in which he was situated, much less battered him. Moreover, plaintiff never identified any of the other County officers and detectives who testified at trial as having entered the cell, much less battered him.

Further, while there was indisputable evidence in the *Ferreira* trial that plaintiff was shot in the stomach, and certainly not by himself, in the *Basile* case Lashinsky testified (1) that he stood at the door to the cell but never entered it and (2) when he told Basile that he was going to be arrested, Basile went berserk and started banging his head against the cell walls, causing his own concussion. In short, while multiple SWAT team members entered plaintiff Ferreira's house, any one of whom could have shot him, the only testimony in Basile's trial about how he sustained a concussion was that Perkins, and *only* Perkins, battered him. Unfortunately for him, the jury did not find him to be truthful and found Perkins not liable. There was absolutely no testimony from any officer or detective in the Basile trial that any officer or detective ever entered the cell and battered him.

Based on the foregoing analysis, defendants moved, first, for entry of an order (a) vacating, altering or amending the jury verdict. That is the first branch of the motion before the Court. Defendants' argument is that the jury reached a seriously erroneous result, in that the verdict is a miscarriage of justice, and the verdict is against the weight of the evidence. Should the Court deny branch "a" defendants seek entry of an order directing that a new trial be conducted.

It is clear that if the Court grants branch "a" and vacates the verdict, the question of a conflict arising at in a new trial will be moot. Therefore, if the Court grants defendants' motion to vacate, alter or amend the jury verdict, no new trial will be conducted, and thus, no conflict will arise.

However, if the Court denies branch "a" and conducts a new trial, this will certainly create a conflict of interest because one or both Detectives, who were found not liable to plaintiff at trial, will be subject to a finding of liability in a second trial before a new jury. If the Court directs that a new trial be conducted, the Nassau County Attorney's Office cannot represent Nassau County and the two Detectives at a new trial. *Tiffany v. Vill of Briarcliff Manor,* 216 F.3d 1073, 2000 WL 900206, at *2 n.1 (2d Cir. 2000) (table opinion).

If, however, the Court denies defendants' motion to vacate, alter or amend the jury verdict and directs that a new trial be conducted, the Nassau County Attorney's Office will represent only the County itself. Both Detectives will be free to select new counsel of their choice, and Nassau County will be responsible to pay their selected attorneys the entire amount of their costs, fees and expenses. It must be noted that both Detectives have been and will continue to fully be indemnified by the Nassau County Police Indemnification Board for any amount of compensatory and/or punitive damages which may result from a new trial.

Defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: All counsel of record (via ECF)