

Rob Rickner | rob@ricknerpllc.com

April 10, 2024

**Via ECF**

Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Basile v. County of Nassau, et al.*, 20-CV-00576 (EK)(LB)

Your Honor:

We represent the Plaintiff Roger Basile and we write in response to the Court's March 22, 2024 Order requesting briefing on defense counsel's conflict in representing all three Defendants.

In short, defense counsel's post-trial motion created an unwaivable conflict. Defense counsel Deputy County Attorney Ralph Reissman filed a motion seeking a new trial, which would overturn the judgment against the County, while also forcing his other two clients the individual officers, Defendants Perkins and Lashinksy, to face a second trial alongside the County. *See Ferreira v. City of Binghamton*, 975 F.3d 255, 277 (2d Cir. 2020) ("the remedy for an inconsistent verdict is not, as the City urges, to selectively uphold that portion of the verdict that one party prefers.").

Worse, the County has radically changed its position on the underlying law, now arguing that the County cannot be liable unless one of the officers is. Perkins and Lashinsky, presumably, have no interest in defending themselves in a new trial, particularly one where the jury would be instructed that they need to find one of them responsible in order to award Plaintiff damages, drastically increasing that they will be blamed for brutally assaulting Plaintiff. There was no conflict when the County acknowledged that its own liability did not necessarily hinge on finding Perkins or Lashinsky liable. But the County now wants to use the officers as shields, arguing that the jury needs to find them liable to find the County liable; this is also a direct conflict.

Finally, it is likely that these two officers have no idea that their own lawyer has filed this motion and placed them in this position. Any attorney with their best interests in mind would object to a new trial and at least partially oppose the County's motion. For the officers, a new trial, where they could be found liable for brutalizing Plaintiff, is unquestionably bad. It would only benefit the County. These officers need to know what is going on.

After the Court issued the Order, I called Deputy Reissman and told him that I thought there was an unwaivable conflict and that he needs to find independent counsel for the officers. So far, no irreversible damage has been done. The Court has not ruled on the motion. But if the litigation

Rickner PLLC

continues, the conflict could become an issue on appeal, or disrupt the litigation in other ways. He did not take my advice. Instead, he contends that there will not be a conflict until his motion is granted – which it should not be.

Consequently, Deputy Reissman and his entire office should be disqualified from representing Defendants Perkins and Lashinksy going forward. The Court should issue an order that informs these Defendants and their union of the conflict and the potential consequences, making sure that they understand that they could face another trial if the County's motion is granted. And if the County or union refuses to pay for independent counsel, and they are not able to afford an attorney otherwise, the Court should request pro bono counsel.

We thank the Court for its attention to this issue.


Respectfully,

/s/

Rob Rickner