UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROGER BASILE,

                         Plaintiff,                <u>20-CV-00576 (EK)</u>

     -against-                      **Date of Service:**

COUNTY OF NASSAU,                  **April 15, 2024**
,

                         Defendant.
-----------------------------------------------------------X

**DEFENDANTS COUNTY OF NASSAU'S
MEMORANDUM OF LAW IN SUPPORT
<u>OF AMENDED MOTION PURSUANT TO FED. R. CIV. P. 59(e)</u>**

**THOMAS A. ADAMS
Nassau County Attorney
Attorney for Defendant
County of Nassau
1 West Street
Mineola, New York 11501
(516) 571-3046**

**RALPH J. REISSMAN**
**Deputy County Attorney**
  *Of Counsel*

1

## <u>TABLE OF CONTENTS</u>

**<u>PAGE</u>**

Preliminary Statement                                                          1

Plaintiff's Claims                                                             2

The Trial                                                                      3

The Jury Instruction on the State Law Claim of Battery                        3

The Verdict Form                                                              5

Legal Standard                                                               9

<u>ARGUMENT</u>

<u>POINT I</u>
THERE WAS NO EVIDENCE TO HOLD THE
COUNTY LIABLE FOR BATTERY UNDER
THE THEORY OF RESPONDEAT SUPERIOR                                            10

BATTERY DEFINED UNDER NEW YORK STATE LAW                                     11

<u>POINT II</u>
CASES HOLDING MUNICIPALITIES LIABLE
UNDER RESPONDEAT SUPERIOR EVEN IN
THE ABSENCE OF IDENTIFIED EMPLOYEES
ARE INAPPLICABLE TO THIS CASE                                                17

CONCLUSION                                                                   22

## **TABLE OF AUTHORITIES**

**PAGE**

## **CASES**

*City of Hartford v. Chase*, 942 F.2d 130 (2d Cir. 1991)                    9,

*Charkhy v. Altman*, 252 A.D.2d 413, 678 N.Y.S.2d 40 (1st Dept. 1998)        12

*Colburn Family Found. v. Chabad's Children*,
 No. 06-CV- 2351 (RMB), 2013 U.S. Dist. LEXIS 20594
 (S.D.N.Y. July 10, 2013)                                                    9

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998)         10

*Ferreira v. City of Binghampton*, 975 F.3d 255 (2d Cir, 2022)             2, 21

*Girden v. Sandals Int'l*, 262 F.3d 195 (2d Cir. 2001)                       12

*ING Glob. v. United Parcel Serv. Oasis Supply Corp.*,
 757 F.3d 92, 97-98 (2d Cir. 2014)                                          10

*Jennings v. Yurkiw*, No. 14-CV-6377 (SMG),
 2018 U.S. Dist. LEXIS 186602 (E.D.N.Y. Oct. 31, 2018).                     10

*Lawton v. Alitalia-Linee Aeree Italiane-Societa Per Azioni*,
 No. 97-CV-4472 (THK), 1999 U.S. Dist. LEXIS 12703 (S.D.N.Y. 1999)        16, 19

*Lederman v. Benepe*, No.  12-CV-6028 (PGG).
 2016 U.S. Dist. LEXIS 197311 (S.D.N.Y. Mar. 10, 2016)                      15

*Leibovitz v. City of New York*, No. 14 Civ. 3297 (RA) (JCF),
 2016 U.S. Dist. LEXIS 35556 at *26 (S.D.N.Y. Mar. 17, 2016),
 *adopted by, dismissed by*, in part *Leibovitz v. City of New York*,
 2016 U.S. Dist. LEXIS 86144 (S.D.N.Y., July 1, 2016)                       13

*Munafo v. Metro. Transp. Auth.*, 381 F.3d 99 (2d Cir. 2004)                 9

*Norton v. Town of Brookhaven*, 33 F. Supp.3d 215 (E.D.N.Y. 2014)           14

*Raedle v. Credit Agricole Indosuez*, 670 F.3d 411 (2d Cir. 2012)           10
2011 U.S. Dist. LEXIS 148722 (S.D.N.Y. Dec. 23, 2011)

*Scherer v. Kane*, 284 F. App'x 850 (2d Cir. 2008)                          10

*Triolo v. County of Nassau*, 24 F. 4th 98 (2d Cir. 2022)                17

*Universal Calvary Church v. City of New York*,
 96-CV-4606 (RPP), 2000 U.S. Dist. LEXIS 15153 (Oct. 13, 2000)      2, 19

*United National Insurance Co. v. Waterfront New York Realty Corp*.,
 994 F.2d 105 (2d Cir. 1993)                                       12

*Yanez v. The City of New York*, 29 F. Supp. 2d 100 (E.D.N.Y. 1998)    12
*Zanfardino v. City of New York*, 230 F. Supp.3d 325 (S.D.N.Y 2017),
 *dismissed by Zanfardino v. City of New York*, 2018 U.S. Dist. LEXIS
 39944 (S.D.N.Y. Mar. 9, 2018)                                     14

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 59(e)                                                    1, 9, 18, 23

## UNITED STATES CONSTITUTION

Fourth Amendment                                                  3

Fourteenth Amendment                                              3

## TREATISES

C. Wright, A. Miller, E. Cooper & E. Gressman,
 16 *Federal Practice and Procedure* § 3950 (1977)               9

## Preliminary Statement

Defendant, County of Nassau (the "County") respectfully submits this Amended Memorandum of Law in support of its motion pursuant to Fed. R. Civ. P. 59(e) for an order altering or amending the jury verdict rendered by the jury on November 2, 2023 [DE 76] and dismissing defendant County of Nassau from this action.

References below to "Exhibits" are to the exhibits attached to the accompanying Declaration of Ralph J. Reissman, specifically:

Exhibit "A"– Trial transcript of October 30, 2023.

Exhibit "B" – Trial transcript of October 31, 2023

Exhibit "C" – Trial transcript of November 1, 2023

Exhibit "D" - Trial transcript of November 2, 2023

Exhibit "E" - Jury Verdict Form dated November 2, 2023 [DE 76]

In his Amended Complaint [DE 47] plaintiff Roger Basile ("plaintiff") claimed that on October 11, 2018 Nassau County Detectives Jesse Perkins ("Perkins") and Robert Lashinsky ("Lashinsky") attacked him in a cell in the Seventh Precinct Squad Room, causing him a concussion. The two claims presented to the jury were (1) excessive force in violation of his federal constitutional rights an (2) battery under New York state law. In rendering its verdict, the jury found both Perkins and Lashinsky not liable for either federal excessive force or state law battery. However, the jury found the County liable for battery under the theory of respondeat superior and awarded plaintiff $4.5 million. The result is that Perkins and Lashinsky have been dismissed from this case, and now the remaining defendant, Nassau County, moves pursuant to motion pursuant to Fed. R. Civ. P. 59(e) for an order altering or amending the jury verdict to dismiss the verdict against the County.

Since the jury found neither that Perkins nor Lashinsky battered plaintiff, there was no underlying tort committed by a County employee to hold the County liable under respondeat superior. Plaintiff relies on several cases in the Second Circuit which hold that, even where a plaintiff cannot identify the specific municipal employee who injured him, the municipal employer can nonetheless be held liable under respondeat superior. *See*, *e.g.*, *Ferreira v. City of Binghampton*, 975 F.3d 255 (2d Cir, 2022) and *Universal Calvary Church v. City of New York*, 96-CV-4606 (RPP), 2000 U.S. Dist. LEXIS 15153 (Oct. 13, 2000). However, in both of these cases, the courts held that *there was sufficient evidence at trial* for the jury to reasonably conclude that *other* City employees had tortiously injured the plaintiff.

In stark contrast, in this case, there was absolutely no evidence adduced in three days of trial to support the jury's answering "Yes" to Question No. 5, that "any other Nassau County officer or detective" committed a battery. In the total absence of trial evidence to support the jury finding the County liable under respondeat superior for battery by an anonymous County employee, the verdict is a miscarriage of justice, and the verdict is against the weight of the evidence, warranting the Court to issue an order amending or altering the verdict to dismiss the County.

**<u>Plaintiff's Claims</u>**

In his Amended Complaint [DE 47] plaintiff alleged that on October 11, 2018 while handcuffed by one hand to a wall in an interrogation room in Nassau County Police Department's Seventh Precinct, Perkins and Lashinsky beat and struck him several times, causing him to lose consciousness. Plaintiff was subsequently transported to Nassau University Medical Center, where he was diagnosed with a concussion. The Amended Complaint asserted (1) a cause of action against Det. Perkins and Det. Lashinsky for excessive force under 42 U.S.C. § 1983 for violation

of the Fourth and Fourteenth Amendments, and (2) a second cause of action for assault and battery under New York State law against Det. Perkins and Det. Lashinsky.

**The Trial**

The trial in the action was conducted on October 30, October 31, November 1, 2023 and November 2, 2023. *See* trial transcripts, Exhibits "A" through "D."

In the course of preparing jury instructions and the verdict form, the Court and counsel included plaintiff's federal civil rights claim of excessive force against Det. Perkins and Det. Lashinsky but changed plaintiff's state law claim from "assault and battery" to simply "battery" against Det. Perkins, Det. Lashinsky and Nassau County. *See* Exhibit "D" page 545. Line 16 through page 546, line 4:

THE COURT: Okay. But the -- so the question I was going to ask was, should we, perhaps, simplify the instructions by changing all the references to assault and battery to, instead, refer simply to battery?

MR. RICKNER: Yeah. My recommendation, I guess, technically, the assault claim is -- it just doesn't work in this case. There's no, I think, testimony about apprehension of harm. It's just harm. So I don't think having the charge around makes any sense.

THE COURT: Okay. So everywhere we refer to assault and battery, we are going to be striking the words "assault and"?

MR. RICKNER: Yes. I think that's correct.

THE COURT: Okay. Okay.

**The Jury Instruction on the State Law Claim of Battery**

With respect to the state law claim of "battery" against defendant Nassau County, on November 1, 2023 the Court gave the following instruction to the jury (Exhibit "D", page 650, line 14 through page 651, line 24:

3

Instruction 17 - New York State Battery

Mr. Basile's second claim is that one or more Nassau County Police Officers subjected him to battery, as defined by the laws of the State of New York. The elements of this claim, to the extent they are disputed, are substantially identical to the excessive force claim. The elements of the New York State battery claim, to the extent they are disputed here, are substantially identical to the federal claim for excessive force. However, this state claim, unlike the federal claim, is also brought against Nassau County.

Under New York State law, the County is liable for improper acts of its employees committed in furtherance of the employer's business and within the scope of the employees' authority. Here, the parties agree that that includes the actions of the County's police officers and detectives, while they are on duty. Therefore, if you find that the Plaintiff has proven by a preponderance of the evidence that **either of the Detectives** used excessive force against him, then you must find for the Plaintiff on his claim for battery against that Defendant. And you must also find Nassau County liable for that battery.

If you do not find by a preponderance of the evidence that **Detective Lashinsky** is liable on Basile's excessive force claim, or **that Detective Perkins** is liable on Mr. Basile's excessive force claim, you must consider whether Mr. Basile has demonstrated by a preponderance of the evidence that **at least one of them** used excessive force. (Emphasis added.)

By deliberately confining the jury's consideration only to Perkins and Lashinsky, it is clear that the Court intended the jury to limit its consideration only to Perkins and Lashinsky, and not some anonymous County officer or detective, or "any officer or detective."

The Court continued its instruction to clarify that the jury need not be unanimous in its verdict as to *which of the two detectives*, if any, battered plaintiff:

In that case, you must be unanimous in your determination that an officer used excessive force against the Plaintiff, even if you are not unanimous as to which officer did**.** You must be unanimous in your determination that **an officer** used excessive force, **even if you are not unanimous in your understanding of which officer [i.e.,**

4

> **Perkins or Lashinsky] did**. If you make such a finding, you must
> find Nassau County, alone, liable for battery. (Emphasis added.)

It is beyond doubt that in providing this instruction, the Court instructed the jury to base its determination of County liability solely and explicitly on a finding that either Perkins, Lashinsky, or both Perkins and Lashinsky, committed a battery. The highlighted phrases above in the instruction, "*either of the Detectives*," and "at least *one of them*," clearly limits the field of "any officer or detective" to Perkins and Lashinsky alone, in case the jury was unable to reach a unanimous decision as to which of these two defendants, if any, battered plaintiff. The Court clearly did not intend to instruct the jury that the County could be liable for the tortious conduct of "any officer or detective" *other than Perkins or Lashinsky* without identification or at least a description of "*any* officer or detective," which plaintiff Basile could not, and never did, provide.

Since the jury unanimously held that neither Perkins nor Lashinsky committed battery, and since there was absolutely no trial evidence that any other officer or detective, identified or unidentified, battered plaintiff, the verdict holding the County liable is against the weight of evidence and constitutes a miscarriage of justice. This warrants the Court to issue an order amending or altering the verdict to dismiss the County.

**<u>The Verdict Form</u>**

At the conclusion of the Court providing its jury instructions, the jury retired to answer the following five (5) questions:

I.    <u>Excessive Force</u>

    1. Did Roger Basile prove by a preponderance of the evidence that Detective Jesse Perkins used excessive force against him?

    2. Did Roger Basile prove by a preponderance of the evidence that Detective Robert Lashinsky used excessive force against him?

II.    Battery

     3.   Did Roger Basile prove by a preponderance of the evidence that Detective Jesse Perkins subjected him to a battery?

     4.   Did Roger Basile prove by a preponderance of the evidence that Detective Robert Lashinsky subjected him to a battery?

     5.   Did Roger Basile prove by a preponderance of the evidence that any Nassau County officer or detective subjected him to a battery?

With regard to Question No. 5, it is made clear that the Court and the attorneys intended to limit the jury's consideration only to Perkins and Lashinsky by the following exchange in the transcript of proceedings on October 31, 2023 (Exhibit "B" to the moving Declaration of Ralph J. Reissman [DE 82-3];.

[Page 383] We're drilling down. I have a preliminary review, as I've said, on the question of **whether jury unanimity is required on the identity of the officer who committed any assault**. That's question 1. I think we are getting close to an answer, but I want to hear the parties' considered answers.

[Pages 386-391] THE COURT: So hold on one second. Let me just look at the complaint for a moment here. Okay. So yeah. II is your assault and battery question on the verdict form. Did Roger Basile prove a preponderance of the evidence that any Nassau County officer or detective subjected him to assault and battery.

MR. RICKNER: That –

THE COURT: But he's sued –

MR. RICKNER: That's correct.

THE COURT: -- both officers individually for assault and battery, right?

MR. RICKNER: That's correct, and I can't remember if I put in a footnote or if it's in an email or if it's in my -- what I was trying to do was to explain that with respect to the constitutional violation and excessive force, I mean, either we combine them into one because it's **one rule of decision for each officer**, or we just call it one thing like section 1983.

THE COURT: No. I understand that. You have an allegation of liability. You have a claim against the County for assault and battery –

MR. RICKNER: And against the –

THE COURT: -- under the doctrine of respondeat superior, right?

MR. RICKNER: **And against the individual officers**, and the way I was trying to do the verdict sheet – and again, if this is confusing them, it's not the right way to do it -- is to essentially collapse that inquiry for the County because if they find that **either of the officers** have done it, it effectively forecloses the decision with the County. So if any officer, and that includes both of the Defendants, are found responsible for excessive force/battery, then the County is as well.

THE COURT: Yeah. I think there should be a place for the jury to **check a box for each count for each defendant**, even if that creates some risk that they will come up with answers that we think are logically or legally inconsistent, just because you've sued multiple defendants for multiple things, and we need to know what the verdict is on those things.

MR. RICKNER: Okay.

THE COURT: Especially on these facts. So I think we need a stronger tie in the verdict form between the punitive damages question and the **individual counts against the individual defendants on the state common law claim.**

MR. RICKNER: Well, if there's no -- a lot of time -- the way I've done it previously, if there's no question with respect to -- there's none of this alternate officer or anything or question that you won't be able to tell. It's just one or the other, logically just collapsed it in and the County pays without -- the respondeat happens automatically as a matter of law **once the state claims are against one of the individual officers.** (Emphasis added.)

THE COURT: Okay. Yeah. It is. (Emphasis added.)

It is overwhelmingly clear from the foregoing passages that the Court and all counsel agreed that respondeat superior liability against the County for battery was restricted to a jury finding of liability *only against one or both Perkins and Lashinsky,* but not against one or more unidentified officers or detectives.

However, against the weight of evidence (1) that plaintiff repeatedly identified only Perkins as his assailant, (2) that Lashinsky's testimony, never contradicted by plaintiff, that Lashinsky merely stood at the cell door and never assaulted him, as plaintiff conceded in cross-examination, and (3) that plaintiff never testified that any officer or detective, other than Perkins, battered him, the jury returned the following verdict:

**The Jury Verdict**

On November 2, 2023 the jury returned the following verdict [DE 76] as reported in the transcript, Exhibit "D" page 670, lines through 24:

> Question 1, did Roger Basile prove by a
> preponderance of the evidence that Detective Jesse Perkins
> used excessive force against him? Answer, no.

> Question 2, did Roger Basile prove by a
> preponderance of the evidence that Detective Robert Lashinsky
> used excessive force against him? Answer, no.

> Question 3, did Roger Basile prove by a
> preponderance of the evidence that Detective Jesse Perkins
> subjected him to a battery? Answer, no.

> Question 4, did Roger Basile prove by a
> preponderance of the evidence that Detective Robert Lashinsky
> subjected him to a battery? Answer, no.

> Question 5, did Roger Basile prove by a
> preponderance of the evidence that any Nassau County officer
> or detective subjected him to a battery? Answer, yes.

> III on damages, has Roger Basile proven that he is
> entitled to compensatory damages from excessive force and/or
> a battery? Answer, yes.

> Question 7, if your answer to question 6 was yes,
> state the amount of compensatory damages that Roger Basile
> should be awarded. Answer, $4.5 million.

> Question 8, do you award punitive damages to Roger
> Basile for the use of excessive force and/or subjecting him
> to a battery? Answer, no.

Since the jury's answered "Yes" to Question No. 5 in the complete absence of any evidence to support this answer, the County now moves pursuant to Fed. R. Civ. P. 59(e) for an order altering or amending the jury verdict, dismissing defendant County from this action.

**Legal Standard - Rule 59**

Rule 59, "New Trial; Altering or Amending a Judgment" provides:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Motions to reconsider, motions for rehearing, motions to reargue, motions to vacate, and motions to set aside the judgment are all treated as motions to alter or amend judgment under Federal Rule 59(e). *Colburn Family Found. v. Chabad's Children*, No. 06-CV- 2351 (RMB), 2013 U.S. Dist. LEXIS 20594 at *5 (S.D.N.Y. July 10, 2013) (citing *City of Hartford v. Chase*, 942 F.2d 130, 133-34 (2d Cir. 1991). "Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment... district courts may alter or amend [a] judgment 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citation omitted).

"Any kind of motion that draws into question the correctness of the district court judgment is considered to be a motion 'to alter or amend the judgment under Civil Rule 59(e) Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment." *City of Hartford v. Chase*, 942 F.2d 130, 133-34 (2d Cir. 1991) (citing C. Wright, A. Miller, E. Cooper & E. Gressman, 16 *Federal Practice and Procedure* § 3950, at 364 n. 7 (1977). Such a motion should be granted only "when the jury's verdict is egregious." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998).

On a Rule 59 motion, unlike a motion for judgment as a matter of law, the court may weigh the evidence itself, rather than viewing the evidence in the light most favorable to the non-moving party. *See DLC*, 163 F.3d at 134; *Scherer v. Kane*, 284 F. App'x 850, 854 (2d Cir. 2008). Nevertheless, "it is a disfavored practice in this Circuit to upset a jury verdict that was based

largely on the jury's credibility determinations." *Jennings v. Yurkiw*, No. 14-CV-6377 (SMG),

2018 U.S. Dist. LEXIS 186602 (E.D.N.Y. Oct. 31, 2018), at *5 (court should "rarely disturb a

jury's evaluation of a witness's credibility." Courts afford a "high degree of deference . . . to the

jury's evaluation of witness credibility." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757

F.3d 92, 97-98 (2d Cir. 2014) (internal citation and quotation marks omitted). Where "a verdict is

predicated almost entirely on the jury's assessments of credibility, such a verdict generally should

not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent

a miscarriage of justice." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411 (2d Cir. 2012) (referring

to Fed. R. Civ. P.  Rule 59(a)(1)(A)).

In this case, since it is beyond question that the jury determined plaintiff not to be credible,

and found both Perkins and Lashinsky to be credible, the Court is not tasked with evaluating the

jury's assessment of the trial witnesses' credibility. Instead, the Court need only base its decision

on the facts of the case as the jury found them to be, and then apply the applicable law. In doing

so, defendant County respectfully submits that the Court should grant the County's motion to

amend or alter the verdict, and dismiss the County from this case.

## POINT I

### THERE WAS NO EVIDENCE TO HOLD
### THE COUNTY LIABLE FOR BATTERY UNDER
### THE THEORY OF RESPONDEAT SUPERIOR.

Under the well-established New York state law of respondeat superior, if there no evidence

of wrongful conduct by an employee, there can be no imposition of vicarious liability against any

alleged employer or principal of the employee pursuant to the doctrine of respondeat superior. The

jury found that Perkins committed no wrongful conduct. The jury found that Lashinsky committed

no wrongful conduct. Plaintiff's testimony was consistently crystal clear: it was Perkins, and only

Perkins, who battered him. When asked on cross-examination why he never filed a complaint against Lashinsky, *plaintiff testified that Lashinsky never touched him*. In the end, what it all boiled down to is that the jury simply found that plaintiff lied under oath in testifying that Perkins battered him. Plaintiff never testified that any other officer or detective, even one whose name he did not know, ever battered or touched him.

The jury's verdict that the County be held liable for the wrongful conduct of some amorphous, unidentified officer or detective, whose name or specific conduct plaintiff never testified to, constitutes grounds for the Court to amend or alter the verdict to dismiss the County from the case under Rule 59(e). It is clear (1) that the jury reached a seriously erroneous result, (2) that verdict is a miscarriage of justice, and (3) that the verdict is against the weight of the evidence. and the verdict works an extreme and undue hardship upon the County.

It is hornbook law in New York that a municipal employer cannot be vicariously liable in the absence of unlawful conduct by its employee. Where, as here, all claims against Perkins and Lashinsky were dismissed, and there was no evidence at trial that any other officer or detective battered plaintiff, either identified or unidentified, there is no basis under New York law to sustain a respondeat superior claim against the employer. Simply put, there can be no imposition of vicarious liability under the theory of respondeat superior in the absence of unlawful conduct by an employee.

**<u>Battery Defined Under New York State Law</u>**

Under New York law, a battery cause of action requires the plaintiff to prove intentional wrongful physical contact with another person without consent. *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001); *United National Insurance Co. v. Waterfront New York Realty Corp.*, 994

F.2d 105, 108 (2d Cir. 1993); *Charkhy v. Altman*, 252 A.D.2d 413, 678 N.Y.S.2d 40, 41 (1st Dept. 1998). *See also Yanez v. The City of New York*, 29 F. Supp. 2d 100, 116 (E.D.N.Y. 1998).

The only legal basis for holding the County liable for battery could be for vicarious liability under the theory of respondeat superior. Although plaintiff testified at trial that Perkins assaulted him, the jury obviously did not believe him, and found Perkins not liable for battery. Plaintiff also testified that Lashinsky never assaulted him. On November 1, 2023 plaintiff was asked the following questions and gave the following answers, trial transcript Exhibit "A", beginning at page 127, line 18 continuing to line 22:

Q: Is it your testimony today, before this jury, that
Detective Lashinsky never assaulted you?

A. Never what with me?

Q. Assaulted you.

A. Detective Lashinsky never assaulted me.

Perkins and Lashinsky were the only two individual defendants, and the jury absolved both of them from liability for plaintiff's battery claim. Through the three days of testimony, there was no evidence at trial that *any other* Nassau County police officer or detective assaulted plaintiff or ever came into physical contact with him.

As a matter of law, then, there was no basis for a reasonable jury to conclude that the County is liable for battery under the theory of respondeat superior. The only possible way to hold the County, as employer, liable for battery under the theory of respondeat superior, would have to be that some other, never identified office or detective, other than Perkins and Lashinsky, battered plaintiff. Under ample, well-established Second Circuit case law, since the jury found that neither Perkins nor Lashinsky committed any unlawful conduct, and there certainly was no evidence that

*any other* officer or detective battered plaintiff, there was no legal basis for the jury to find the County vicariously liable for battery under the theory of respondeat superior.

For example, in *Leibovitz v. City of New York*, No. 14 Civ. 3297 (RA) (JCF), 2016 U.S. Dist. LEXIS 35556 at *26 (S.D.N.Y. Mar. 17, 2016), *adopted by, dismissed by*, *in part Leibovitz v. City of New York*, 2016 U.S. Dist. LEXIS 86144 (S.D.N.Y., July 1, 2016), the court granted defendant New York City's motion to dismiss a plaintiff's respondeat superior claims of common law tort  assault and battery. The court granted the City's motion, finding that the plaintiff had not made out a valid tort claim against any of the City's employees, stating:

> Unlike cases brought under § 1983, municipalities may be liable for the common law torts, like false arrest and malicious prosecution, committed by their employees under the doctrine of respondeat superior." *L.B. v. Town of Chester*, 232 F. Supp. 2d 227, 239 (S.D.N.Y. 2002). **Nevertheless, the plaintiff's claim against the City on the basis of respondeat superior cannot survive for the simple reason that the plaintiff has not made out a valid tort claim against any of the City's employees**. *See Wende C. v. United Methodist Church*, 6 A.D.3d 1047, 1052, 776 N.Y.S.2d 390, 395 (4th Dep't 2004) (noting that "[i]n the absence of any wrongful or actionable underlying conduct . . . there can be no imposition of vicarious liability . . . pursuant to the doctrine of respondeat superior (and collecting cases). Therefore, I recommend that the plaintiff's second claim (and any other claims against the City premised on a theory of respondeat superior be dismissed. (Emphasis added.)

In *Norton v. Town of Brookhaven*, 33 F. Supp.3d 215, 237 (E.D.N.Y. 2014) the plaintiff sued the municipality Town of Brookhaven and multiple municipal employees for violation of federal and state common law rights. In ruling on the defendants' Rule 12(b)(6) motion to dismiss the Complaint, the court first dismissed plaintiff's state law claims against the municipal employees. and then held that the municipality could not be held vicariously liable under the theory of respondeat superior, stating, "there can be no imposition of vicarious liability in the absence of

underlying liability") (citing *Wende C. v. United Methodist Church*, 6 A.D.3d 1047, 1052 (4th Dept. 2004).

Similarly, in *Zanfardino v. City of New York*, 230 F. Supp.3d 325, 338-39 (S.D.N.Y 2017), *dismissed by Zanfardino v. City of New York,* 2018 U.S. Dist. LEXIS 39944 (S.D.N.Y., Mar. 9, 2018), the court granted New York City's motion to dismiss plaintiff's respondeat superior claim against the City because all claims, both federal and state tort claims, were dismissed against the defendant New York City detective. The court stated, "Any attempt to hold the City liable for the actions of Detective Wilson fails, however, because Plaintiff has not pleaded an underlying tort against Detective Wilson for which the City could be held vicariously liable." In dismissing the vicarious liability claim against the City, the court explained:

> [I]n contrast to claims brought under 42 U.S.C. § 1983, respondeat superior liability does apply to claims brought under New York state law." *Aponte v. City of New York*, No. 14-cv-3978 (KMK), 2016 U.S. Dist. LEXIS 132403, 2016 WL 5394854, at *7 (S.D.N.Y. Sept. 26, 2016) (collecting cases). Under that doctrine, an employer can be held "vicariously liable for torts committed by an employee acting within the scope of employment. . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *RJC Realty Holding Corp. v. Republic Franklin Ins. Co.*, 2 N.Y.3d 158, 808 N.E.2d 1263, 777 N.Y.S.2d 4, 6-7 (2004) (citation and internal quotation marks omitted). *Plaintiff's claim for respondeat superior liability against the City must be dismissed, however, inasmuch as all claims against Detective Wilson are being dismissed, and there is as a result no underlying tort upon which to base such vicarious liability. See, e.g., Toomer v. Cellco P'ship*, No. 11-cv-7515 (PAE), 2012 U.S. Dist. LEXIS 101265, 2012 WL 2953831, at *10 (S.D.N.Y. July 20, 2012) ("[T]o state a claim for respondeat superior against [the employer]" the plaintiff "must plead an underlying tort against [the employee]."); *Wende C. v. United Methodist Church*, 6 A.D.3d 1047, 1052, 776 N.Y.S.2d 390 (4th Dep't 2004) *("In the absence of any wrongful or actionable underlying conduct by defendant T., there can be no imposition of vicarious liability against any alleged employer or principal of defendant T. pursuant to the doctrine of respondeat superior.") (*Emphasis added.)

The same analysis applied in *Lederman v. Benepe,* No. 12-CV-6028 (PGG), 2016 U.S. Dist. LEXIS 197311 at *13-15 (S.D.N.Y. Mar. 10, 2016),. In this case, the plaintiff brought a Section 1983 claim for false arrest and respondeat superior against the Museum of the City of New York (the "Museum") and an individual Museum employee. The Museum moved to dismiss the Amended Complaint for failure to state a claim. The court dismissed the false arrest claim against the employee, and then dismissed the respondeat superior claim against the employer, the Museum, stating:

> Plaintiff alleges that "[t]he [M]useum is vicariously liable for [employee] Henry's actions" under New York law because "Henry was acting within the scope of her employment and to the benefit of her employer." It is well-established, however, that respondeat superior "is not a cause of action at all, but a theory of liability that must attach to a separate claim." *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 110 n.6 (E.D.N.Y. 2011); *see also Robinson v. Avis Rent-A-Car, Inc.*, No. 98 CV 4321(SJ), 1999 U.S. Dist. LEXIS 21323, 1999 WL 342037, at *3 n.1 (E.D.N.Y. May 24, 1999) ("Plaintiff's ninth cause of action purports to assert a claim for 'respondeat superior.' No such cause of action exists under New York or Virginia law as respondeat superior is a theory through which liability may be imposed upon an employer." (citing *Ray v. Metro. Transp. Auth.*, 221 A.D.2d 613, 615, 634 N.Y.S.2d 160 (2nd Dept. 1995))).

> *Where, as here, all claims against an employee have been dismissed, there is no basis under New York law for a respondeat superior claim against the employer. See, e.g.,* Osborne v. Cty. of Seneca, No. 11-CV-6380 (CJS), 2014 U.S. Dist. LEXIS 77473, 2014 WL 2560582, at *16 (W.D.N.Y. June 6, 2014) ("Plaintiff similarly contends that Seneca County has respondeat superior liability for the alleged state-law malicious prosecution. However, that claim must also be dismissed since the Court has dismissed the underlying state tort claims against the individual defendants."); Toomer v. Cellco P'ship,* No. 11 Civ. 7515(PAE), 2012 U.S. Dist. LEXIS 101265, 2012 WL 2953831, at *10 (S.D.N.Y. July 20, 2012) ("[T]o state a claim for respondeat superior against Verizon, Toomer must plead an underlying tort against Guzman. Toomer has failed to do so. Thus, her claim against Verizon based on respondeat superior must also be dismissed." (citations omitted)); *Shapiro v. Kronfel*d, No. 00 Civ.6286(RWS), 2004 U.S. Dist. LEXIS 23807,

2004 WL 2698889, at *24 (S.D.N.Y. Nov. 24, 2004) (dismissing respondeat "there can be no imposition of vicarious liability in the absence of underlying liability"); *Wende C. v. United Methodist Church*, 6 A.D.3d 1047, 1052, 776 N.Y.S.2d 390 (4th Dept. 2004) (collecting cases) ("In the absence of any wrongful or actionable underlying conduct by defendant T., there can be no imposition of vicarious liability against any alleged employer or principal of defendant T. pursuant to the doctrine of respondeat superior."), *appeal withdrawn,* 4 N.Y.3d 293, 827 N.E.2d 265, 794 N.Y.S.2d 282 (2005). Plaintiff's pendant state law claim for respondeat superior liability . . . will be dismissed. (Emphasis added.)

Again, in *Lawton v. Alitalia-Linee Aeree Italiane-Societa Per Azioni*, No. 97-CV-4472 (THK), 1999 U.S. Dist. LEXIS 12703 at *19 (S.D.N.Y. 1999), the court granted summary judgment dismissing a battery claim against an employer *because the plaintiff was not able to identify the man, or any other employee, who allegedly caused her to fall*. The court explained its holding by stating:

> Plaintiffs are not able to identify the man who allegedly caused Thelma Lawton to fall. For the same reasons discussed in the context of the negligence claim*, plaintiffs have not come forward with any evidence indicating that any employees of defendant Alitalia were even present at the site of Thelma Lawton's injury. Thus, there is no basis on which a reasonable jury could conclude that any employee of Alitalia had any physical contact with the plaintiff at the time of the injury.* Accordingly, the battery claim is dismissed with respect to defendant Alitalia.

Exactly the same analysis applies in the case before this Court, since plaintiff never testified that, other than Perkins, any identified or unidentified officer or detective battered him. The jury found neither Perkins nor Lashinsky liable for battery, and there was absolutely no trial evidence that *any other* identified or unidentified officer or detective battered plaintiff. The jury found Perkins, the only defendant whom plaintiff testified as battering him, not liable for battery. The only evidence at trial as to how plaintiff sustained a concussion was Lashinsky's clear, uncontradicted testimony that he merely stood at the door to the cell, told plaintiff he was going to

be arrested, and then plaintiff went berserk, repeatedly banging his head against the cell walls, at which point Lashinsky walked away. Since plaintiff never contradicted Lashinsky's testimony, Lashinsky's testimony is the law of the case. There was absolutely no evidence that Perkins, Lashinsky or any other officer or detective battered plaintiff.

Pursuant to Rule 59(e), it is totally clear that the verdict is a miscarriage of justice and is against the weight of the evidence. Based on this incontrovertible analysis and case law, since the County cannot be liable for battery under the theory of respondeat superior, the verdict should be altered or amended to dismiss the County.

Here, it is beyond obvious that the jury made a serious mistake by finding the County vicariously liable for battery under the theory of respondeat superior. The well-established law in New York is that a municipal employer cannot be vicariously liable in the absence of unlawful conduct. As the Second Circuit stated in *Triolo v. County of Nassau*, 24 F. 4th 98, 111 (2d Cir. 2022), "We agree, as does [plaintiff] Triolo, that a municipal employer cannot be vicariously liable in the absence of unlawful conduct."  Since the jury found neither Perkins nor Lashinsky liable for battery, and there was no trial evidence that any other identified or unidentified officer or detective battered plaintiff, there was simply no evidence of unlawful conduct sufficient to hold the County liable for battery under the theory of respondeat superior.

## POINT II

### CASES HOLDING MUNICIPALITIES LIABLE EVEN IN THE ABSENCE OF IDENTIFIED EMPLOYEES ARE INAPPLICABLE TO THIS CASE

Cases relied upon by plaintiff for the proposition that a municipality can be liable to a plaintiff under respondeat superior even in the absence of an identified tortfeasor employee, far from supporting his theory, instead *actually support* the County's position, i.e., that the County cannot as a matter of law be liable under respondeat superior in this case since the jury found that

17

neither Perkins nor Lashinsky committed battery, and there was no evidence at trial that any other officer or detective, either identified or unidentified, battered plaintiff.

For example, in *Universal Calvary Church v. City of New York*, (RPP), 90-CIV-4606 (S.D.N.Y. Oct. 13, 2000) the district court held New York City liable under respondeat superior for tortious acts committed by police officers even though the identity of the officers who attacked and apprehended plaintiff was unknown to both plaintiff and defendants. *Universal* was a class action encompassing numerous claims, including assault and battery, concerning events that occurred between over two hundred plaintiffs, all members of the Universal Calvary Church and defendants, twenty-two individually named police officers, officials of the City of New York, and a number of unidentified defendants.

Addressing plaintiff Michael Bennett's claim of assault and battery, the court found that the identity of the officers who attacked and apprehended Bennett was unknown to both plaintiff and defendants. The only physical description Bennett could give was that the people attacking Gordon were "four guys" in plainclothes, none in uniform. When asked, "Do you know who the four guys or any of them were that were holding Horace Gordon?" he answered no. When asked, "Do you know who it was that hit you from behind either by physical description or any other identifying characteristics?" Bennett answered no. Bennett was unable to identify any of the defendants by name, description, or in any other way.

The court granted defendant City of New York's summary judgment motion seeking to dismiss the action against certain *identified* officers because the evidence proved that *these particular officers* never assaulted Bennett, but allowed Bennett to proceed to trial on his claim of assault and battery against other, *unidentified* officers stating, "The police officers on the scene were the authorized agents of the City of New York. *Bennett's testimony supports a claim of assault*

*and battery*. A principal is generally liable for the acts of its agents acting within the scope of their authority. Therefore, Bennett may proceed with his common law claim of assault and battery against unidentified police officers." (Emphasis added.) In other words, trial testimony established that, in fact, plaintiff Bennett *was assaulted and battered by a City employee*, even if he could not identify the names of the City employee(s) who assailed him. In *Universal*, plaintiff Bennett was able to describe the unnamed officers as "four guys in plainclothes, none in uniform," and the court found that "Crediting Bennett's version of events*, there is sufficient evidence that an assault and battery occurred*." 2000 U.S. Dist. LEXIS at \*78-9. (Emphasis added.)

In stark contrast, plaintiff Basile first sued Perkins and Lashinsky, then at trial testified that Lashinsky never came in contact with him, and then testified that only Perkins attacked him. Obviously, the jury did not believe plaintiff was telling the truth and exonerated Perkins and Lashinsky of all liability both for federal excessive force and state law battery. Plaintiff Basile, aside from identifying, describing and insisting that Perkins, who was absolved of all liability by the jury, never identified or described in any way the identity or even the appearance of any other officer or detective who allegedly assaulted him. Again, in stark contrast to *Universal*, there was absolutely no evidence that Perkins, Lashinsky or any other officer or detective ever assaulted him. Based on the jury exonerating Perkins and Lashinsky, there is no logical conclusion to be made between the fact that plaintiff was diagnosed with a concussion (which Lashinsky testified was caused by plaintiff banging his head against the wall) and the alleged actions of "any other officer or detective."

The only testimony at as to the cause of plaintiff's concussion was his own testimony that Perkins battered him.  In view of the verdict, it is an indisputable fact that the jury did not believe plaintiff at all. Despite the fact that in addition to Perkins and Lashinsky, Deputy Inspector

Rothenberg, Officer Daniel Minervini, Officer Thomas, Garibotto, Det. Matthew Scott and Lt. Semyon Shnayderman all testified at trial, plaintiff never identified any of these witnesses as his assailant. As the court stated in the *Lawton* case cited above, which is totally applicable here, "plaintiffs have not come forward with any evidence indicating that *any employees of defendant* Alitalia were even present at the site of Thelma Lawton's injury. *Thus, there is no basis on which a reasonable jury could conclude that any employee of Alitalia had any physical contact with the plaintiff at the time of the injury.*" 1999 U.S. Dist. LEXIS 12703 at *19 (emphasis added.)

Plaintiff also mistakenly relies on *Ferreira v. City of Binghampton*, 975 F.3d 255 (2d Cir. 2020) for the proposition that the County can be held liable to Basile for battery under respondeat superior, even where the jury held that neither Perkins nor Lashinsky committed battery. In *Ferreira*, the plaintiff was shot in the stomach by Police Officer Kevin Miller in the course of executing a no-knock search warrant together with a SWAT team of *multiple other officers*. The jury gave a verdict in plaintiff's favor against the City, finding it liable for the police department's negligence regarding the raid. On the other hand, the jury gave a verdict in favor of Miller, finding neither negligence nor use of excessive force on his part.

The City moved for judgment as a matter of law to set aside the verdict against it.  The district court granted the City's motion to set aside the verdict against it because, the City argued, the jury found that Miller was not negligent, so that the City cannot be held liable for Miller's actions based on a theory of respondeat superior.

On appeal, the Second Circuit reversed the district court "because although the jury found that Miller was not negligent, the City may nonetheless be liable in respondeat superior for the negligence of other City employees." 975 F.3d at 276. The court continued, "*because there was sufficient evidence at trial for the jury to reasonably conclude that other City employees were*

*negligent, there is no inherent inconsistency*." *Id.* (Emphasis in original.) The court held that the record established that although the jury exonerated Millar, trial evidence established the SWAT team executing the no-knock search warrant with Miller consisted of multiple other officers. "Each officer was assigned a particular position in the stack, with specific responsibilities and areas of focus upon entry to the residence. Defendant Miller was assigned the front position — to enter first once the door was breached." As a result, the court found there was *sufficient trial evidence* for the jury to find that some other officer besides Miller was negligent or used excessive force, and therefore the City was liable under respondeat superior.

The Second Circuit rejected the City's argument that it could not be liable under respondeat superior because the jury found Miller not liable. Starting at 975 F.3d at 46, the Second Circuit explained:

> As the district court repeatedly recognized at trial, Ferreira argued that the City was liable under New York law in negligence on two separate theories: first, because of Miller's negligent shooting of Ferreira, and, second, because of the negligent planning of the raid by police personnel. With regard to the latter theory, *Ferreira catalogued a list of alleged deficiencies, including, as discussed above, failure to conduct adequate surveillance and failure to obtain (or attempt to obtain) a floor plan of the residence*. Allegedly negligent acts and omissions were committed by individuals responsible for planning the SWAT raid, within the scope of their employment. . . *Ferreira adduced evidence at trial sufficient for the jury to conclude that City employees other than Miller were negligent in the planning of the raid*. (Empasis added.)

Further, while there was indisputable trial evidence IN *Ferreira* that the plaintiff was shot in the stomach, and certainly not by himself, in the *Basile* case Lashinsky testified (1) that he stood at the door to the cell but never entered it and (2) when he told Basile that he was going to be arrested, Basile went berserk and started banging his head against the cell walls, causing his own concussion. In short, while multiple SWAT team members entered plaintiff Ferreira's house, any one of whom could have shot him, the only testimony in Basile's trial about how he sustained a

concussion was that Perkins, and *only* Perkins, battered him. Unfortunately for him, the jury did not find him to be truthful and found Perkins not liable. There was absolutely no testimony from any officer or detective in the *Basile* trial to support the jury finding that some other, never identified officer or detective ever entered the cell and battered plaintiff.

In conclusion, in Basile's case, there was absolutely no trial evidence to support the jury's answering "Yes" to Question No. 5, that "any other Nassau County officer or detective" battered plaintiff. In the total absence of trial evidence to support the jury finding the County liable for battery by an some other officer or detective, either identified or unidentified, the Court must alter or amend the verdict which found the County liable for battery under respondeat superior and dismiss the County from this case.

<u>**CONCLUSION**</u>

For all the foregoing reasons, defendant County of Nassau respectfully requests that the Court grant its motion under Fed. R. Civ. P. 59(e) and issue an order altering or amending the jury verdict rendered November 2, 2023 and dismiss the County from this case, together with all such other and further relief as the Court deems just and proper.

Dated:  Mineola, New York
       April 15, 2024

**THOMAS A. ADAMS**
Nassau County Attorney
Attorney for Defendant
County of Nassau

By: <u>/s/ Ralph J. Reissman</u>
    RALPH J. REISSMAN
    Deputy County Attorney
1 West Street
Mineola, New York 11501
(516) 571-3046
rreissman@nassaucountyny.gov
