**BRUCE A. BLAKEMAN**
**County Executive**

**THOMAS A. ADAMS**
**County Attorney**

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

May 10, 2024

Via ECF
Hon. Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Basile v,. County of Nassau, et al.
20-CV-00576 (EK)(LB)

Your Honor:

The Nassau County Attorney's Office represented defendants Nassau County, Det. Jesse Perkins and Det. Robert Lashinsky in the trial which resulted in the November 2, 2023 jury verdict [DE 76]. The verdict found Nassau County liable for $4.5 million for battery against plaintiff Roger Basile ("plaintiff") under *respondeat superior* but found individual defendants Det. Perkins and Det. Lashinsky (a) not liable for either use of excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 or (b) battery under New York State law.

On April 16, 2024 defendant Nassau County filed an Amended Notice of Motion, Declaration and Memorandum of Law DE 98] in support of its amended motion pursuant to Fed. R. Civ. P. 59(e) for an order altering or amending the verdict dismissing defendant County of Nassau from this action.

Following the court conference on April 16, 2024, the Court issued an order directing Nassau County, and in particular, the undersigned, to provide answers to certain questions. As recommended by the Court, I consulted with an expert in ethics and professional responsibility, Professor Roy Simon, Distigusished Professor Emeritus of Ethics at Hofstra University (retired). Professor Simon is the author of "Regulation of Lawyers: Statutes and Standards."

After I explained the case and verdict to him, Professor Simon answered without hesitation that the County Attorney's Office can no longer represent the two Detectives. Based on Professor Simon's advice, today, May 10, 2024 I wrote a letter attached to an email to each Detective, advising them of the pending motion under Rule 59(e), and that the County Attorney's Office no longer represents them. Again, based on Professor Simon's advice, I recommended to each Detective that they consult with their union representative. If the Detectives choose to retain new legal representation, the County will provide names of law firms which are on the County's approved vendor list. If the Detectives choose to obtain legal representation outside of this vendor list, they are certainly free to do so. In either case, the County will pay for all legal fees arising from any and all ensuing litigation.

Based on the foregoing, the County hereby provides responses to the Court's questions.

QUESTION NO. 1. Which individual defendants is he representing?

RESPONSE: Prior to the jury rendering its verdict, the Detectives were co-defendants with defendant Nassau County. Since the verdict absolved both Detectives of all liability, they are no longer parties to this action. The County's Rule 59(e) amended motion to alter or amend the verdict to dismiss the only remaining defendant, i.e., the County, does not at all involve or implicate the interests of the Detectives, since they are no longer parties to this action. Therefore, nothing in the County's amended motion seeks any form of relief with respect to the Detectives or creates any conflict with their individual interests. As result of the foregoing analysis, the Nassau County Attorney's Office no longer represents either individual defendant in this action

QUESTION NO. 2. If he is no longer representing the individual defendants, when did that representation cease?

RESPONSE: The County's representation of the individual defendants ceased on November 2, 2023 when the jury rendered its verdict absolving each Detective of all liability.

QUESTION NO. 3. Were the individual defendants notified that they are not being represented by lawyers?

RESPONSE: As stated above, today, May 10, 2024 I wrote a letter attached to an email to each Detective advising them of the pending motion under Rule 59(e), and that the County Attorney's Office no longer represents them

QUESTION NO. 4. If defense counsel is asking for some relief that is inconsistent with the individual defendants' interests, will they need to have their own lawyers appointed by Nassau County?

RESPONSE: Since the individual defendants are no longer parties to this action, the County Rule 59(e) amended motion to alter or amend the verdict to dismiss the only remaining defendant, i.e., the County, does not at all involve or implicate the interests of the Detectives. Therefore, the Detectives do not need to have their own lawyers appointed by Nassau County. However, as stated above, if the Detectives choose to retain new legal representation, the County will provide names of law firms which are on the County's approved vendor list. If the Detectives choose to obtain legal representation outside of this vendor list, they are certainly free to do so. In either case, the County will pay for all legal fees arising from any and all ensuing litigation.

QUESTION NO. 5. Defense counsel shall also advise the court whether he intends to file a motion for remittitur.

RESPONSE: Defense counsel does not seek permission to file a motion for remittitur.

As always, defendant Nassau County thanks Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: All counsel of record (via ECF)