```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 ROGER BASILE,

                    Plaintiff,              MEMORANDUM & ORDER
                                            20-CV-576(EK)(CHK)
               -against-

 COUNTY OF NASSAU et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Roger Basile sued two Nassau County police detectives, and the County itself, for assault and battery. In his complaint, Basile alleged that both detectives assaulted him. Later, however, he testified that only one of the detectives — Perkins — committed the assault, and that he knew of no "direct involvement" at all by the other detective (Lashinsky). Following trial, the jury found the County of Nassau liable, and awarded Basile $4.5 million in damages. At the same time, the jury found neither officer liable on either count.

The County now brings this motion to "alter or amend" the jury verdict. The motion is predicated on the assertion that the jury agreed that "neither" detective "committed any unlawful conduct." Br. 12, ECF No. 98-2.[1] Given this supposed

---

[1] Page numbers in citations to record documents other than transcripts and briefs refer to ECF pagination.

agreement, the County argues, the jury could not reasonably have held the County liable.

This argument reads the verdict incorrectly. The jury was well within its remit to conclude that, even if the plaintiff had not proved either individual officer's liability by a preponderance, he still demonstrated that *one of them* committed the assault. That was enough to establish the County's liability. Moreover, the County's motion is procedurally defective. Accordingly, and for the reasons that follow, the County's motion is denied.

## I.  Background

The following recitation is taken from the proceedings leading up to trial and the trial itself. Additional factual and procedural background is set out in the Court's order of October 19, 2023 denying summary judgment. Mem. & Order, ECF No. 67. The below relates only to the County's Rule 59 motion.

In the operative pleading, Roger Basile alleged that in October 2018, he was beaten "by" two Nassau County Detectives in a holding cell in Nassau's Seventh Precinct. Am. Compl. ¶ 7, ECF No. 47. Although Basile named both Perkins and Lashinsky as defendants, he testified at his deposition that Perkins carried out the assault alone. He went on to testify that he was unaware of "any direct involvement" by Lashinsky in the assault. Mem. & Order 1-2. Despite this testimony, the Court denied

2

Lashinsky's motion for summary judgment, on the ground that there was other record evidence on which a jury could hold Lashinsky liable, and that Basile's attorney was free to marshal that evidence for the jury — even in contravention of his own client's testimony.  *See id.* at 7.[2]

At trial, Basile presented two claims: (1) excessive force in violation of his federal constitutional rights (against the individual defendants); and (2) battery under New York law (against the individuals and the County).  Jury Inst. 28, 31, ECF No. 75.[3]  The Court instructed the jury that they could hold the County liable for battery if they were unanimous in their conclusion that *an officer* used excessive force against Basile, even if they were not unanimous as to *which* officer did*.  See id.* at 31-32.  Specifically, the Court instructed:

> If you do not find by a preponderance of the evidence that Detective Lashinsky is liable on Mr. Basile's excessive force claim, or that Detective Perkins is liable on Mr. Basile's excessive force claim, you must consider whether Mr. Basile has demonstrated by a preponderance of the evidence that at least one of them used excessive force.  In that case, you must be unanimous in your determination that *an officer* used excessive force against the plaintiff, even if you are not unanimous as to *which officer* did.  If you make such a finding, you must find Nassau County, alone, liable for battery.

---

[2] Prior to trial, the Court inquired into the propriety of all defendants' being represented by the same counsel from the Nassau County Attorney's Office.  *See* Order dated Sept. 22, 2023.  Defense counsel then filed conflict waivers from Detectives Perkins and Lashinsky.  *See* Ltr. from Ralph J. Reissman dated Oct. 10, 2023, ECF No. 59.

[3] Unlike Section 1983, New York state law provides for *respondeat superior* liability.  *See Eckardt v. City of White Plains*, 930 N.Y.S.2d 22, 25 (App. Div. 2d Dep't 2011).

*Id.* The County does not challenge these instructions in connection with the instant motion.

The jury found neither Perkins nor Lashinsky liable on the Section 1983 or battery claims. Jury Verdict 1-2, ECF No. 76. It did, however, find the County liable for battery. *Id.* at 2. The Clerk of Court entered judgment against the County, and both detectives were dismissed from the case. J. Civil Action, ECF No. 83.[4]

Following the resolution of a new conflict-of-interest issue (which the Court pressed *sua sponte*),[5] the County moved under Federal Rule of Civil Procedure Rule 59(e) "for an order altering or amending the jury verdict . . . and dismissing the County." ECF No. 98. Notwithstanding the County's nomenclature, we construe this motion as seeking alteration of the *judgment* under Rule 59(e).

---

[4] The County has not sought remittitur. Indeed, it explicitly disclaimed its intention to move for that relief. Ltr. from Ralph J. Reissman dated May 10, 2024, at 2, ECF No. 100.

[5] The County's post-trial motion — nominally filed on behalf of all three defendants — once again raised the specter of conflict in the County Attorney's simultaneous representations. If granted, the County's motion would have forced the detectives to face a second trial despite the verdict in their favor. ECF No. 82 at 1; *see Tiffany v. Vill. of Briarcliff Manor*, 216 F.3d 1073, 2000 WL 900206, at *2 n.1 (2d Cir. 2000) (table opinion) ("[I]n bringing his motion for a new trial, defendants' counsel created a conflict of interest because two of his clients — the officers — had been found not liable," while their municipal employer had been found liable). The Court thus directed the County's attorney to explain why he could continue to represent both the municipality and the detectives. ECF No. 93. Subsequently, the County obtained private representation for the two individual defendants and is now pursuing this motion only on its own behalf. *See* Mot. to Amend., ECF No. 98; Notice of Appearance, ECF No. 104.

## II.  Discussion

The County argues that the evidence was insufficient to establish its liability because the jury found "no underlying tort committed by a County employee to hold the County liable under *respondeat superior.*"  Br. 2, ECF No. 98-2 (asserting that "the jury found neither that Perkins nor Lashinsky battered plaintiff.").  Instead, the County describes the jury as having concluded that "some unknown, unnamed, unidentified and undescribed" employee battered Basile.  Reply Br. 6, ECF No. 105.  This argument fails, for the reasons set forth below.

### A.    The Motion is Procedurally Improper

#### 1.    The County May Not Obtain Judgment as a Matter of Law Under Rule 59(e)

Basile is correct that, independent of the merits, the County's motion fails as procedurally improper.  Pl.'s Br. 1, ECF No. 102.  A motion that "draws into question the correctness of the district court judgment" is considered a motion to alter or amend the judgment under Rule 59(e).  *City of Hartford v. Chase*, 942 F.2d 130, 133-34 (2d Cir. 1991).  The Second Circuit has explained that Rule 59(e) "covers a broad range of motions, and that the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment."  *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014).

The Circuit has also cautioned, however, that a party may not "obtain judgment as a matter of law" — as the County seeks to do here — "under Rule 59(e) after failing to comply with the carefully crafted structure and standards of Rules 50 and 51." *Id.* This is because a Rule 50 motion made at the close of the plaintiff's case "inform[s] the opposing party of the challenge to the sufficiency of the evidence and afford[s] a clear opportunity to provide additional evidence." *Id.* And "Rule 51 requires parties to articulate and lodge their objections to jury charges before they are delivered so that the trial court will have an opportunity to cure any defects." *Id.* at 97.

The County asserts that the evidence was insufficient to sustain the verdict against it. Reply Br. 5.[6] It asks the Court "to dismiss the County from this action." *Id.* at 10. Its request is thus "substantively identical to judgment as a matter of law." *ING Glob.*, 757 F.3d at 96 (Rule 59(e) motion improper as defendant "sought to have the jury's verdict on attorney's

---

[6] At times, the County asks the Court to reweigh the evidence, conclude that the verdict was against the weight of the evidence, and enter judgment in its favor. *See, e.g.*, Reply Br. 10. But the Court has no authority to do so under Rule 59(e). The County cannot point to any case in which a court has done so, and such a motion is improper under Rule 59(e). *See Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 n.1 (1st Cir. 1993) ("We have found no authority supporting the proposition that a motion under Rule 59(e) may be used to reevaluate the weight of the evidence after a jury's verdict."). The County cites caselaw regarding motions under Rule 59(a) for a *new trial* — a remedy it is not seeking.

fees set aside and to have judgment entered in its favor on that issue").

But the County did not comply with the requirements of Rules 50 and 51.  Defense counsel moved for "partial judgment as a matter of law" under Rule 50(a) "to dismiss Detective Lashinsky," as "no reasonable jur[or]" could have found him liable.  Tr. 446:7-22.  But counsel made no sufficiency motion as to the County itself.  As to the jury instructions, the County confirmed that it "signed off on everything," without raising any issue as to the Court's *respondeat superior* instruction.  Tr. 539:24-540:1.  Having failed to comply with Rules 50 and 51, it cannot now turn to Rule 59(e) to obtain the relief it requests.

Thus, independent of the merits, the County's Rule 59(e) is denied as procedurally improper.  *See, e.g.*, *Nnebe v. Daus*, No. 06-CV-4991, 2024 WL 4182600, at *3 (S.D.N.Y. Sept. 13, 2024) ("And because Defendants failed to comply with Rule 50 and similarly failed to object to the Court's jury instructions on emotional distress, the Court also denies their motion under Rule 59(e).").[7]

> 2.  The County Failed to Preserve Its
>     Sufficiency Challenge

---

[7] In *ING Global, t*he Second Circuit explained that judgment as a matter of law through Rule 59 would "*perhaps*" be appropriate "in unusually egregious circumstances."  757 F.3d at 97.  Because — as set forth below — the County's motion fails on the merits, this case is not an "unusually egregious" one.

Because the County is "effectively seeking judgment as a matter of law," the Court will "apply the normal Rule 50 standards." *ING Glob.*, 757 F.3d at 97. As noted, though, the County did not preserve its sufficiency argument, as it did not so move at trial. Accordingly, "the standard for granting judgment as a matter of law is elevated." *Id.* Judgment as a matter of law on an unpreserved ground "may not properly be granted . . . unless that action is required in order to prevent manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012). As discussed below, the sufficiency challenge lacks basic merit; it cannot, accordingly, be described as a manifest injustice.

## B.    The Motion Fails on the Merits

Given the substantial nature of the verdict, we write on briefly to explain that the motion would fail on the merits, too, notwithstanding its procedural infirmity.

### 1.    The Jury Verdict Reveals No Inconsistency

The County's effort to upend the verdict is predicated on the notion that the County's liability is inconsistent with the verdict in the two detectives' favor. There is, however, no such inconsistency.

In order to hold either officer liable, the jury was required to conclude that it was "more likely true than not" that the given officer assaulted and battered the plaintiff.

Jury Inst. 12-13 (defining preponderance of the evidence).  If the jury was persuaded that one of the detectives did so, but thought it a literal toss-up as to *which one* did — that is, that there was a fifty percent likelihood as to each detective — then the jury was required to decide against the plaintiff on his claims against both detectives.  *See id.* at 12 ("If you find that the credible evidence on a given issue is evenly divided . . . you must decide that issue against the plaintiff.").

At the same time, the jury instructions permitted the jury to find the County liable in the event of that same toss-up.  *Id.* at 31-32 (instructing jurors that "you must be unanimous in your determination that *an officer* used excessive force against the plaintiff, even if you are not unanimous as to *which officer* did").  The County did not, and does not, contest the validity of the jury instructions.  Reply Br. 6.  Nor could it: a jury is not required to agree on which specific employee committed a tort to hold an employer vicariously liable.

Courts have allowed state-law claims against municipalities even when the plaintiff did not know who the responsible officers were.  "[A] state law claim may proceed on a *respondeat superior* theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified."  *Alli v. Steward-Bowden*, No. 11-CV-4952, 2013 WL 5229995, at *2 (S.D.N.Y. 2013) (applying New York law); *see*

9

*also Universal Calvary Church v. City of New York*, No. 96-CV-4606, 2000 WL 1538019, at *23 (S.D.N.Y. Oct. 17, 2000) (permitting state-law claims against unidentified police officers and New York City and explaining that "officers on the scene were the authorized agents of the City of New York").  So too when the plaintiff may have been mistaken regarding the responsible officer.  *Hurt v. City of New York*, No. 15-CV-7612, 2019 WL 5781990, at *7 (S.D.N.Y. Nov. 6, 2019) ("The jury reasonably could have believed that [plaintiff] was testifying truthfully and accurately concerning the events but was simply mistaken as to the identity of the officer.").

Indeed, the Second Circuit has held that municipalities may be liable under New York state law even after a jury found its employee not liable.  In *Ferreira v. City of Binghamton*, the Second Circuit upheld a jury verdict that an individual officer was not personally liable for negligent planning of a raid, but that the City of Binghamton was, because of the "negligent planning on the part of other police employees."  975 F.3d 255, 277-78 (2d Cir. 2020).  In a similar vein, under New York law, individual municipal employees are not necessary parties to a suit to impose liability on their municipal employer via *respondeat superior*.  *Rock v. Cnty. of Suffolk*, 623 N.Y.S.2d 9, 10 (App. Div. 2d Dep't 1995).

10

The cases the County cites, Br. 11-16, are inapposite. They stand merely for the well-established principle that a plaintiff's failure to make out a state-law tort against *any* employee should result in the dismissal of the municipality (or employer) from the action.  None of these cases hold that a jury must decide *which* employee committed the underlying tort specified in the plaintiff's pleading.  For example, in *Lawton v. Alitalia-Linee Aeree Italiane-Societa*, the court dismissed battery and negligence claims because there was no evidence that the tortfeasor was an employee of the defendant at all — irrespective of whether he could be identified by name.  *See* No. 95-CV-4472, 1999 WL 632846, at *6 (S.D.N.Y. Aug. 18, 1999).  At the same time, the court stated explicitly that the claim would not have been dismissed if there had been evidence that "any employee" of the defendant had been responsible.  *Id*.  Here, the jury found that a "Nassau County officer or detective" battered Basile — in accord with *Lawton's* requirement that the defendant's employee be linked to the claim.  *See id.*; Jury Verdict at 2.

Thus, the County's argument as to the verdict's consistency fails.

2.   Sufficiency of the Evidence

Beyond the question of any inconsistency, the County is simply incorrect in its contention that "there was absolutely

no evidence" to support the finding that any employees battered Basile.  Br. 2.  The evidence on that score was more than sufficient to support such a verdict.

Judgment as a matter of law is appropriate only if the court concludes "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party on that issue."  *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).  In assessing evidentiary sufficiency, "courts are required to consider the evidence in the light most favorable to the party against whom the motion was made."  *ING Glob.*, 757 F.3d at 97.  The Court must "give that party the benefit of all reasonable inferences that the jury might have drawn in its favor from the evidence."  *Id.*  And it may not "assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury."  *Id.*

The record contains sufficient evidence from which the jury could find the County liable.  First, the testimony established that Basile was uninjured before he entered the Seventh Precinct squad room.  Tr. 67-69 (Basile); *id.* at 319-320 (Garibotto); *id.* at 320, 360-361 (Minervini).  Upon entering the precinct after his arrest, Basile waited in a downstairs holding cell for an extended period.  *Id.* at 67:6-7 (Basile).  No injury

12

befell him during this time.  Rather, he testified, the officers there were "very respectful."  *Id.* at 68:4-5, 69:8-9.

Two officers then walked Basile upstairs to the "detective's area."  *Id.* at 69:12-14.  Basile testified that officers put him in a holding cell there*, id.* at 74:9-15, and left the room with the door open.  *Id.* at 75:21-23.  Basile was alone for approximately ten to fifteen minutes.  *Id.*  Two officers — Garibotto and Daniel Minervini — testified that Basile was not injured at this time, and was calm.  *Id.* at 319:13-19,320:9-17(Garibotto); 360:19-20,361:21-23 (Minervini).

And the testimony was sufficient to establish that Basile's injuries occurred in this upstairs detective squad room.  Basile testified that "someone walked into the room, closed the door, and introduced themself.  I — I don't remember. He definitely introduced himself as a detective."  *Id.* at 76:14-17 (Basile).  After some questioning, that detective stepped out of the holding cell and into the hallway, where he "asked everyone to get out of the office" (that is, the squad room). *Id.* at 78:19-20.  The officers in the vicinity complied.  *Id.* at 78:24.

Officer Minervini corroborated this testimony.  He stated that he and one other officer were in the upstairs room with Basile and Lashinsky.  *Id.* at 364:20-365:12 (Minervini). Lashinsky asked the officers to exit the room, leaving Basile

13

and Lashinsky alone with the door closed.  *Id.*  Basile testified as to what happened after the door closed: the detective "headbutted me," "smacked me on my left side of my face," and then, "he hits me on the right side of my face with his left hand . . . it was a fist . . . .  I don't remember anything after that."  *Id.* at 79:1-3, 80:2-19 (Basile).

Basile went on to state that when revived, he "remember[ed] tasting blood in my mouth.  I spit it on the floor."  *Id.* at 81:17-20.  Emergency medical personnel were called to the upstairs squad room and determined that Basile required transfer to a hospital.  *Id.* at 84:22-23.  Once at the hospital, medical professionals diagnosed Basile with a concussion and bleeding in his left eye.  *Id.* at 86:14-17.

Lashinsky himself acknowledged that Basile was injured in the upstairs squad room, even if he disputed the testimony about the assault.  *Id.* at 183:15-184:12 (Lashinsky) ("Q: Now, you stated on direct that you saw Mr. Basile banging his head against the concrete wall; is that correct?  A: The first time I was in the cell.  Yes.").  Deputy Inspector Arthur Rothenberg, the Seventh Precinct's commanding officer, testified that Lashinsky emerged from the cell and announced, "I didn't hit him" — an acknowledgment (of sorts) that Basile's appearance may have suggested otherwise.  *Id.* at 305:5-10 (Rothenberg).

14

Several officers testified that Basile complained immediately about the assault.  Rothenberg testified that Basile "yell[ed] that Detective Lashinsky had hit him, headbutted him, slapped him," and noted that he saw blood on Basile.  *Id.* at 306:21-25 (Rothenberg).  (Rothenberg later clarified that he "d[id] not believe [Basile] used Detective Lashinsky's name." *Id.* at 315:2-6.)  Garibotto recalled Basile's statement "that he was struck by the detective."  *Id.* at 328:10-12 (Garibotto). Detective Sergeant Semyon Shnayderman testified that when he walked into the cell room, "Mr. Basile was sitting there and he said, 'he [the detective] hit me.'"  *Id.* at 471:6-9 (Shnayderman).[8]

The medical testimony, too, was consistent with assault.  Plaintiff's neurologist, Dr. Mehrdad Golzad, testified that Basile had suffered a concussion, was experiencing residual post-concussion syndrome, and that his injuries were "caused by a traumatic injury like a blow to the head."  *Id.* at 274:3-4 (Golzad); *id.* at 276:19-24.  Specifically, Dr. Golzad opined that the strikes Basile received on both sides of his head had caused his injuries.  *Id.* at 277:1-6.

The jury could also have comfortably rejected the defense theory of the case — that Basile's injuries were self-

---

[8] Shnayderman also stated on redirect that he told Basile "'You know, we don't hit people.  He didn't hit you.' And then [Basile] said something along the lines [of], 'You're right. I want to go to the hospital.'"  Tr. 511:9-11.

inflicted.[9]  Lashinsky claimed that Basile "flail[ed] his arms. And then he struck his head on the wall."  *Id.* at 163:18-19 (Lashinsky).  On cross-examination, however, Lashinsky acknowledged that he had not included this information in his report to the Internal Affairs department — raising it only later.  *Id.* at 181:24-182:6.

Because sufficient evidence supported the jury's verdict, the County's request for judgment as a matter of law is denied.

### III. Conclusion

For the foregoing reasons, the motion to alter or amend the judgment pursuant to Rule 59(e) is denied.  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge

Dated:    March 30, 2026
          Brooklyn, New York

---

[9] Defense counsel advanced this theory throughout trial.  For example, the defense suggested that Basile's statement to Officer Garibotto, "'If I had known I could get this kind of [good] treatment [at the hospital], I would have thrown myself on the floor when you pulled me over'" indicated that Basile was faking when he fainted in the upstairs squad room.  Tr. 144:23-145:1 (Basile).  Basile explained that the statement was sarcastic. *Id.* at 145:2-4.